JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945
E-mail jcd@greyhawklaw.com

Attorney for Defendant – Pavel "Paul" Babichenko

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  CR 2018 258 S EJL |
| ) | |
| vs. ) | APPEAL OF ORDER OF |
| ) | DETENTION |
| PAVEL BABICHENKO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW, Pavel "Paul" Babichenko appeals Judge Ronald E. Bush's August 31, 2018 Order of Detention Pending Trial.  The appeal is made pursuant to 18 U.S.C. § 3145(c).  The Honorable United States Magistrate Judge Bush reasoned that no condition or combination of conditions of release could reasonably assure Mr. Babichenko's (Paul) appearance as required.  The defense argues the court's exercise of discretion under the preponderance of evidence standard should be reexamined.

Further, the defense believes there is additional evidence the court must consider regarding the alleged strength of the evidence and his ties outside the country.  The court based its decision on multiple factors including: 1) extensive transfers of money, controlled by Paul and others, from the United States to Brazil; 2) Paul's residency status

**APPEAL FROM DETENTION ORDER**

1

in Brazil and his alleged attempt to become a citizen; 3) Paul's travel to Brazil repeatedly over a course of years, and; 4) his knowledge of the nature of the counterfeit goods, as well as his alleged possession and participation in sales of the same.

### A. Standard of Review and Statutory Presumption

This Court has *de novo* review of the judge's decision to detain the Defendant pending trial. *United States v. Koening*, 912 F.2d 1190, 1191 (9th Cir. 1990). The statutory presumption here favors Paul's release.

### B. Background

Paul's case presents a unique situation. He has no criminal history. As discussed at his initial detention hearing, Pretrial Services recommended release. This is a multi-defendant case and only two (2) defendants have been held in custody. All others are on pre-trial release.

The judge ordered Paul detained because he could not find a condition or set of conditions that would guarantee his appearance in court. His additional findings addressed the strong weight of the evidence, the possibility of a lengthy period of incarceration if convicted, and Paul's significant ties outside the United States. In short the court deemed him a flight risk.

The Pretrial Services Report contradicts the court's finding. The pretrial interviewer's recommendations suggested conditions for release. There was ample evidence of his strong ties to the community. Ultimately, the court exercised its discretion and denied release. The defense believes this decision was unreasonable.

### C. Argument

The Bail Reform Act guarantees a person's release on a pending charge, unless the government can prove he is a flight risk or a danger to the community. 18 U.S.C. § 3142. The government conceded at the hearing there was no danger to the community. Although in certain circumstances a presumption exists for detention, the Bail Reform Act does not shift the presumption of release in this case.

The court reasoned Paul was a flight risk based on the preponderance of the evidence standard. The court did not address why conditions, such as forfeiture of a passport and an electronic ankle monitor, would not meet the requirements of least restrictive confinement assuring appearance. 18 U.S.C. § 3142(c). The defense argues the analysis on the issue of release is incomplete. The court disregarded the Ninth Circuit's caution that "weight of the evidence is the least important of the various factors." Paul requests this Court hold a prompt hearing and reconsider his release with reasonable conditions.

### D. Conclusion

Paul argues the Court should "bear in mind that the federal law has judicially provided a person arrested for a non-capital offense shall be admitted to bail. Only in rare circumstances shall release be denied." *Id.* at 1403.

DATED This 7th day of September, 2018.

                                /s/
                             John C. DeFranco
                             Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of September, 2018, I filed the foregoing sealed document electronically through the CM/ECF system.

Christian Samuel Nafzger
U.S. Attorney's Office
800 East Park Blvd., Suite 600
Boise, ID  83712
Christian.nafzger@usdoj.gov

Katherine L. Horwitz
U.S. Attorney's Office
800 Park Blvd., Suite 600
Boise, ID  83712
Kate.horwitz@usdoj.gov

                                                                                                      _____/s/_____
                                                                                                      John Charles DeFranco