UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                Plaintiff,<br><br>  v.<br><br>PAVEL BABICHENKO,<br>*also known as*<br>PAUL BABICHENKO,<br><br><br><br>                Defendant. | Case No. 1:18-cr-00258-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court in the above-entitled matter is the Defendant's appeal from the Court's August 31, 2018 Detention Order (Dkt. 97) issued by Chief United States Magistrate Judge Ronald E. Bush. (Dkt. 99.) The Court has reviewed the record in this case including but not limited to: (1) the parties' briefs; (2) the transcript of the August 31, 2018 detention hearing before Judge Bush (Dkt. 115); (3) the August 31, 2018 Order of Detention Pending Trial; and (4) the pre-trial services report prepared by the United States Probation Office. In addition, the undersigned held a hearing on September 20, 2018 in which the Government and Defendant added to their proffers and made additional arguments. (Dkt. 123). As explained more fully below and following a *de novo* review of the record before Judge Bush and as supplemented at the September 20, 2018 hearing, the Court affirms Judge Bush's Order of Detention (Dkt. 97).

ORDER- 1

## FACTUAL AND PROCEDURAL HISTORY

On August 15, 2018, the grand jury returned a thirty-four count Indictment charging ten different Defendants, including Pavel Babichenko, with a range of crimes alleged to constitute a counterfeit trafficking conspiracy. (Dkt. 1.) Pavel Babichenko is charged with six counts including: (1) conspiracy to commit wire fraud; (2) conspiracy to traffic in counterfeit goods; (3)-(5) three counts of trafficking in counterfeit goods; and (6) conspiracy to launder money. (*Id.*)

On August 23, 2018, the Government filed a Motion for Detention and Pavel Babichenko was arraigned on the charges against him. (Dkts. 26.) In addition, Judge Bush set the matter for a detention hearing. (Dkts. 54, 87.)

On August 28, 2018, the United States Probation Office issued a pretrial service report and on August 31, 2018, Judge Bush held a detention hearing. (Dkts. 96, 117.) At that hearing, the Court heard from defense witness, Ryan Wilson; admitted certain evidence in the record, Exhibits 1-4; and heard both proffer and argument from counsel. (*Id.*) Ultimately, Judge Bush issued the Order of Detention Pending Trial (Dkt. 97) that is the subject of this appeal.

Judge Bush considered the factors set forth in 18 U.S.C. § 3142(g) in light of the information presented at the detention hearing and concluded the Defendant must be detained pending trial because the Government proved by a preponderance of the evidence that no condition or set of conditions of release would reasonably assure the defendant's appearance as required. (Dkt. 97, p. 2.) The reasons Judge Bush cited in favor of detention

included: (1) the weight of the evidence against the defendant is strong; (2) he would be subject to a lengthy period of incarceration if convicted; and (3) he has significant family or other ties outside the United States. (*Id.* at pp. 2-3.) In addition, Judge Bush made the following findings in support of detention:

- Extensive transfers of significant sums of money from the United States to Brazil, to entities alleged to be controlled by Defendant and Co-Defendants.

- Defendant has legal resident status in Brazil and the Government proffers that he has stated that he is seeking to obtain Brazilian citizenship.

- Repeated travel to Brazil, over a period of many years.

- Government's proffer that Defendant was directly involved in sale of bulk counterfeit goods, with Defendant openly making statements describing the goods as counterfeit.

-  The large volume of alleged counterfeit goods in Defendant's alleged possession or control.

(*Id.* at p. 3.)

On September 7, 2018, Defendant filed the instant appeal from the detention order. (Dkt. 99.) On September 20, 2018, the Court held a hearing on the appeal. (Dkts. 106, 123.) The Government added the following to its proffer:

- Defendant made substantial wire transfers to Bill Fish, a known counterfeit trafficker criminally prosecuted in the United States and known to Homeland Security Investigations ("HSI").

- Checks from a Philippines bank account signed by the Defendant (marked and admitted as Exhibit 5).

In addition, Defendant, through counsel, proffered the following to the Court:

ORDER- 3

- He has residence cards from Brazil as well as a passport that he is prepared to surrender to the United States Probation Office "as a show of goodwill that the means of legitimate travel between the United States and Brazil would not take place without proper documentation."

- He has an email from a Brazilian attorney named Cyro regarding the Brazilian investment, which provides for low-income housing in Brazil and requires regular travel to Brazil in order to manage the project.

- Approximately $1.4 million was channeled to that Brazilian investment between 2012 and 2018 and that investment has value.

- Defendant has relatively little equity in his homestead in Idaho because of a substantial construction loan, but he also owns two other investment properties in the Treasure Valley.

