UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>    Defendants. | Case No. 1:18-cr-00258-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it the Government's Unopposed[1] Motion for Complex Case Designation Pursuant to 18 U.S.C. § 3161(h)(7)(ii)[2] and Trial Continuance (hereinafter, "Motion"). Dkt. 134. United States District Court Judge Lodge granted the

---

[1] For reasons that will be discussed shortly, labeling the motion as unopposed is a misnomer.

[2] There is a typographical error in the U.S. Code section referenced by the Government. The actual section at issue here is 18 U.S.C. § 3161(h)(7)(B)(ii).

Government's request for a ninety day continuance, but did not rule on the Government's request to (1) designate the case as complex pursuant to § 3161(h)(7)(B)(ii) and (2) continue the trial to October 2019.

The Court now takes up the Government's requests to (1) designate this case as complex pursuant to § 3161(h)(7)(B)(ii) and (2) continue the trial to October 2019. For the reasons set forth herein, the Court will GRANT the Government's request to designate the case as complex. However, it will DENY the Government's request to continue the trial to October 2019. A trial in this case is hereby set to begin on June 3, 2019 at 9:00 AM MST in the Federal Courthouse in Boise, Idaho.

## BACKGROUND

This case involves ten defendants, each of whom have been charged with multiple counts. Prior to filing its motion, the Government met and conferred with counsel for nine of the ten defendants to discuss designating the case as complex. According to the Government, defense counsel for nine of the ten defendants collectively represented that the Defendants agreed to (1) designate the case as complex and (2) agree to a one-year continuance. Dkt. 151 at 2. The Government subsequently filed its unopposed Motion on October 22, 2018. Dkt. 134.

The "agreement" between the Government and Defense Counsel for nine of the ten defendants quickly fell apart. Defendant Gennady Babitchenko was the first to oppose the Government's request (Dkt. 135): he was quickly joined by eight of the other

defendants (Dkts. 137, 138, 139, 140, 141, 143, 147, 148). All told, nine of the ten Defendants in the case oppose the Government's Motion.

## LEGAL STANDARD

Pursuant to the Speedy Trial Act, a criminal trial must normally commence within seventy days of the filing of the indictment, information, or appearance of a defendant. 18 U.S.C. § 3161(c)(1). However, there are certain circumstances under which a Court may exclude time from the seventy-day clock. 18 U.S.C. § 3161(h)(7)(B)(ii) allows the Court to order excludable time where:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.[3]

The United States Court of Appeals for the Ninth Circuit has framed the inquiry as whether "the complexity of the case, involving … [multiple] codefendants and multiple overt acts …, outweigh[s] the interests of individual defendants and that the continuance served 'the ends of justice.'" *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (citation omitted). In *Butz*, the Ninth Circuit concluded that designating the case as complex was appropriate because it involved: (1) nine defendants, (2) a twenty-nine count indictment, (3) conduct in multiple states, (4) voluminous discovery in the form of

---

[3] In order to find that excludable time exists, the Court must "set[] forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

hundreds of hours of wiretap evidence, and (5) witnesses from inside and outside the state in which the charges were brought.  *Id.*

## ANALYSIS

### 1. Application of the Factors Identified in *Butz*

On the record before it, the Court concludes that this case is sufficiently complex that "the ends of justice served by [designating the case as complex and] … granting … [a] continuance outweigh the best interests of the public and the defendant[s] in a speedy trial." § 3161(h)(7)(A).  Each factor identified in *Butz* is present here.  This case involves ten defendants and a thirty-four-count indictment related to a conspiracy that allegedly spanned a decade.  Dkt. 151 at 4.  From its base in the Treasure Valley, the conspiracy allegedly sourced the counterfeit products from as far away as China and Hong Kong.  *Id.*  The counterfeit products were subsequently distributed throughout the United States with the illicit profits subsequently being laundered to accounts in Brazil.  *Id* at 5.

With respect to discovery, terabytes of electronic data from multiple Government agencies including the FBI, United States Department of Homeland Security, and the United States Patent and Trademark Office will need to be reviewed by both the Government and the Defendants.  *Id.* at 8.  In addition to the e-discovery in the case, tens-of-thousands of counterfeit goods and other physical pieces of evidence were seized during the law enforcement raids.  *Id* at 7.  Much of that material has been shipped to a United States Customs and Border Protection facility in Riverside, California for storage purposes.  *Id.*

### 2. Additional Factors Weighing in Favor Complex Designation

In addition to the issues raise above, the complexity of this case will be increased by the presence of potentially complex legal issues related to trademark-infringement issues. *Id.* at 5-6. Adding to this burden is the high likelihood that there will be substantial motions practice prior to any trial.

Finally, the Government represents that it is aware of international evidence in this case. The Court will take the Government at its word. This makes sense given that the conspiracy allegedly involved international sourcing of counterfeit goods. Though the Court finds the Government's citation of *United States v. Murillo*, 288 F.3d 1126 (9th Cir. 2002) to be a stretch given that *Murillo* dealt with delays associated with navigating the United States Department of Justice's procedures for seeking the death penalty rather than the DOJ's procedures for obtaining international evidence, the Court ultimately agrees that the international nature of this case adds to its complexity.

### 3. The Defendant's Objections

Although nine of ten defendants have objected to designating this case as complex, their papers are all silent with respect to the basis for their objections. Dkts. 135, 137, 138, 139, 140, 141, 143, 147, 148. Given the obvious complexity of this case, the Court suspects that their silence was due to the fact that there was little that could be said.

### 4. The Government's Request to Continue the Trial to October 2019

The Court agrees with the Government that this case is complex. Nevertheless, just because a case is complex does not mean that the Defendant's lose their right to confront their accusers in a timely fashion. Both the Sixth Amendment, and its corollary, the Speedy Trial Act, both contain this command. As such, the Court will set the trial date in this case for June 3, 2019 at 9:00 AM MST in the Federal Courthouse in Boise, Idaho.

## ORDER

In light of the foregoing, the Court hereby ORDERS:

i. the Government's Unopposed Motion for Complex Case Designation Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and Trial Continuance is **GRANTED** with respect to designating this case as complex;

ii. the period of time from January 20, 2019 through June 2, 2019 is **EXCLUDABLE TIME** under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii);

iii. the Government's Unopposed Motion for Complex Case Designation Pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and Trial Continuance is **DENIED** with respect to the Government's request for a trial date in October 2019; and

iv. the trial in this case is set to begin on June 3, 2019 at 9:00 AM MST in the Federal Courthouse in Boise, Idaho.

DATED: November 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge