UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO, et al.<br><br>    Defendants. | Case No.: 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTIONS FOR OUT OF STATE TRAVEL (DKTS. 270, 271)** |

Pending before the Court are motions for permission to travel outside of existing travel restrictions filed by Defendants Piotr and Timofey Babichenko (Dkts. 270 and 271), in which each seeks to modify the conditions of his pretrial release.

## BACKGROUND

Each Defendant was released prior to trial upon conditions. The conditions include a limitation upon travel. Timofey's travel was initially restricted to Ada County, in the District of Idaho, unless pre-approved by the supervising pretrial services officer. (Dkt. 91). He later requested, and the Court granted, his motion to allow travel to and from a construction site in Canyon County, Idaho. (Dkts. 142, 144.) Piotr's travel is restricted to Ada and Canyon counties, and travel from Ada County to and return from Valley County, all within the District of Idaho. (Dkts. 92, 197). Additionally, Piotr previously requested removal of the location monitoring requirement of his pretrial release conditions. The Court denied that motion. (Dkts. 173, 197.)

Defendants represent to the Court, through their counsel, that they are involved with a business which manufactures cell phone cases, under the name "Sahara Case." They ask for

**MDO RE: DEFENDANTS' MOTION FOR OUT OF STATE TRAVEL – 1**

permission to travel from Idaho to Chicago, Illinois to attend a trade show, at which they will promote their business to other people who are attending the trade show. (See, generally, Dkts. 270 and 271, and related exhibits.) The trade show begins on July 22, 2019 and runs for several days. The motions were filed on July 15, 2019. Defendants contend that an urgency exists because a deposit was made a year ago to participate in a 2018 trade show (of the name "Consumer Technology EPPS"), which they did not attend because of the filing of the charges against them in this case. They were able to have the sponsor of the show carry over their deposit until this year, but they contend that they are now at risk of losing that deposit and the opportunity to promote their business if they cannot attend this year's trade show.

The Government opposes the motions, continues to strenuously argue that the Defendants are flight risks, and implies that the proposed trip may be a ruse for a plan to flee the jurisdiction. (Dkt. 275.)

## DISCUSSION

The Court has previously assessed the flight and danger risks of each of the two defendants and imposed conditions of release intended to reasonably assure their appearance at future proceedings and protect the community. In the meantime, the large, multi-defendant, criminal case in which they are involved has unfolded in multiple directions, with a behemoth amount of data and other discovery involved, the filing of a supplemental indictment, and the filing of a myriad of motions from the Government or one or more of the defendants.

In sorting through the record from when the Court made its initial decisions as to release on conditions for both Timofey and Piotr, and then considering the additional relevant information as has developed from the filings of various motions to amend conditions of release and the Government's responses to such motions (to include in each instance the written filings

**MDO RE: DEFENDANTS' MOTION FOR OUT OF STATE TRAVEL – 2**

and the hearings upon such motions), the Court does have additional concerns about the risk of flight represented by both Timofey and Piotr. However, the Court is persuaded that with the requirement that each defendant continue to comply with the previously imposed conditions of release (to include location monitoring, and the written waiver of extradition which was a condition of release – see Docket 91 and 92, subparagraph (x)), then there are in place conditions which (with additional conditions specific to this proposed travel) will reasonably assure the purpose and nature of such release under provisions of federal law. *See*, 18 U.S.C. § 3142.

Given the particular circumstances of this travel and its purpose, and the obvious reasons that the pretrial services officer may want to confirm both the legitimacy of the reason for the proposed travel and the actual travel and participation of the Defendants in the conference and any related activities, the Court will grant to the pretrial services officer the authority to require additional measures, in his discretion, as conditions upon such travel.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant Piotr Babichenko's Motion for Authorization to Travel Outside District (Dkt. 270) and Defendant Timofey Babichenko's Motion for Out of State Travel (Dkt. 271) are granted. The pretrial services officer is given the authority to require additional measures, in his discretion, as conditions upon such travel to include, but not be limited to, details as to time, place, and manner of travel and activities.

DATED: July 19, 2019



Ronald E. Bush
Chief U.S. Magistrate Judge

**MDO RE: DEFENDANTS' MOTION FOR OUT OF STATE TRAVEL – 3**