JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945
E-mail jcd@greyhawklaw.com

Attorney for Defendant – Pavel "Paul" Babichenko

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>          Defendants. | CASE NO. CR-18-00258-BLW<br><br>MEMORANDUM IN SUPPORT OF MOTION TO RETURN PROPERTY |

I.  Statement of The Facts

Two motor vehicles belonging to Pavel "Paul" Babichenko were seized in this

case. The seized vehicles were a 2016 Lexus LX570 (Vin # JTJHY7AX2G4189699) and

a 2012 Jeep Wrangler Rubicon (Vin # 1C4BJWFG9CL221841).[1]  These are family vehicles used to commute to work, run errands and transport children to school.  A Notice Of Seizure Of Property And Initiation Of Administrative Forfeiture Proceedings was sent to Paul by certified mail on October 19, 2018.  (Exhibit "A")   Paul filed both a responsive Claim Form (Exhibit "B") and a Request For Hardship (Exhibit "C") on November 19, 2018.  The Federal Bureau of Investigation acknowledged receipt of his materials on December 18, 2018.  (Exhibit "D").  Paul reports he has been making regular payments on the seized vehicles.

II.    ARGUMENT

A.  Aggrieved Party

Paul asks the vehicles be ordered returned.  He has been aggrieved by the deprivation of the use and enjoyment of his property.  He seeks the immediate return of the property.

" A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion.  " When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property."  United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir. 1987) cited by United States v. Gladding, 775 F.3d 1149 (9th Cir. 2014).

---

[1] See Dkt. # 210, Page 22 and 23, Criminal Forfeiture Allegations of Superseding Indictment

Memorandum In Support of Motion To Return Property                                          2

Paul has been indicted.  He has neither pleaded guilty nor had the case tried before a jury.  He believes the theory behind the Government's seizure of his property is that proceeds from an alleged criminal enterprise were used to make payments on the vehicles.  There is probably no way answer the question of the legality of the seizures absent a trial.  Regardless, Paul wants the property back.  He will likely revisit this question in the future if he is unable to obtain relief in the present.

The burden of proof changes when " the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." Id.  Then, the burden of proof shifts and the defendant " is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." Id.; see also United States v. Kriesel, 720 F.3d 1137, 1144 (9th Cir. 2013) (explaining that a " defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).  Id. see Gladding at 1153.

II.  Hardship

Paul argues the property should be returned due to hardship.  Congress enacted 18 U.S.C. §983(f) as part of the Civil Asset Forfeiture Reform Act (CAFRA) of 2000, Pub.L. No. 106-185, § 2, 114 Stat. 202, 208-09 (2000).  The purpose was to provide a mechanism for the release of property during the pendency of a civil forfeiture proceeding.  A petitioner may seek the return of property in certain circumstances in which the Government's continued possession would create a substantial hardship on persons claiming an interest in the property.

18 U.S.C. 983(f) provides: (1) A claimant under subsection (a) is entitled to immediate release of seized property if (A) the claimant has a possessory interest in the property; (B) the claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial; (C) the continued possession by the Government pending the final disposition of forfeiture proceedings will cause substantial hardship to the claimant, such as preventing the functioning of a business, preventing an individual from working, or leaving an individual homeless; (D) the claimant's likely hardship from the continued possession by the Government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding; and (E) none of the conditions set forth in paragraph (8) applies. ..... (8) This subsection shall not apply if the seized property-- (A) is contraband, currency, or other monetary instrument, or electronic funds unless such currency or other monetary instrument or electronic funds constitutes the assets of a legitimate business which has been seized; (B) is to be used as evidence of a violation of the law; (C) by reason of design or other characteristic, is particularly suited for use in illegal activities; or (D) is likely to be used to commit additional criminal acts if returned to the claimant.

Paul has a possessory interest in the vehicles.  He makes auto loan payments.  Paul lives in Boise.  He is married with children.  His children are enrolled in local schools.  His children are transported to school by the parents.  He has a home and significant extended family in the area.  A lack of use of these vehicles has made it difficult to operate his business, a cell phone case company.  There is no risk the property will be destroyed.  The property is tangible not currency.  It was not evidence of a crime.

Lastly, it is unlikely these vehicles will be used for any criminal activity. Paul asks the property be ordered returned immediately.

Respectfully submitted this 4th day of November 2019.

_____/s/_____
John C. DeFranco

CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing document was served on all parties named below on this 4th day of November, 2019.

Kate Horowitz, Assistant United States Attorney   __x_ CM/ECF Filing
Office of the United States Attorney
Washington Group Plaza, IV
800 Park Blvd, Suite 600
Boise, ID 83712

_____/s/_____
Megan Lentz