UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

Before the Court is Defendant Gennady Babichenko's Motion to Suppress

his statements made during a post-arrest interview. Dkt. 442. The motion is fully

briefed and ripe for the Court's determination. After careful review of the briefing,

the Court finds there is no significant disputed factual issue relevant to resolution

of the motion. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986); *see*

**MEMORANDUM DECISION AND ORDER - 1**

*also United States v. Howell*, 231 F.3d 615, 620–21 (9th Cir. 2000). Therefore, oral argument is unnecessary, and the Court will decide the motion on the briefs. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Gennady Babichenko was sleeping in his home on the morning of August 22, 2018, when he was awakened by the sound of car doors closing outside. When he answered knocking at his door, he was met by numerous law enforcement officers. After his house was secured by the officers, he was escorted to the upstairs of the house for an interview. There, Special Agent Joshua Culberson provided the following *Miranda* advisement:

> CULBERTSON: Anyways, I have to read you your rights. We have to do it, so I'm going to read this to you real quick. So before we ask you any questions it is my duty to advise you of your rights. You have the right to remain silent. Anything you say can be used in court or other proceedings. You have the right to consult an attorney before making any statements or answering any questions. And you can have an attorney present with you during questioning. You may have an attorney appointed by the US Magistrate or the Court to

represent you if you cannot afford one or otherwise obtain

one. And if you decide to answer questions now with or

without a lawyer, you still have the right to stop the

questioning at any time or to stop the questioning for the

purpose of consulting a lawyer. However, you may waive

the right to advice of counsel and the right to remain silent.

You may answer questions or make statements without

consulting a lawyer, if you desire. I just have to make sure

you understand what I said to you.

Dkt. 442-1 at 2.

After Agent Culbertson finished reading Gennady the advisement, Special

Agent Christina Denning noted that, she "had the same thing in a form" and that he

needed to sign it.

| | |
|---|---|
| DENNING: | It's just a statement of rights. So if you're willing to talk to us, willing to waive your rights, go ahead and print and sign. |
| GENNADY: | So that's waive [sic] my rights? |
| DENNING: | Correct. |
| CULBERTSON: | Well, it just means that we can – we can talk to you. |
| DENNING: | We can talk to you. |

CULBERTSON: Uh-huh. You can – like I said, with the thing, you don't have to talk to us but you can stop talking any time you want to and if you want to call a lawyer at any time, you can. This just allows us to talk to you initially.

GENNADY:      Okay.

DENNING:      We can ask questions.

CULBERTSON: Like I said, if you don't feel comfortable, you can stop at any time.

GENNADY:      Can you actually ask me questions without me signing it?

CULBERTSON: That's – I don't know what your policy –

DENNING:      We can ask you questions but you don't – no, we can't. No. I mean it's pretty much done then.

CULBERTSON: You can sign this an then you can just stop. If you don't want to talk, you don't have to talk, right?

Dkt. 495-1 at 3.

Gennady then informed the agents that he did not have his reading glasses, declined the agents' request to retrieve them and instead requested that the form be read to him.

DENNING:      Can you read it from there?

**MEMORANDUM DECISION AND ORDER - 4**

GENNADY:        Can you actually read it for me just –

DENINNG:        Sure. Before we ask you any questions, it is my duty to
                advise you of your rights. You have the right to remain
                silent. Anything you say can be used against you in court or
                other proceedings.

GENNADY:        Yeah.

DENNING:        You have the right to consult an attorney before making any
                statement or answering any questions. You have the right to
                an attorney present with you during any questioning.

GENNADY:        Okay.

DENNING:        If you cannot afford one, an attorney, one will be appointed
                to you before any questions if you wish. If decide to answer
                questions now – decide to answer questions now, you still
                have the right to stop, just like Josh said, the questioning at
                any time or to stop the questioning for the purpose of
                consulting an attorney.

*Id.* at 3–4.

    Thereafter, Gennady asked for further clarification on the purpose of the

waiver form. Agent Denning read the statement directly above the signature line on

the waiver form, explaining the nature of the waiver.

GENNADY:      So do you want me to sign right here? What is this?

DENNING:      So right there.

CULBERTSON: It just says you understand (inaudible).

DENNING:      Yeah. I've had the above statement of my rights read and

              explained to me and I fully understand these rights. I waive

              them freely and voluntarily without threat or intimidation

              and without any promise of reward or immunity.

GENNADY:      The only I mean problem I have is it says I waive my rights

              freely and –

CULBERTSON: But you can stop at any time you want. You do not have to

              talk.

DENNING:      Yeah.

CULBERTSON: I understand what you're – how you're interpreting that but

              it's just saying that you're willing to talk to us but if you

              want to stop talking to us –

DENNING:      Answer question –

CULBERTSON: You can stop talking any time you want to.

DENNING:      We can have a conversation about what's going on. So print

**MEMORANDUM DECISION AND ORDER - 6**

there.

CULBERTSON: You don't have to answer at all.

*Id.* at 4.

Gennady then signed the written Miranda waiver form, and proceeded to answer the agents' questions for about 90 minutes. *See* Dkt. 495-2 at 2.

## LEGAL STANDARD

In *Miranda v. Arizona*, the Supreme Court held that an individual subject to custodial interrogation has the right to remain silent and to have counsel present during questioning, and that the police must advise him of his rights before questioning begins. 384 U.S. 436, 469–73 (1966). Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444. After being advised of his Miranda rights, an individual may choose to waive those rights. *Edwards v. Arizona*, 451 U.S. 477, 484 (1981).

However, if the individual invokes his right to remain silent "at any time prior to or during questioning . . . the interrogation must cease." *Miranda*, 384 U.S. at 473–74. An invocation of the right to remain silent, like the right to counsel, must be unambiguous. *Berghuis v. Thompkins*, 560 U.S. 370, 381–82 (2010).

