UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Piotr Babichenko's Motion to Suppress his statements made during a post-arrest interview. Dkt. 549. The motion is fully briefed and ripe for the Court's determination. After careful review of the briefing, the Court finds there is no significant disputed factual issue relevant to resolution of the motion. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir.1986); *see*

MEMORANDUM DECISION AND ORDER - 1

*also United States v. Howell*, 231 F.3d 615, 620–21 (9th Cir. 2000). Therefore, oral argument is unnecessary, and the Court will decide the motion on the briefs. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Piotr Babichenko was arrested on August 22, 2018 and transported to the Ada County jail. Dkt. 549-1. There, Agent Sheehan conducted an interview. Dkt. 549-2 at 1. Before beginning the interview, Agent Sheehan read Piotr his Miranda rights:

> SHEEHAN: So I'm going to explain that stuff to you. The problem is – so you're under arrest right now, you're in custody, right? I have to read you your rights based on that. You could choose not to talk to me, and that's completely in your rights. So I'm going to read those to you. If you have any questions, ask me and I'll go over it, okay? You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advice before we ask you any questions.
>
> You have the right to have a lawyer with you during questioning. If you cannot afford a lawyer, one will be

MEMORANDUM DECISION AND ORDER - 2

|  |  |
|---|---|
|  | appointed for you before any questioning, if you wish. If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time. That last one's kind of important. What that means is if you don't feel comfortable with something, you don't have to answer that question, that's up to you. |
| PIOTR: | The question is you can't call anybody over there. How are you even supposed to call a lawyer?[1] |
| SHEEHAN: | You'll have an opportunity to do that, because you just got here, right? |
| PIOTR: | Yeah. |
| SHEEHAN: | So you'll have that – that's – |
| PIOTR: | I was even trying to call my wife, I can't today. |
| SHEEHAN: | That's coming – it is coming. They'll let you do that soon. But if you want to chat with me, I just have to make sure you understand your rights. And we're going to have to sign |

---

[1] The Government notes that this statement was deemed partially inaudible by the Government's transcriptionist. Dkt. 574 at 2 n.1. For the reasons explained below, the Court finds that, even if the Defendant's transcript of the conversation (quoted above) is followed, the statement is not an invocation of the right to counsel.

**MEMORANDUM DECISION AND ORDER - 3**

>this piece of paper that said you understand your rights. Is that okay? Alright. You're just going to sign here where it says sign.

Dkt. 549-3 at 1.

## LEGAL STANDARD

In *Miranda v. Arizona*, the Supreme Court held that an individual subject to custodial interrogation has the right to have counsel present during questioning, and that the police must advise him of this right before questioning begins. 384 U.S. 436, 469–73 (1966). After being advised of his Miranda rights, an individual may choose to waive those rights. *Edwards v. Arizona*, 451 U.S. 477, 484 (1981). However, once an individual invokes his right to counsel, "the interrogation must cease until an attorney is present." *Miranda v. Arizona*, 384 U.S. 436, 474 (1966). Courts may then only admit his responses to further questioning upon a finding that he "initiated further discussions with the police," and "knowingly and intelligently waived the right he had invoked." *Smith v. Illinois*, 469 U.S. 91, 95 (1981). "[A] valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards*, 451 U.S. at 484. Further, "[i]f the interrogation continues without the presence of an attorney and a statement is taken, a heavy

**MEMORANDUM DECISION AND ORDER - 4**

burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privileges." *Miranda*, 384 U.S. at 475.

However, law enforcement is not required to stop questioning if the defendant's request for counsel is "ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to counsel." *Davis v. United States*, 512 U.S. 452, 459 (1994). A defendant's request is to be "understood as ordinary people would understand [it]." *Connecticut v. Barrett*, 479 U.S. 523, 529 (1987). Further, an individual's responses after invoking the right to counsel "may not be used to cast retrospective doubt on the clarify of the initial request itself," but rather are relevant only to consider whether he "waived the right he had invoked." *Smith*, 469 U.S. at 98.

## ANALYSIS

Piotr claims his question – "How are you even supposed to call a lawyer?" – was an unambiguous request for counsel. Dkt. 549 at 4. "Whether a statement is an unambiguous request for counsel 'is an objective inquiry.'" *Paulino v. Castro*, 371 F.3d 1083, 1087 (9th Cir. 2004) (quoting *Davis*, 512 U.S. at 459). Though an individual need not "speak with the discrimination of an Oxford don," he must make "at a minimum, some statement that can reasonably be construed to be an

expression of a desire for the assistance of an attorney." *Davis*, 512 U.S. at 459 (internal citation omitted); *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991). The Supreme Court in *Davis* declined to adopt a rule "requiring police officers to ask clarifying questions," and held that if the individual's statement "is not an unambiguous or unequivocal request for counsel, the officers have no obligation to stop questioning him." 512 U.S. at 461–62.

