UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Kristina Babichenko's Motion to Dismiss Count 37 (Dkt. 474), Defendant Piotr Babichenko's Motion to Dismiss Count 47 (Dkt. 480), Defendant Timofey Babichenko's Motion to Dismiss Count 37 (Dkt. 483), Defendant Gennady Babitchenko's Motion to Dismiss Count 46 (Dkt. 486), and Defendant Pavel Babichenko's Motion to Dismiss Count 36 (Dkt. 502). The

foregoing motions argue the counts are time-barred because they fall outside the statute of limitations. For the reasons explained below, the Court will deny the motions.

## BACKGROUND

On August 14, 2018, the grand jury returned a 34-count indictment charging the Defendants with wire and mail fraud, counterfeit goods trafficking, and conspiring to launder the proceeds thereof. Dkt. 1. Count 34 of this indictment is as follows:

**COUNT THIRTY-FOUR**
**Conspiracy to Launder Money**
**18 U.S.C. § 1956(h)**

40. Paragraphs One through Nineteen are incorporated herein.

41. Beginning on an unknown date, but by at least January, 2010, and continuing through the 14th day of August, 2018, both dates being approximate and inclusive, within the District of Idaho and elsewhere, the defendants, PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, GENNADY BABITCHENKO, NATALYA BABICHENKO, KRISTINA BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS, together with others known and unknown to the grand jury, did knowingly combine, conspire, confederate and agree to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956(h) as follows:

    (a)    to conduct and attempt to conduct and aid and abet others to conduct financial transactions, affecting interstate and foreign commerce, knowing that the property involved in

                the financial transactions represented the proceeds of some form of unlawful activity, and the transactions in fact involved the proceeds of violations of Title 18, United States Code, Sections 2320, 1341, 1343, and 1349, knowing that such financial transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

      (b)      to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from places outside the United States to and through places in the United States and from places in the United States to and through places outside the United States, knowing that the monetary instruments and funds involved represent the proceeds of violations of Title 18, United States Code, Sections 2320, 1341, 1343, and 1349, and knowing that such transportation, transmission or transfer is designed in whole or in part to conceal or disguise the nature and source of the proceeds of the unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

                All in violation of Title 18, United States Code, Section 1956(h).

Dkt. 1 at 16–17.

On May 15, 2019, the grand jury returned a Superseding Indictment adding a substantive counterfeit goods trafficking count identical to Count 35 in the original indictment, and fifteen substantive money laundering counts (Counts 36 through 51). Four of the money laundering counts (Counts 36, 37, 46, and 47) are at issue in the present motions. The relevant counts are as follows:

**MEMORANDUM DECISION AND ORDER - 3**

## COUNTS THIRTY-SIX THROUGH FIFTY-ONE
### Money Laundering
### 18 U.S.C. §§ 1956(a)(1)(B)(i), 2

39. On or about the dates set forth below, each such date constituting a separate count of this Superseding Indictment, in the District of Idaho and elsewhere, the Defendants identified below, conducted and attempted to conduct and aid and abet others to conduct financial transactions, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is violations of Title 18, United States Code, Sections 2320, 1341, 1343, and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, to wit:

| Count | Defendant | Approximate Date | Monetary Transaction |
|---|---|---|---|
| 36 | Pavel Babichenko | March 25, 2014 | $105,000 check drawn on Midstar LLC Mountain West-Glacier Bank account number ending 2951, made payable to Global Distributing LLC and deposited to Chase Bank N.A. account number ending 3706 |
| 37 | Timofey Babichenko Kristina Babichenko | April 4, 2014 | $105,000 check drawn on Global Distributing LLC JPMorgan Chase Bank N.A. account number ending 3706, made payable to Gennady Babichenko, and deposited to Mountain |

MEMORANDUM DECISION AND ORDER - 4

| | | | West Bank account number ending 4486 |
|---|---|---|---|
| 46 | Gennady Babichenko | April 11, 2014 | $40,000 check drawn on European Denture Center Zions Bank account number ending 6243, made payable to Petr Babichenko and deposited to Cases & More LLC Chase Bank N.A. account number ending 5310 |
| 47 | Piotr Babichenko | April 15, 2014 | $40,000 wire transfer drawn on Cases & More LLC Chase Bank N.A. account number ending 5310 to Zaarn, LLC Chase Bank N.A. account ending 6830; $62,500 check drawn on Zaarn. LLC Chase Bank N.A. account ending 6830, payable to Camping World RV sales |

Dkt. 210 at 18–21.

