UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Gennady Babitchenko's Motion to Dismiss for misconduct before the grand jury and Defendant Pavel Babichenko's Motion to Dismiss for the Government's outrageous conduct. Dkt. 374; Dkt. 419. For the reasons explained below, the Court will deny the motions.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The Defendants in this case are members of an extended family group. Their shared family history, which includes immigration to the United States, is naturally a significant part of their identities. The present motions center in large part on Defendants' argument that the Government improperly inflamed the grand jury's biases by eliciting testimony about the Defendant's ethnic origin, nationality and immigration status despite the fact that such testimony was irrelevant and, in one instance, was factually incorrect.

After careful review of the evidence and consideration of the parties written and oral arguments, the Court finds the statements and testimony before the grand jury did not result in substantial prejudice or create such significant impact that it drove or contributed to the grand jury's decision to indict. In making this finding, the Court does not belie the importance of the inquiry. Indeed, we live in a time where our country is making and must continue to make inquiry into and address both implicit and explicit biases that result in discrimination and oppression. Thus, the Court makes the findings set forth herein while acknowledging the importance of eliminating bias in the process of this case based on the Defendants' ethnicities or national origins.

The present motions center, in part, on alleged misconduct during the grand

jury proceedings. The three groups of statements at issue are as follows:

During the grand jury proceeding on August 14, 2018, Agent Sheehan opened his testimony by stating:

> So what we are going to be talking about today is mainly an organized – I guess we would say – family business. This is a group of individuals who came over the Ukraine area to start – I guess you could say – a cell phone business, where they would be selling counterfeit cell phones and cell phone accessories on different platforms, such as Amazon and eBay.

Dkt. 375-1 at 1. Later, when asked why some of the Defendants' last names had slight variations, Agent Sheehan responded:

> When you come to the United States – and this actually happened with my name. I will tell my story. So my last name is with two "e's." When my ancestors came over from Ireland, they spelled it with one "e." Because you would just say what your name is, sometimes they would spell it wrong. So I think, with the Babichenkos, these are all brothers. However, with Gennady, Gennady has a "t" in his name. That's what I think probably happened.

*Id.*

Finally, when Agent Culbertson was testifying, the following exchange occurred:

| GRAND JUROR: | They are all U.S. citizens with Social Security numbers? |
| MS. HOROWITZ: | Can you speak to that? |
| THE WITNESS: | They all have Social Security numbers, yes. |
| MS. HOROWITZ: | They are all from the Ukraine and Russia; |

**MEMORANDUM DECISION AND ORDER - 3**

|                  |                                                                                                                                          |
|------------------|------------------------------------------------------------------------------------------------------------------------------------------|
| THE WITNESS:     | correct?                                                                                                                                 |
| THE WITNESS:     | Correct.                                                                                                                                 |
| A GRAND JUROR:   | Are they citizens?                                                                                                                       |
| THE WITNESS:     | I believe so. I think they came over when they were little.                                                                              |
| MS. HOROWITZ:    | I didn't call the HSI agent, but the HSI people have the A-File.                                                                         |
| A GRAND JUROR:   | I have a question. Do you have, like, a board in your office with all of their pictures? I am just imagining this. It's, like, "Oh, my God." |
| THE WITNESS:     | I actually do have one of those in there.                                                                                                |

Dkt. 375-2 at 6.

The Defendants argue this conduct violates their Fifth Amendment rights and warrants dismissal of the indictment. Defendant Pavel Babichenko argues also the Government's use of an informant who was involved in a drug related criminal activity, rather than the type of crime alleged against defendants, violated his Fifth Amendment rights. *See* Dkt. 419-1. The Court will analyze these arguments below.

## LEGAL STANDARD

A court may dismiss an indictment under one of two theories: (1) on the ground of outrageous government conduct that rises to the level of a due process

**MEMORANDUM DECISION AND ORDER - 4**

violation; or (2) under its supervisory powers even if the conduct does not amount to a due process violation. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991).

## ANALYSIS

### A.  Due Process Violation

Dismissal of an indictment is only warranted on the basis of a due process violation if the "prosecutorial misconduct has undermined the grand jury's ability to make an informed and objective evaluation of the evidence presented to it." *United States v. Roebuck & Co.*, 719 F.2d 1386, 1391 (9th Cir. 1983), *cert. denied*, 465 U.S. 1079 (1984). Prosecutorial discretion is not violative of due process "unless it is abused to such an extent as to be arbitrary and capricious." *United States v. Samango*, 607 F.2d 877, 881 (9th Cir. 1979). A court may dismiss an indictment "only if it is established that the violation[s] substantially influenced the grand jury's decision to indict" or where "there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).

### 1.  Prosecutorial Conduct During Grand Jury Proceedings

Here, the prosecution's conduct during the grand jury proceedings did not undermine the grand jury's ability to make an informed and objective evaluation of evidence. As stated above, there are three general statements Defendants bring to

**MEMORANDUM DECISION AND ORDER - 5**

the Court's attention: (1) the agent's statement that the Defendants came to the United States to start their cellphone business; (2) the agent's remarks about the different spellings of the Defendants' last names; and (3) the agent's answers to inquiries from the jury about the citizenship status of the Defendants.

