UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-CR-00258-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| PAVEL BABICHENKO, GENNADY BABITCHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, NATALYA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, MIKHAIL IYERUSALIMETS, ARTUR PUPKO, | |
| Defendants. | |

**INTRODUCTION**

Before the Court is Defendant Kristina Babichenko's Motion to Dismiss Count 35 as Defective (Dkt. 475), Defendant Timofey Babichenko's Motion to Dismiss Count 35 as Defective (Dkt. 484), and Defendant Gennady Babitchenko's Motion to Dismiss Counts 1 and 20 as Defective (Dkt. 487). The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the

motions.

## BACKGROUND

On May 14, 2019, a grand jury returned a superseding indictment charging the Defendants with wire and mail fraud, counterfeit goods trafficking, and money laundering surrounding the alleged decade-long scheme to sell counterfeit cell phones and accessories. *Superseding Indictment*, Dkt. 210. In the present motion, the Defendants argue Counts 1, 20, and 35 are defective. Each count states, in full:

### <u>COUNT ONE</u>
### Conspiracy to Commit Wire Fraud
### 18 U.S.C. §§ 1349, 1343

13.   Paragraphs One through Twelve are incorporated herein.

#### The Conspiracy

14.   Beginning in or about January 2008, and continuing through on or about August 14, 2018, the defendants PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, GENNADY BABITCHENKO, NATALIE BABICHENKO, KRISTINA BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA IYERUSALIMETS (collectively "Defendants"), along with others known and unknown to the Grand Jury, engaged in a scheme to defraud consumers by selling, on online platforms such as Amazon.com and eBay, as well as their own websites, counterfeit electronic devices, including counterfeit Apple and Samsung cell phones, that the defendants represented to be new and genuine.

#### The Scheme to Defraud

15.   Beginning on an unknown date, but by at least January

2008, and continuing through the 14th day of August, 2008, both dates being approximate and inclusive, the defendants PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, GENNADY BABITCHENKO, NATALYA BABICHENKO, KRISTINA BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA IYERUSALIMETS, along with others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice for obtaining money by means of material false and fraudulent pretenses, representations, and promises, to wit: to defraud consumers by purchasing counterfeit electronic devices, including Apple and Samsung cell phones, to then resell as genuine and new on online platforms such as Amazon and eBay, as well as their own websites.

16.    The goal of the scheme was to enrich PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, GENNADY BABITCHENKO, NATALYA BABICHENKO, KRISTINA BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA IYERUSALIMETS, by selling devices bearing counterfeit marks misrepresented as genuine and new.

**Manner and Means**

17.    As part of the scheme and artifice to defraud, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, PIOTR BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA IYERUSALIMETS misrepresented the quality and type of electronic items for sale as genuine and new on online platforms, including Amazon and eBay.

18.    The means by which Defendants and others achieved and attempted to achieve the goal of this scheme included, among others:

(a)     Smuggling counterfeit products in bulk from Hong Kong and China.

(b)     Repackaging counterfeit devices to appear as new and genuine devices for shipment to individual consumers.

(c)     Misrepresenting the genuineness, quality, and condition of the electronic devices offered for sale on their online selling platforms.

19.     Beginning on an unknown date, but by at least the 22nd day of January, 2008, and continuing through the 14th day of August, 2018, both dates being approximate and inclusive, within the District of Idaho and elsewhere, the defendants, PAVEL BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, PIOTR BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA IYERUSALIMETS, knowingly and willfully conspired with others, for the purpose of executing the aforesaid scheme and artifice to obtain money or property by means of materially false and fraudulent pretenses, representation and promises, and attempting to do so, to knowingly transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain writings, signs, signals, and pictures, to wit: photographs and descriptions of electronic devices bearing counterfeit marks; communications with customers purchasing those devices; and payments for those devices.

All in violation of Title 18, United States Code, Section 1349.


