ROB S. LEWIS
ATTORNEY AT LAW
913 W. RIVER STREET, STE. 430
BOISE, IDAHO 83702
P.O. BOX 1061
BOISE, IDAHO 83701
TELEPHONE (208) 395-0667
FACSIMILE (208) 338-1273
IDAHO STATE BAR #4848

**ATTORNEY FOR DEFENDANT**
**TIMOFEY BABICHENKO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR18-258-S-BLW |
| Plaintiff, | **MOTION TO EXCLUDE GOVERNMENT'S EXPERT JAMES HOGG AND CHRISTOPHER PYRYT OR MOTION FOR DAUBERT HEARING** |
| vs. | |
| PAVEL BABICHENKO, GENNADY BABITCHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, NATALYA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, MIKHAIL IYERUSALIMETS, ARTUR PUPKO, | |
| Defendants. | |

The defendants, by and through attorney Rob S. Lewis, moves to exclude the government's expert witness, James Hogg and Christopher Pyryt. This motion is based upon the following Memorandum of Points and Authorities and the pleadings and papers on file herein.

MOTION        -1-

# MEMORANDUM OF POINTS OF AUTHORITIES

## BACKGROUND

On January 2, 2020, the government filed their Notice of Intent To Introduce Expert Testimony From Trademark and Certification Mark Holders (ECF 340). In said notice, the government included a curriculum vitae of James Hogg (ECF 340-2) and Christopher Pyryt (ECF 340-3). Other than the curriculum vitae for Hogg and Pyryt, the government did not file any reports or disclosures related to either proposed expert.

### A. THE CONTENT OF THE GOVERNMENT'S EXPERT NOTICE IS INSUFFICIENT.

Under Rule 16, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. p. 16(a)(1)(G). "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. (emphasis added). "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001).

Specifically for Hogg, the government's expert notice merely lists topics the expert may or may not address at trial, including:

- He supports criminal investigations by identifying counterfeit products;

- He examined the mobile device parts and accessories bearing the various Samsung trademarks at issue in this case;

- These parts and accessories were not authentic Samsung products;

- Manufacturing specifications of the counterfeit merchandise were inferior and the counterfeit products lacked crucial indicia of legitimate Samsung products;

- Mr. Hogg will testify to the process by which counterfeiters unsuccessfully attempt to replicate legitimate Samsung products;

MOTION     -2-

- Mr. Hogg is expected to explain the process by which Samsung selects the parts used in its products and the safety risks associated with using counterfeit parts to repair Samsung products;

- Mr. Hogg will discuss the characteristics of Samsung trademarks and compare spurious and legitimate versions of Samsung trademarks.

Specifically for Pyryt, the government's expert notice merely list topics the expert may or may not address at trial, including:

- Mr. Pyryt will explain the process by which Samsung Inc. protects its intellectual property, as well as how counterfeiters unsuccessfully attempt to replicate legitimate Samsung products;

- Mr. Pyryt is further expected to explain the process by which Samsung selects the parts used in its products and the safety risks associated with using Samsung products;

- Mr. Pyryt will testify regarding Samsung's registration and use of its trademarks with the U.S. Patent and Trademark Office, as well as the pricing and distribution of legitimate Samsung products.

The notice does not provide the basis and reasons for those opinions. The notice is void of any information on how the items at issue were "examined" or what "process" the witnesses undertook to determine they were counterfeit. The government's notice therefore fails to comply with Rule 16(a)(1)(G). *See Duvall*, 272 F.3d at 828 (finding the government violated Rule 16(a)(1)(G) where its notice "provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects"). Thus, the government should not be allowed to call Mr. Hogg and Mr. Pyryt to testify as expert witnesses because it has failed to give proper notice of their testimony. Counsel waited to file this motion until after the expert disclosure deadline to see if the government provided additional reports or documents that supplemented their expert notice. No reports or documents related to these witnesses were disclosed to sufficiently supplement their insufficient notice.

### B. MR. HOGG AND MR. PYRYT'S TESTIMONY IS NOT ADMISSIBLE UNDER THE RULES OF EVIDENCE AND/OR *DAUBERT* HEARING.

Expert testimony is controlled by Federal Rules of Evidence 702, which provides:

MOTION      -3-

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (explaining factors in determining an expert's admissibility); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) (expanding Daubert to non-scientific expert testimony).

When a party proposes expert testimony, the district court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir. 2007). Because expert testimony is "likely to carry special weight with the jury . . . care must be taken to assure that a proffered witness truly qualifies as an expert." *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001).

In addition, expert testimony "should not invade[ ] the province of the jury.*" United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993) (internal quotation marks omitted). Expert testimony on areas within the average juror's common understanding must not be admitted. *Id*. Finally, the Court must exclude expert testimony whose probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); Fed. R. Crim. P. 403.

As explained, the government's notice does not give the factual basis for any of their opinions. The government thus has not shown Mr. Hogg and Mr. Pyryt's expert opinions are based on sufficient facts or data, the product of reliable principles and methods, or that Mr. Hogg and Mr. Pyryt have reliably applied the principles and methods to the facts of the case.

MOTION        -4-

Finally, any probative value of Mr. Hogg and Mr. Pyryt's testimony is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. The government states in its notice it intends to call Mr. Hogg and Mr. Pyryt as "brand security and anti-counterfeiting initiatives." Given the nature and size of this case, the Defendants are very concerned about the necessity to call two witnesses to testify about the same subject matter. To do so would create an unfair prejudice (witness vouching) and undue consumption of time in a trial that will likely last two months.

