JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945
E-mail jcd@greyhawklaw.com

Attorney for Defendant
PAVEL "PAUL" BABICHENKO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | CASE NO. CR-18-258-BLW<br><br>JOINT MOTION TO ADDRESS GOVERNMENT'S UNNAMED EXPERT WITNESSES OR MOTION FOR A DAUBERT HEARING |

The Defendant, Pavel "Paul" Babichenko, by and through his attorney of record John C. DeFranco, and on behalf of all defendants with the exception of Artur Pupko, reserves the opportunity to argue for the exclusion of the government's expert witnesses, which at this point are identified only by topic area or to be determined. This motion is based upon the following Memorandum of Points and Authorities and the pleadings and papers on file herein.

<u>MEMORANDUM OF POINTS OF AUTHORITIES</u>

The government's May 8, 2020, Notice of Intent To Introduce Expert Testimony From Online Selling Platforms (ECF 515) expressed an intent to call witnesses as experts in the field of their respective on line selling platforms (hereinafter platform), namely: Amazon and eBay. The Government identified a list of topics to be addressed by each of the witnesses.

**I.      The content of the government's expert notice is insufficient.**

Under Rule 16, "the government must give to the defendant a written summary of any testimony from an Amazon or eBay representative that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. p. 16(a)(1)(G). "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. (emphasis added). "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001).

For Amazon, the Government stated an unnamed witness would testify regarding the act of becoming a platform seller making national and international sales. The witness would address fulfillment by Amazon (fba) - a for profit service offered by Amazon to assist sellers. The witness would discuss fees, direct deposits, product descriptions, shipment and pricing. Lastly, the witness would explain the processes for addressing customer complaints and returns, detecting counterfeit goods being sold on the platform, and the revocation of a seller's platform privileges.  For eBay the information was the same as the list of topics provided for Amazon.

The Government's notice neither identified a witness nor described an opinion of a platform witnesses. It also does not provide the basis and reasons for the need to express those opinions. The government's notice therefore fails to comply with Rule 16(a)(1)(G). *See Duvall*, 272 F.3d at 828 (finding the government violated Rule 16(a)(1)(G) where its notice "provided a list of the general subject matters to be covered,

Motion to Exclude Witness                                                                    2

but did not identify what opinion the expert would offer on those subjects"). Thus, the defense believes it may argue the government cannot call the expert witness, because it has failed to give proper notice of his testimony. Counsel waited to file this motion until after the expert disclosure deadline to see if the government provided additional reports or documents that supplemented their expert notice. The defense believes no reports or documents related to this witness were disclosed to sufficiently supplement their insufficient notice.

## II.   Amazon/eBay testimony may not be admissible under the rules of evidence and/or a *Daubert* hearing is necessary.

Expert testimony is controlled by Federal Rules of Evidence 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;
>
> (c)   the testimony is the product of reliable principles and methods; and
>
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (explaining factors in determining an expert's admissibility); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999) (expanding Daubert to non-scientific expert testimony).

When a party proposes expert testimony, the district court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is . . . valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *United States v. Freeman*, 498 F.3d 893, 901 (9th Cir.

2007). Because expert testimony is "likely to carry special weight with the jury . . . care must be taken to assure that a proffered witness truly qualifies as an expert." *Jinro America Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 1004 (9th Cir. 2001).

In addition, expert testimony "should not invade[ ] the province of the jury." *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993) (internal quotation marks omitted). Expert testimony on areas within the average juror's common understanding must not be admitted. *Id*. Finally, the Court must exclude expert testimony whose probative value is substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); Fed. R. Crim. P. 403.

As explained, the government's notice fails to provide any summary of proposed opinion. The government thus has not shown a representative of Amazon or eBay's expert opinions are based on sufficient facts or data, the product of reliable principles and methods, or that the witness has reliably applied the principles and methods to the facts of the case.

Furthermore, their opinions may not assist the jury. The jury may not need expert testimony to understand the topics the government wishes to address. Finally, any probative value may be substantially outweighed by risk of unfair prejudice, confusion of issues, or undue consumption of time.

CONCLUSION

For the reasons given, the defense respectfully requests this Court consider the remedy of exclusion unless more information is provided regarding potential testimony. Alternatively, the Court may desire to hold a hearing outside the presence of the jury to address the substance of Amazon/eBay representative testimony to assess the qualifications and the reliability of any opinions under *Daubert*.

DATED this 15th day of October, 2020.

_____/s/_____
John C. DeFranco
Attorney for Pavel "Paul" Babichenko

## <u>INDEX OF EXHIBITS</u>

Exhibit A - Government's Expert Notice

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of October 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kate Horowitz,
Assistant US Attorney Office of the United States Attorney
Kate.horwitz@usdoj.gov

Christian Samuel Nafzger,
Assistant US Attorney Office of the United States Attorney
Christian.nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600 Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

Jeffrey Brownson
Attorney for Gennady Babichenko
jb@jeffreybrownsonlaw.com

Paul Riggins,
Attorney for Piotr Babichenko
rigginslaw@gmail.com

Rob S. Lewis,
Attorney for Timofey Babichenko
office@roblewislaw.com

Greg S. Silvey,
Attorney for Kristina Babichenko
greg@idahoappeals.com

JD Merris,
Attorney for Natalya Babichenko
jmerris@cableone.net

Melissa Winberg and Nicole Owens
Attorney(s) Anna Iyerusaliments
dick_rubin@fd.org
melissa_winberg@fd.org
nicole_owens@fd.org

Robyn Fyffe,
Attorney For David Bibikov
Robyn@fyffelaw.com

Tom Dominick
Attorney for Artur Pupko
tom@dominicklawoffices.com

Ellen Smith,
Attorney for Mikhail Iyersalimets
ellen@smithhorras.com

_____/s/_____
John C. DeFranco