UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-CR-00258-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| PIOTR BABICHENKO, *et al.* | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendant Gennady Babichenko's Motion to Sever. Dkt. 551. The Court held a hearing on the motion on August 28, 2020. Dkt. 625. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Gennady Babichenko is charged in a Superseding Indictment with the following: (1) conspiracy to commit wire fraud; (2) conspiracy to traffic in counterfeit goods; (3) conspiracy to launder money; and (4) three substantive counts of laundering money. Dkt. 210. He is presently scheduled for a jury trial beginning February 1, 2021 along with eight codefendants. In the present motion, Gennady moves to sever his trial from his codefendants.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

"There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Federal Rule of Criminal Procedure 14(a) allows for severance of properly joined defendants if "the joinder. . .appears to prejudice a defendant." A defendant seeking severance must show that "joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976). Relevant to assessing prejudice is the jury's ability to compartmentalize the evidence as it relates to the individual defendants. *United States v. Vasquez-Velasco*, 15 F.3d 833, 846 (9th Cir. 1994).

When the need for a codefendant's testimony is the grounds for a motion to sever, the defendant must show "(1) that he would call the codefendant at a severed trial, (2) that the codefendant would in fact testify, and (3) that the testimony would be favorable to the moving party." *United States v. Hernandez*, 952 F.2d 1110, 1115 (9th Cir. 1991) (citing *United States v. Jenkins*, 785 F.2d 1387, 1393 (9th Cir. 1986)). The court must then balance the weight and credibility of the expected testimony with principles of judicial economy. *Id*. (citing *United States v. Castro*, 887 F.2d 988, 998 (9th Cir. 1989)). Principles of judicial economy do not

generally yield to claims of alleged prejudice from a codefendant's excluded testimony. *Id.* (citing *United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985)).

## ANALYSIS

Gennady argues the Court should grant severance because a joint trial will (1) cause him undue prejudice by preventing the jury from making a reliable judgment in light of his lesser degree of culpability and (2) prevent him from presenting exculpatory codefendant testimony.

### 1. Prejudicial Spillover

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Gennady contends that, even if his alleged involvement in the counterfeit goods conspiracies is proven, he is guilty to a remarkably lesser degree than his codefendants. Therefore, he asserts, the risk of prejudicial spillover and juror confusion is heightened.

According to the government, there exists a substantial amount of overlapping evidence applicable to all defendants and Gennady's involvement is

further corroborated by financial records and documents. As alleged, Gennady's money laundering was integral to the entire illegal operation as the laundering facilitated the counterfeit goods trafficking, wire and mail fraud. Accordingly, Gennady's participation in the alleged illegal activity is broader than he asserts in his motion. Gennady is not entitled to severance merely because he may stand a better chance of acquittal in a separate trial. *Zafiro*, 506 U.S. at 540.

The jury must be able to consider the alleged conspiracies separately. However, the Court is confident that the jury will properly follow the Court's instructions and compartmentalize the evidence as it relates to Gennady. *Velasquez-Velasco*, 15 F.3d at 846.

## 2.     Codefendant Testimony

Gennady also contends that a joint trial will prevent him from presenting exculpatory evidence in the form of codefendant testimony. As a threshold matter, Gennady has not sufficiently shown that his codefendants would in fact testify and not assert their Fifth Amendment privileges in a separate trial. *Hernandez*, 952 F.2d at 1115. Indeed, defense counsel noted as much during the hearing on this matter.

Furthermore, it is not evident that the desired testimony will provide sufficient exculpatory weight as to outweigh judicial economy considerations. *Id*.

MEMORANDUM DECISION AND ORDER - 4

In his affidavit provided to the Court, defense counsel merely "anticipates" that most, if not all, of Gennady's codefendants would testify. Dkt. 551-2. However, none of the enumerated points that defense counsel asserts codefendants would testify to exonerates Gennady from his alleged money laundering. Dkt. 551-2. As such, Gennady has not met his heavy burden to show that a joint trial here is "manifestly prejudicial" to require severance. *Brashier*, 548 F.2d at 1323.

**ORDER**

**IT IS ORDERED** that Defendant's Motion to Sever (Dkt. 551) is **DENIED**.

DATED: November 3, 2020

B. Lynn Winmill
U.S. District Court Judge