**STANDARD OF REVIEW**

The Defendant's Motion is brought pursuant to 18 U.S.C. § 3145(c), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." An appeal from a detention order, "is governed by the provisions of section 1291 of title 28 and section 3731 of this title." 18 U.S.C. §3145(c). Further, "[t]he appeal shall be determined promptly." *Id.*

In reviewing the Magistrate Judge's decision, the district court does not exercise its appellate jurisdiction. *United States v. Keonig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Rather, the district court reviews the matter *de novo* and without deference to the Magistrate Judge's findings. This is because the district court, "unlike a court of appeals, is equipped to explore and redetermine factual issues if that proves necessary." *Id.*

ORDER- 4

In exercising *de novo* review of the Magistrate Judge's Release Order, "the district court is not required to start over in every case . . . and proceed as if the magistrate's decision and findings do not exist." *Id.* at 1193. The district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Further, the Court may conduct an additional evidentiary hearing. *Id.* "The point is that the district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate. . . [and] the ultimate determination of the propriety of detention is also to be decided without deference to the magistrate's ultimate conclusion." *Id.*

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142, which requires the release of a person pending trial unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community...." 18 U.S.C. § 3142(e)(1).[1] The statutory presumption is generally in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir.

---

[1] Subsection (e) states in full: "If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e).

ORDER- 5

2008). However, if the Court determines that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of the any other person or the community, then the Court must order the pretrial release upon certain conditions, including: the condition that the person will not commit a federal, state, or local crime during the period of release; will cooperate in the collection of a DNA sample; and "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of the any other person or the community." 18 U.S.C. § 3142(c)(1).

In this case, the Government filed a Motion for Detention pursuant to 18 U.S.C. § 3142(f)(1) based on Defendant's alleged flight risk. (Dkt. 26.) Accordingly, the Court must engage in a two-step procedure: (1) the Court must make a finding as to whether the defendant presents a serious flight risk if not detained; and, if so, (2) whether any set of conditions would sufficiently abate that risk considering the factors outlined in § 3142(g). These factors are: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug and alcohol abuse; and (4) the nature and seriousness of danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

ORDER- 6

At the detention hearing, the Court takes into account all available information concerning the factors set forth in § 3142(g). Further, the presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

The Court has examined the factors set forth in § 3142(g) in light of the parties' proffered evidence and argument and finds that the Government has met its burden and has shown by a preponderance of the evidence that: (1) Defendant presents a serious flight risk if not detained and (2) no set of conditions would sufficiently abate that risk considering the factors outlined in § 3142(g). In this regard, the Court has reviewed the record before Judge Bush without deference and independently determines that Judge Bush's findings are correct.

In addition, the Court notes first the nature and circumstances of the offense charged include that Defendant: (1) operated a long-term, sophisticated and extensive international counterfeiting enterprise; (2) created hundreds of business entities in which to conduct that business; and (3) sold goods online to thousands of customers. Further, if convicted, Defendant faces a lengthy prison term, millions of dollars in fines, and substantial forfeiture allegations. *See United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (consideration of possible punishment as an incentive for defendant's flight an appropriate consideration in Court's detention analysis).

ORDER- 7

Second, the Court agrees with Judge Bush's assessment that the weight of the evidence against Defendant is strong. While this is the least important factor for the Court to consider, it is an additional factor weighing in favor of detention.

Third, the Court finds the characteristics of the Defendant on balance further support detention. While Defendant has strong ties to the local community, he also has a powerful incentive as well as the apparent means and international connections to flee regardless of whatever conditions the Court may impose- including eliminating legitimate means of travel by ordering the surrender of Defendant's visa and passport and ordering location monitoring. Given Defendant's ties to the international community- including Brazil as well as Hong Kong, China, and the Philippines; Defendant's connection to the international transportation of counterfeit goods; the sophisticated nature of the conspiracy alleged; the substantial amounts of capital involved; the apparent willingness to conceal business entities, assets, and bank accounts; and the brazen nature of the illegal conduct alleged, the Court finds it is more likely than not that the Defendant poses a flight risk no matter the conditions imposed.

## CONCLUSION

Having conducted a *de novo* review of the record in this matter, considered the parties' arguments at the September 20, 2018 hearing, and the parties' briefs on appeal from Judge Bush's detention order, the Court finds that detention is appropriate in this case. The Government has established by a preponderance of the evidence that Defendant

presents a serious flight risk if not detained and no set of conditions would sufficiently abate that risk.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Appeal of Order of Detention (Dkt. 99) is DENIED.

DATED: September 25, 2018

Edward J. Lodge
United States District Judge