Law enforcement is not required to stop questioning if a defendant's request

for counsel is "ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel." *Davis v. United States*, 512 U.S. 452, 459 (1994). A defendant's request is to be "understood as ordinary people would understand [it]." *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987). Further, an individual's responses after invoking his rights "may not be used to cast retrospective doubt on the clarify of the initial request itself," but rather are relevant only to consider whether he "waived the right he had invoked." *Smith*, 469 U.S. at 98.

Once the accused has invoked his *Miranda* rights, courts may only admit his responses to further questioning upon a finding that he "initiated further discussions with the police," and "knowingly and intelligently waived the right he had invoked." *Smith v. Illinois*, 469 U.S. 91, 95 (1981). "[A] valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards*, 451 U.S. at 484. Further, "[i]f the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privileges." *Miranda*, 384 U.S. at 475.

## ANALYSIS

Here, there is no dispute that the interrogation was custodial and that Gennady was entitled to a *Miranda* warning. The Defendant argues (1) he did not knowingly, intelligently, and voluntarily waive his Miranda rights due to the agents' misleading statements, and (2) he unambiguously invoked his right to remain silent.

### A.     Miranda Waiver

The validity of a defendant's *Miranda* waiver is determined by the totality of the circumstances, including the background, experience, and conduct of the accused. *North Carolina v. Butler*, 441 U.S. 369, 374 (1979). The Supreme Court in *Miranda* did not create a precise formulation of the required warnings, nor a "talismanic incantation" to satisfy the rule. *California v. Prysock*, 453 U.S. 355, 359 (1981). In determining the adequacy of a police officer's Miranda warnings, reviewing courts are not required to examine the warnings "as if construing a will or defining the terms of an easement," but simply by considering whether the warning reasonably conveyed the suspect's rights as required by *Miranda*. *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (holding a police officer's recitation of Miranda warnings was sufficient despite minor conflicting statements because the warnings in their totality satisfied *Miranda*). If an inconsistent warning

is given, the burden is on the government to clarify the suspect's rights. *United States v. San Juan-Cruz*, 314 F.3d 394, 388–89 (9th Cir. 2002).

Here, Gennady was twice orally informed of his *Miranda* rights. First Culbertson read Gennady his rights, then Denning read the waiver form aloud upon Gennady's request. Gennady argues that both warnings were improper because of the subsequent misleading statements made by the agents. Upon careful review of the oral recording of the conversation between the agents and Gennady, the Court finds the conversations that occurred between the parties after each warning were not misleading, but rather, were provided to clarify Gennady's concerns regarding the nature of the waiver.

Culbertson first explained to Gennady that the waiver allowed the agents to begin questioning Gennady, meaning that he was initially waiving his right to remain silent, but that he could still invoke his rights at any time during the questioning. When Gennady again expressed confusion regarding the nature of the waiver after the second reading of his rights, the agents clarified that the form indicated Gennady was willing to answer their questions, but that he could stop the questioning at any time, or choose not to respond. Culbertson repeatedly emphasized Gennady maintained his right to stop the questioning at any point after signing the waiver. Contrary to the Defendant's arguments, the agents did not

muddy the two *Miranda* warnings by addressing Gennady's questions.

Further, Gennady is a college-educated businessman who understands the English language. The agents did not threaten him, nor did he did not show any signs of duress throughout the interrogation. He was properly informed of his Miranda rights, signed a written waiver, and proceeded to answer the agents' questions for over an hour. *See United States v. Doe*, 787 F.2d 1290, 1293 (9th Cir. 1985) (finding proper Miranda waiver where the defendant was told his Miranda rights, signed a written waiver, showed no signs of distress, and conversed coherently with the agent). For the foregoing reasons, Court finds Gennady knowingly, intelligently, and voluntarily waived his *Miranda* rights.

**B.     Invocation of Right to Remain Silent**

The Defendant also argues that he unambiguously invoked his right to remain silent by stating, "[t]he only problem I have it says I waive my rights freely." Dkt. 442-1 at 13. To invoke one's *Miranda* rights, the invocation must be unambiguous and unequivocal, such that a reasonable officer under the circumstances would understand the accused was invoking his rights. *See Jones v. Harrington*, 829 F.3d 1128, 1141 (9th Cir. 2016) (finding the suspect unambiguously invoked his right to remain silent by stating "I don't want to talk no more").

MEMORANDUM DECISION AND ORDER - 11

Here, Gennady's statement was not an unambiguous invocation of his right to remain silent, but rather a question addressing his confusion about the nature of the waiver. A reasonable officer under the circumstances would not find the statement to be an unequivocal invocation of Gennady's Fifth and Sixth Amendment rights that required an immediate end to the questioning. Moreover, though the Defendant claims Culbertson's statement that he understood Gennady's "interpretation" suggests Culbertson acknowledged that Gennady was invoking his rights, the statement was merely addressing Gennady's concerns about the waiver. Culbertson then explained again that the waiver just initially allowed the agents to ask questions, and that Gennady could stop the questioning at any time. After this explanation, Gennady did not ask any further clarifying questions or attempt to invoke his rights in any way. He signed the waiver and proceeded to answer the agents' questions.

## CONCLUSION

The Court finds that Defendant Gennady Babitchenko was properly informed of his *Miranda* rights; knowingly, voluntarily, and intelligently waived those rights; and did not unambiguously invoke his right to remain silent. For the foregoing reasons, the Court will deny the Defendant's Motion to Suppress.

## ORDER

**IT IS ORDERED that:**

1.    Defendant's Motion to Suppress (Dkt. 442) is **DENIED.**

DATED: July 16, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 13**