Courts have consistently held that statements or questions merely referencing an attorney are not sufficiently unambiguous to warrant the cessation of questioning. *See Davis*, 512 U.S. at 462 (1994) (finding the statement "Maybe I should talk to a lawyer" was not an unambiguous request for counsel); *Paulino*, 371 F.3d at 1087-88 (upholding a finding that the statements "Where's the attorney" and "You mean its gonna take him long to come" were not unambiguous requests for counsel); *United States v. Doe*, 170 F.3d 1162 (9th Cir. 1995) (holding "What time will I see a lawyer?" not an unambiguous request for counsel); *Lopez v. Janda*, 742 F. App'x 211, 213-14 (9th Cir. 2018) (upholding a finding that "I guess I'll wait until an attorney's present or something" was not an unambiguous request for counsel); *United States v. Nolan*, 443 F. App'x 259 (9th Cir. 2011) (affirming a finding that "I guess I have to, you know, get a lawyer or something because we're not coming to an understanding here" was not an unequivocal

**MEMORANDUM DECISION AND ORDER - 6**

request for counsel); *Cobb v. Kernan*, 346 F. App'x 206, 208 (9th Cir. 2009) (holding the question "Can I—can I talk to you with a lawyer or I have to talk to you?" was not an unambiguous request for counsel).

Here, Piotr's question is not an unambiguous or unequivocal request for counsel. A reasonable law enforcement officer would not interpret an inquiry into how one would call an attorney as an unequivocal request for counsel. Though Piotr suggests his request lacked clarity because he is not a native-English speaker and he is unfamiliar with criminal law (Dkt. 549 at 4), there is no evidence he had difficulty understanding and answering any other questions throughout the interview. *See United States v. Bernard S.*, 795 F.2d 749, 752-53 (9th Cir. 1986) (finding the defendant properly waived his Miranda rights despite his alleged difficulty understanding English because the agent read him his rights, he signed a written waiver, and his conduct did not otherwise indicate he was unable to understand his rights). Agent Sheehan advised Piotr of his Miranda rights, and emphasized the importance of Piotr's right to stop the questioning at any time and request an attorney. Dkt. 549-3 at 1. Piotr then signed the written Miranda waiver. Dkt. 549-2 at 1. There is no evidence before the Court that Piotr later requested an attorney at any point during the interview. Interpreting Piotr's statements as "ordinary people would understand them," *Barrett*, 479 U.S. at 529, he did not

**MEMORANDUM DECISION AND ORDER - 7**

unequivocally or unambiguously request an attorney.

     Piotr further argues that Agent Sheehan's subsequent statements were misleading because they implied Piotr must first conduct the interview, then speak to an attorney. Dkt. 549 at 5. However, Agent Sheehan's statements during the discussion at issue sufficiently explain Piotr's Miranda rights. *See Duckworth v. Eagan*, 492 U.S. 195, 203 (1989) (holding that courts reviewing the adequacy of an officer's Miranda warnings are not required to examine the statements "as if construing a will or defining the terms of an easement," but simply by determining whether the warnings reasonably conveyed the individual's Miranda rights). Here, it is clear Agent Sheehan reasonably conveyed to Piotr his Miranda rights. Agent Sheehan's first response ("You'll have an opportunity to do that") to Piotr's question regarding how one would be able to call an attorney is not contradictory to the right to counsel. Dkt. 549-3 at 1. Further, Agent Sheehan's second statement ("That's coming – it is coming. They'll let you do that soon") was regarding Piotr's ability to call his wife, not his attorney. Dkt. 549-3 at 1. It was made in direct response to Piotr's statement – "I was even just trying to call my wife, I can't today." *Id.* Piotr also argues Agent Sheehan's instruction to sign the Miranda waiver was a command rather than a question. Dkt. 549 at 5. However, Agent Sheehan stated, in full: "And we're going to have to sign this piece of paper that

**MEMORANDUM DECISION AND ORDER - 8**

said that you understand your rights. Is that okay?" Dkt. 549-3 at 1. He clearly followed his "command" with a question, thus properly asking for Piotr's waiver.

Finally, Piotr argues Agent Sheehan begins the questioning without revisiting Piotr's request for counsel. Dkt. 549 at 6. However, as stated above, Piotr's statement was not an unambiguous and unequivocal request for counsel. Further, the police are not required to ask additional clarifying questions when a suspect makes an ambiguous reference to an attorney. *See Davis*, 512 U.S. at 461-62.

The Court finds Piotr knowingly, intelligently, and voluntarily waived his Miranda rights and thereafter did not unambiguously invoke his right to an attorney. For the foregoing reasons, the Court will deny Defendant Piotr Babichenko's Motion to Suppress (Dkt. 549).

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Suppress (Dkt. 549) is **DENIED**.

DATED: July 16, 2020

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9