The Defendants here argue Counts 36, 37, 46, and 47 should be dismissed because they are barred by the statute of limitations.

## LEGAL STANDARD

The statute of limitations for criminal prosecutions for money laundering is five years. *See* 18 U.S.C. § 3283(a). An indictment tolls the statute of limitations as to all charges contained in the indictment. *United States v. Clawson*, 104 F.3d 250,

**MEMORANDUM DECISION AND ORDER - 5**

250-51 (9th Cir. 1996). If the counts in a superseding indictment broaden or substantially amend the charges in the original indictment, the statute of limitations does not toll as to those charges. *United States v. Pacheo*, 912 F.2d 297, 305 (9th Cir. 1990) (quoting *United States v. Italiano*, 894 F.2d 1280, 1283 (11th Cir. 1990)). "Notice to the defendant is the central policy underlying the statutes of limitations." *Pacheo*, 912 F.2d at 305. Courts assume the defendant is on notice of the charges against him when the allegations and charges are substantially the same in the original and superseding indictments. *Id.* To determine whether the superseding indictment substantially changed the original charges, the two indictments must be compared. *United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 779 (9th Cir. 1986).

## ANALYSIS

Each of the contested counts are based on conduct occurring in March and early April 2014. Because the Superseding Indictment was filed in May 2019, the counts fall outside the five-year statute of limitations for money laundering. *See* 18 U.S.C. § 3283(a). However, if the original Indictment, returned in August 2018, tolled the statute of limitations, the four counts are not time-barred. The government argues Counts 36, 37, 46 and 47 relate back to the original Indictment, and therefore are not barred by the statute of limitations. *See* Dkt. 507. The

Defendants argue the relation-back doctrine does not apply because the four new counts substantially broaden the charges in the original Indictment.

To determine if a superseding indictment substantially broadens or amends an indictment, courts consider whether the superseding indictment alleges violations of a different statute, contains different elements, relies on different evidence, or exposes the defendants to a potentially greater sentence. *United States v. Liu*, 731 F.2d 982, 996–97 (9th Cir. 2013).

### A.  Statute and Elements

Count 34[1] of the original Indictment charged the Defendants with conspiring to launder the proceeds of their criminal activity through financial transactions made between January 2010 and August 2018 in violation of 18 U.S.C. § 1956(h). Dkt. 1 at 16–17. In describing the charge, Count 34 identifies the object offense as money laundering in violation of 18 U.S.C. §§1956(a)(1)(B)(i).

Counts 36, 37, 46, and 47 of the Superseding Indictment charge the Defendants with money laundering in violation of 18 U.S.C. §§1956(a)(1)(B)(i) for the same behavior identified in Count 34 of the original Indictment. Dkt. 210 at 18. The counts also charge the Defendants with acting as principals under 18 U.S.C. §

---

[1] Count 34 of the original indictment is duplicated verbatim as Count 35 of the Superseding Indictment. *See* Dkt. 1 at 16-17; Dkt. 210 at 17-18.

**MEMORANDUM DECISION AND ORDER - 7**

2. Dkt. 210 at 21.

Because Count 34's conspiracy charge explicitly incorporates the substantive money laundering charge of the four contested counts, the Superseding Indictment does not broaden the original Indictment by charging the Defendants with an entirely different statute. Moreover, as courts have noted, a conspiracy charge includes the elements of the object offense. *See United States v. Alghazouli*, 517 F.3d 1179, 1188–89 (9th Cir. 2008) ("if a jury is asked to determine whether a defendant conspired to commit an offense, the jury needs to know the elements of that offense"). Therefore, the conspiracy charge in the original Indictment includes the elements of the substantive money laundering charges in the Superseding Indictment.

### B.     Evidence

Courts recognize that the charges in a superseding indictment are not defined by the statute alone, but by the factual allegations on which the charges rely. *Italiano*, 894 F.2d at 1282. Superseding indictments that simply add detail to the original charges, narrow the charges, or contain amendments as to form but not substance, sufficiently relate-back to the original indictment. *United States v. Ben Zvi*, 168 F.3d 49, 54 (2d Cir. 1999).

The original Indictment charges the Defendants with committing wire and

**MEMORANDUM DECISION AND ORDER - 8**

mail fraud, trafficking in counterfeit goods, and conspiring to launder money. The Indictment identifies the evidence supporting the charges is as it describes each of the Defendants and the businesses through which the alleged illegal activity was conducted. *See* Dkt. 1.