The Court will address the second and third statements first. The agent's remarks or explanation about the spelling of the Defendants' last names did not create substantial prejudice sufficient to warrant dismissal of the indictment. Instead, the statement was provided in response to a question and was limited to an explanatory statement. Similarly, the agent's responses to the juror's question about whether the Defendant's had social security cards and were United States citizens was also responsive and informative. Notably, the question came in response to, and after the presentation of evidence from an IRS agent regarding the Defendants' sources of income and tax records. *See* Dkt. 374, Ex. B. Thus, considered in context, the agent's answer was responsive to the inquiries of a juror. Defendants have not shown these statements substantially influenced the grand jury's decision to indict.

Finally, the Court considers the agent's statement regarding the Defendants' reasons for coming to the United States. The Government concedes Agent Sheehan's statement that the Defendants came to the United States for the purpose

**MEMORANDUM DECISION AND ORDER - 6**

of starting their cell phone business is inaccurate. Yet, when considered in the context of the entire presentation of evidence – something Defendants urge this court to do –the inaccurate statement is not the type of structural error that would so fundamentally infect the proceedings as to render the process fundamentally unfair. *See United States v. Isgro*, 974 F.2d 1091, 1094 (9th Cir. 1992).

Furthermore, the evidence before the Court suggests instead that the statement was not a result of flagrant or intentional prosecutorial misconduct. *See Sears*, 719 F.2d at 1392–93 (holding that the prosecutor's action of allowing a witness to make irrelevant, inflammatory and potentially prejudicial statements about the effect of Japanese products on the American economy did not create sufficient prejudice to dismiss the indictment on constitutional grounds); *United States v. De Rosa*, 783 F.2d 1401, 1404 (9th Cir. 1986) (holding an FBI Agent's testimony before a grand jury that implied the defendant had made a false claim was not sufficiently prejudicial).

For the foregoing reasons, the Court will deny the Defendants' motions to dismiss made on the basis of prosecutorial misconduct before the grand jury.

### 2. Government Use of Informant

Defendant Pavel Babichenko argues the Government's use of an informant was unnecessary and intended to portray defendants as organized criminals. Dkt.

**MEMORANDUM DECISION AND ORDER - 7**

419 at 4. "For a due process dismissal, the Government's conduct must be so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991).

The Ninth Circuit has consistently held that the use of an informant with a previous criminal history who participates in the investigation out of his or her own self-interest does not constitute a due process violation. *See United States v. Hullaby*, 736 F.3d 1260, 1262–63 (9th Cir. 2013). Here, the informant used by the Government was involved in other criminal activity relating to controlled substances, and was motivated to cooperate out of his own self-interest. These are standard characteristics of an informant. As such, the Government's use of the informant does not amount to a due process violation in this respect.

Defendant Pavel Babichenko argues also that, the Government's use of an informant was unnecessary. and was intended to associate the family with drugs and other unrelated criminal activity. To support his argument, Defendant relies on *United States v. Simpson*, wherein the informant was acting as a sex worker and using heroin during the investigation. 813 F.2d 1462, 1469–70 (9th Cir. 1987). There, the Ninth Circuit found the Government's continued use of the informant – despite knowing about her ongoing illegal actions– did not constitute a due process violation. *Id.* When the Court compares the informant's actions in *Simpson*, to

**MEMORANDUM DECISION AND ORDER - 8**

those of the characteristics of informant in this matter, it struggles to find equivalent concerns. Here, the Government's use of an informant who was involved in other criminal activity related to drugs does not amount to the type outrageous conduct warranting dismissal of the indictment.

### B. Supervisory Powers

Under its supervisory powers, a court can dismiss an indictment in order to deter illegality and protect judicial integrity. *See De Rosa*, 783 F.2d at 1406. Even if a prosecutor's actions constituted misconduct, a defendant must show "a reasonable inference of bias on the part of the grand jury resulting from those actions" to warrant dismissal under the court's supervisory powers. *Id.; See also United States v. Hasting*, 461 U.S. 499, 506 (1983) (holding that reversal of a conviction under the court's supervisory power is not needed when the alleged errors is harmless); *United States v. Polizzi*, 500 F.2d 856, 887–88 (9th Cir. 1974), *cert. denied*, 419 U.S. 1120 (1975) (holding the prosecution's comments regarding the defendant's Mafia connections did not demonstrate a reasonable inference of bias).

For the reasons detailed above, the Court finds the Government's conduct during the grand jury proceeding and its use of an informant did not create a reasonable inference of bias. The Court declines to exercise its supervisory powers

MEMORANDUM DECISION AND ORDER - 9

to dismiss the indictment.

For the foregoing reasons, the Court will deny the Defendants' Motions to Dismiss.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to Dismiss (Dkt. 374) is **DENIED**.

2. Defendant's Motion to Dismiss (Dkt. 419) is **DENIED**.

DATED: July 31, 2020

B. Lynn Winmill
U.S. District Court Judge