## COUNT TWENTY
### Conspiracy to Traffic in Counterfeit Goods
### 18 U.S.C. § 2320(a), (b)(1), (f)(1)

17.     Paragraphs One through Nineteen are incorporated herein.

18.    Beginning on an unknown date, but by at least January
       2008, and continuing through the 14th day of August,
       2018, both dates being approximate and inclusive, within
       the District of Idaho and elsewhere, the defendants,
       PAVEL BABICHENKO, PIOTR BABICHENKO,
       TIMOFEY BABICHENKO, GENNADY
       BABITCHENKO, NATALYA BABICHENKO,
       KRISTINA BABICHENKO, ARTUR PUPKO, DAVID
       BIBIKOV, MIKHAIL IYERUSALIMETS, and ANNA
       IYERUSALIMETS, and others known and unknown to
       the grand jury, did intentionally conspire and agree with
       one another and other persons known and unknown to the
       Grand Jury to traffic in counterfeit goods, to wit:  by
       importing and offering for sale counterfeit Apple iPhone,
       Apple iPhone chargers, Apple iPhone earbuds, Samsung
       S4 phones, Samsung S5 phones, Samsung S3 batteries,
       Samsung Note 4 batteries, Samsung S4 batteries, Samsung
       S5 batteries, Samsung chargers, labels, and packaging for
       the same, and thereby knowingly using counterfeit marks,
       to wit:  U.S. Trademark Registration 2,715,578; U.S.
       Trademark Registration 3,229,791; U.S. Trademark
       Registration 3,679,056; U.S. Trademark Registration
       3,669,402; U.S. Trademark Registration 3,928,818; U.S.
       Trademark Registration 4,726,737; U.S. Trademark
       Registration 4,726,738; U.S. Trademark Registration
       1,164,353; U.S. Trademark Registration 2,214,833; U.S.
       Trademark Registration 2,882,774; U.S. Trademark
       Registration 2,929,519; U.S. Trademark Registration
       2,929,523; U.S. Trademark Registration 3,673,234; U.S.
       Trademark Registration 3,905,843; U.S. Trademark
       Registration 4,020,438; U.S. Trademark Registration
       4,168,468; U.S. Trademark Registration 4,188,122; U.S.
       Trademark Registration 4,287,291; U.S. Trademark
       Registration 4,582,755; U.S. Trademark Registration
       4,792,754; and U.S. Trademark Registration 4,792,755, on
       and in connection with such goods, each counterfeit mark
       being identical with and substantially indistinguishable
       from a mark registered for those devices on the principal

register in the United States Patent and Trademark office, and the use thereof was likely to deceive and to cause confusion and mistake, all in violation of Title 18, United States Code, Section 2320(a), (b), (f)(1).

## COUNT THIRTY-FIVE
### Conspiracy to Launder Money
### 18 U.S.C. § 1956(h)

19.   Paragraphs One through Nineteen are incorporated herein.

20.   Beginning on an unknown date, but by at least by the 1st day of January, 2010, and continuing through the 14th day of August, 2018, both dates being approximate and inclusive, within the District of Idaho and elsewhere, the defendants, PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, GENNADY BABITCHENKO, NATALYA BABICHENKO, KRISTINA BABICHENKO, ARTUR PUPKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS, together with others known and unknown to the grand jury, did knowingly combine, conspire, confederate and agree to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956(h) as follows:

(a)   to conduct and attempt to conduct and aid and abet others to conduct financial transactions, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is violations of Title 18, United States Code, Sections 2320, 1341, 1343, and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transactions knew that the property involved in the

financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(b)    to transport, transmit, and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from places outside the United States to and through places in the United States and from places in the United States to and through places outside the United States, knowing that the monetary instruments and funds involved represent the proceeds of violations of Title 18, United States Code, Sections 2320, 1341, 1343, and 1349, and knowing that such transportation, transmission or transfer is designed in whole or in part to conceal or disguise the nature and source of the proceeds of the unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

Dkt. 210 at 5–7, 10–11, 13.

## LEGAL STANDARD

Under the Due Process Clause, an indictment is sufficient if it (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions of the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Federal Rule of Criminal Procedure 7 requires that the indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Moreover, "[a]

count may incorporate by reference an allegation made in another count." *Id.* The indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000) (citation omitted). "[T]he question is not whether the indictment could have been framed in a more satisfactory manner, but whether it meets minimum constitutional standards." *United States v. Awad*, 551 F.3d 930, 936–37 (9th Cir. 2009) (citation omitted).

## ANALYSIS

Defendant Gennady Babitchenko argues Counts 1 and 20 are defective because they fail to list the elements of the charges or a sufficient factual basis supporting the allegations. Dkt. 487. Defendants Kristina and Timofey Babichenko argue that Count 35 of the Superseding Indictment is defective because it lacks a sufficient factual description of the conspiracy. Dkt. 475; Dkt. 484.

### A.   Count 1

Gennady argues Count 1 fails to allege he knowingly and intentionally entered into an agreement to commit wire fraud because his name is not included in the list of defendants charged in paragraph 19. Paragraph 19 alleges that his co-defendants conspired to "knowingly transmit and cause to be transmitted in interstate commerce, by means of a wire communication" information and

payments made for electronic devices bearing counterfeit marks. Dkt. 210 at 7.

Gennady further argues that Count 1 lacks the requisite factual basis to render the

indictment sufficient and that the timeframe is too open-ended to inform him of

when he is supposed to have participated in the alleged scheme.

     An indictment need not specifically allege that each defendant committed

every element of the crime, so long as it adequately informs the defendants of the

charge by citing the applicable statute and alleging the conduct that constituted the

offense. *See United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016). In

*Kaplan*, the Ninth Circuit found that an indictment's failure to explicitly state that

the defendant was being charged with the felony of intent to defraud did not render

it invalid. *Id.* The Court explained, "[c]ommon sense dictates that [the defendant]

was adequately informed of the charge against him where the indictment alleged the

specific count that constituted fraud." *Id.*

     Here, the indictment thoroughly establishes the alleged conduct that

constitutes the basis for Gennady's wire fraud charge. Though Gennady is not

named in Paragraph 19, paragraphs 14 and 15 charge Gennady and his co-

defendants with purchasing and reselling counterfeit electronic devices on eBay and

Amazon. Dkt. 210 at 5–6. Moreover, Count 1 incorporates paragraphs 1 through 12,

which describe each of the Defendants, their businesses, the underlying scheme to

defraud consumers by selling counterfeit products, and the manner and means through which the Defendants conducted this scheme. *See* Dkt. 210 at 2–5. Further, Count 1 tracks the statutory language of the elements of wire fraud and indicates that the alleged conduct occurred in the District of Idaho. *See United States v. Bonallo*, 858 F.2d 1427 (9th Cir. 1988). Though Gennady's name is not explicitly listed in paragraph 19, Count 1 in its totality clearly charges him with conspiring to commit wire fraud by posting fraudulent descriptions and photos of the counterfeit items online and wire transferring the payments made for those devices.

Gennady also argues the timeframe given in Count 1 ("beginning in or about January 2008, and continuing through on or about August 14, 2018") is too open-ended to advise him of the time in which he participated in the alleged scheme. He relies heavily on *United States v. Cecil*, in which the Ninth Circuit held an indictment was insufficient because it "clearly lacked a statement of the facts and circumstances that would inform the accused of the specific offenses with which they were charged." 608 F.2d 1294, 1296–97 (9th Cir. 1979). There, the indictment only included the locations where the conspiracies took place, the names of some of the alleged co-conspirators, and that the conspiracies occurred "beginning on or before July, 1975, and continuing thereafter until on or after October, 1975." *Id.* at 1267. Though the court noted the timeframe was open-ended, this factor alone was

not dispositive of the insufficiency of the indictment. *Id.* Instead, the overall lack of factual allegations rendered it invalid. *Id.*

In contrast, the Superseding Indictment here contains a descriptive factual background of the counterfeit cell phone businesses. Moreover, the timeframe given in Count 1, though lengthy, sufficiently sets temporal bounds on the alleged decade-long criminal enterprise. *See United States v. Forrester*, 616 F.3d 929, 940–41 (9th Cir. 2010) (finding "uncertainty regarding a conspiracy's beginning and ending dates does not render an indictment fatally defective so long as overt acts alleged in the indictment adequately limit the time frame of the conspiracy"). Here, the allegations in the indictment limit the conduct charged to that which occurred through the operation of the Defendants' counterfeit cell phone businesses. Count 1 "fairly informs" Gennady of the charge against which he must defend and enables him to avoid double jeopardy on the same charge. *See Hamling*, 418 U.S. at 117.

### B. Count 20

Count 20 charges the Defendants with conspiring to traffic in counterfeit goods. Gennady argues Count 20 is defective because he is not charged with a specific instance of conspiracy, like his co-defendants are in Counts 21 through 34. However, Count 20 incorporates paragraphs 1 through 19, which includes the allegations and factual background of Count 1. Further, Count 20 charges the

Defendants with conspiring to traffic in counterfeit goods, gives the relevant statutory language, lists the devices they allegedly sold, and the corresponding trademarks they counterfeited. *See* Dkt. 210 at 10–11. Moreover, the timeframe, as stated above, was not too broad to render the indictment defective.

### C.    Count 35

Count 35 charges the Defendants with conspiracy to launder money in violation of 18 U.S.C. § 1956(h). Kristina and Timofey do not contest that the count adequately lists the elements of the charge, but argue that, by only listing a broad date range and the location of the conspiracy, the charge lacks a sufficient factual description of the alleged conspiracy.

However, Count 35 incorporates paragraphs 1 through 19 of the Superseding Indictment. As stated above, these paragraphs detail the Defendants' allege scheme of selling counterfeit cellphones and accessories through various business. *See* Dkt. 210 at 2–5. Construing the indictment in its entirety and according to common sense, it is clear that Count 35 charges the Defendants with conspiring to launder the proceeds of the fraudulent cell phone sales made through their various businesses. *See Hinton*, 222 F.3d at 672; *United States v. Shahin*, 527 F. App'x 606, 607 (9th Cir. 2013) (finding the indictment was valid because it "as a whole provided adequate information about the time, place, and persons involved in the

alleged conspiracy" and "referenced the charging statutory provision").

## CONCLUSION

For the foregoing reasons, the Court will deny the Defendants' motions to dismiss Counts 1, 20, and 35 of the Superseding Indictment.

## ORDER

**IT IS ORDERED that:**

1.   Defendant's Motion to Dismiss (Dkt. 475) is **DENIED**.

2.   Defendant's Motion to Dismiss (Dkt. 484) is **DENIED**.

3.   Defendant's Motion to Dismiss (Dkt. 487) is **DENIED**.

DATED: September 14, 2020

B. Lynn Winmill
U.S. District Court Judge