### C. THE GOVERNMENT SHOULD BE PROHIBITED FROM CALLING MR. HOGG AND MR. PYRYT AS BOTH AN EXPERT AND LAY WITNESS.

Furthermore, a jury views an expert with an "aura of special reliability and trustworthiness." *United States v. Amaral*, 488 F.2d 1148, 1152 (9th Cir. 1973). Allowing a government witness to testify as both an expert and lay witness therefore presents many dangers to the defendant's constitutional rights to a fair trial. *Freeman*, 498 F.3d at 902.

First, "by qualifying as an expert, the witness attains unmerited credibility when testifying about factual matters from first-hand knowledge." *Freeman*, 498 F.3d at 903 (internal quotation marks omitted). "Second, it is possible that expert testimony by a fact witness or case agent can inhibit cross-examination . . . [because a] failed effort to impeach the witness as expert may effectively enhance his credibility as a fact witness." *Id.* (internal quotation marks omitted). "Third, when the prosecution uses a case agent as an expert, there is an increased danger that the expert testimony will stray from applying reliable methodology and convey to the jury the witness's sweeping conclusions about appellants' activities, deviating from the strictures of Rules 403 and 702." *Id.* (internal quotation marks omitted). "Fourth, a case agent testifying as an expert may lead to juror confusion because [s]ome jurors will find it difficult to discern whether the witness is relying properly on his general experience and reliable methodology, or improperly on what he has learned of the case." *Id.* (internal quotation marks omitted). "Finally, when a case agent/expert strays from the scope of his expertise, he may impermissibly rely upon and convey hearsay evidence [and in] doing so, the witness may also run afoul of the Sixth Amendment Confrontation Clause." *Id.* (internal quotation marks omitted).

MOTION        -5-

When the government seeks to have a witness testify in both an expert and lay witness capacity there inherently exists serious concerns with whether the expert can testify without blurring the two roles. *Freeman*, 498 F.3d at 903. Furthermore, even if the expert could keep his testimony separated between the two roles, the Court must determine whether the risk of prejudice is nevertheless too high to warrant admission under Federal Rule of Evidence 403. *See United States v. Foster*, 939 F.2d 445, 452 (7th Cir. 1991) (noting the risk for "undue prejudice" when a government witness testifies as an expert and a lay witness).

Here, it appears the government intends to call Mr. Hogg as an expert and fact witness. As noted above, the Defendants are concerned about two witnesses testifying about the same subject matter, thus giving the appearance of greater credibility between the witnesses, especially given the assertion by the government that Mr. Hogg examined the mobile device parts and accessories but will also testify as an expert about the process by which Samsung selects the parts used in its products and the safety risks associated with using counterfeit parts to repair Samsung products. This subject matter is exactly the same (per the government's notice) as to what Mr. Pyryt would testify about. Consequently, to allow the same testimony from two different witnesses, would confuse the issues, cause duplication of testimony, and unfairly prejudice the Defendants.

### D. CONCLUSION

For the reasons given, the Defendants respectfully requests this Court exclude Mr. Hogg and Mr. Pyryt's testimony from trial. Alternatively, if the Court is inclined to allow Mr. Hogg and Mr. Pyryt to testify, the Defendants request the Court hold a hearing outside the presence of the jury to address the substance of Mr. Hogg and Mr. Pyryt's testimony to assess their qualifications and the reliability of their opinions under *Daubert*.

DATED this 15th day of October, 2020.

By: /s/ _____
ROB S. LEWIS
Attorney for Timofey Babichenko

## **INDEX OF EXHIBITS**

Exhibit A - Government's Expert Notice (ECF 340)

Exhibit B – Curriculum Vitae of James Hogg (ECF 340-2)

Exhibit C – Curriculum Vitae of Christopher Pyryt (ECF 340-3)

MOTION     -7-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15TH day of October, 2020, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

| | |
|---|---|
| Samuel Richard Rubin<br>Federal Public Defender<br>Federal Defender Services of Idaho<br>702 West Idaho Street, Suite 1000<br>Boise, ID 83702<br>dick_rubin@fd.org | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Kate Horwitz, Assistant U.S. Attorney<br>Office of the United States Attorney<br>Washington Group Plaza, IV<br>800 Park Blvd. Suite 600<br>Boise, ID 83712<br>khorwitz@usa.doj.gov | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Christian Nafzger, Assistant U.S. Attorney<br>Office of the Unite States Attorney<br>Washington Group Plaza, IV<br>800 Park Blvd. Suite 600<br>Boise, ID 83712<br>cnafzger@usa.doj.gov | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| John Charles DeFranco<br>Ellsworth, Kallas & DeFranco, PLLC<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Paul Riggins<br>380 S. 4th Street, Ste. 104<br>Boise, Idaho 83702<br>rigginslaw@gmail.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Greg S. Silvey<br>PO Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| J D Merris<br>Merris and Naugle<br>913 W. River St. 420<br>Boise, ID 83702<br>jmerris@cableone.net | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |

MOTION    -8-

| | |
|---|---|
| Robyn Fyffe<br>Fyffe Law<br>PO Box 5681<br>Boise, ID  83705<br>robyn@fyffelaw.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Ellen Nichole Horras Smith<br>5561 N. Glenwood St.<br>Boise, ID  83714<br>Ellen@smithhorras.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |
| Jeffrey Brownson<br>223 N. 6th Street<br>Boise, Idaho 83702<br>jb@jeffreybrownsonlaw.com | ☐ U.S. Mail<br>☒ ECF Notification<br>☐ Overnight Mail<br>☐ Telecopy (Fax) |

    /s/ Rob Lewis
ROB S. LEWIS
Attorney for Timofey Babichenko

MOTION     -9-