Specifically, the original Indictment identifies Defendant Pavel Babichenko as the owner of Midstar LLC – the business from which the check identified in Count 36 of the Superseding Indictment was drawn. *Id.* at 2; Dkt. 210 at 19. Timofey Babichenko is identified as the owner of Global Distributing LLC – the business from which the check identified in Count 37 was drawn. Dkt. 1 at 2; Dkt. 210 at 19. The original Indictment lists Piotr Babichenko as the account holder of the Cases & More LLC bank account identified in Count 46 and 47 of the Superseding Indictment. Dkt. 1 at 26; Dkt. 210 at 20–21. Gennady Babitchenko is listed as the owner of European Denture Center, the business from which the check in Count 47 was drawn. Dkt. 1 at 3; Dkt. 210 at 20–21. Moreover, the Global Distributing Chase Bank Account ending in 3706 involved in Counts 36 and 37 of the Superseding Indictment is identified in the criminal forfeiture allegations of the original Indictment. Dkt. 1 at 25; Dkt. 210 at 19.

The Defendants argue the original Indictment did not allege any facts relating to the conspiracy to launder money other than the names of the co-

**MEMORANDUM DECISION AND ORDER - 9**

conspirators and where it occurred. Dkt. 474-1 at 7. However, the original Indictment identified the Defendants and businesses responsible for the alleged conduct charged in the counts at issue. Moreover, the original Indictment sufficiently described the decade-long scheme of selling counterfeit cell phones that the Defendants allegedly tried to conceal through the financial transactions included in the money laundering charges in the Superseding Indictment.

The Defendants argue the lack of facts in the original Indictment failed to put them on notice that they may need to defend charges relating to any financial transaction made within the last eight years. Dkt. 474-1 at 7. However, the charges in the original Indictment sufficiently place the Defendants on notice of the conduct and transactions made by the listed businesses and bank accounts involving the conspiracy to launder money. Though the eight-year span includes a vast amount of financial transactions, the original Indictment's alleged criminal conduct surrounds a decade-long fraudulent scheme involving over a hundred businesses. *See* Dkt. 1. The large amount of transactions requiring defense is not a result of the breadth of the Superseding Indictment, but rather the breadth of the alleged criminal scheme. The original Indictment was based in the same evidence as the counts at issue in the Superseding Indictment.

In fact, the Superseding Indictment is narrower than the original Indictment,

as it specifically identifies the transactions that serve as the basis for the money laundering charges. By limiting the charges to specific transactions, rather than charging the Defendants with a blanket conspiracy to launder the proceeds of the decade-long operation of fraudulent businesses, the Superseding Indictment limits the relevant evidence identified in the original Indictment.

### C. Sentence

The sentence for money laundering as charged against the Defendants is a maximum of twenty years imprisonment, and a fine of not more than $500,000 or twice the value of the property involved in the transaction. 18 U.S.C. §§1956(a)(1). A defendant convicted of conspiracy is subject to the same penalty prescribed for the offense which was the object of the conspiracy. 18 U.S.C. § 1956(h) ("Any person who conspires to commit any offense in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."). Therefore, the substantive money laundering charges in the Superseding Indictment do not expose the Defendants to a potentially greater sentence than that of the conspiracy charge in the original Indictment.

## CONCLUSION

The Court finds the substantive money laundering charges in Counts 36, 37,

46, and 47 of the Superseding Indictment relate back to the original Indictment because the statute, evidence, and sentences are the same as those underlying the conspiracy to launder money charged in the original Indictment. Therefore, the original Indictment (Dkt. 1) tolled the five-year statute of limitations for the money laundering counts. The Court will deny the present motions to dismiss those counts.

## ORDER

IT IS ORDERED that:

1. Defendant Kristina Babichenko's Motion to Dismiss Count 37 (Dkt. 474) is **DENIED**.

2. Defendant Piotr Babichenko's Motion to Dismiss Count 47 (Dkt. 480) is **DENIED**.

3. Defendant Timofey Babichenko's Motion to Dismiss Count 37 (Dkt. 483) is **DENIED**.

4. Defendant Gennady Babichenko's Motion to Dismiss Count 46 (Dkt. 486) is **DENIED**.

5. Defendant Pavel Babichenko's Notice of Joinder in Defendant Kristina Babichenko's Motion to Dismiss Count 36 (Dkt. 502) is **DENIED**.

DATED: August 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge