JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945
E-mail jcd@greyhawklaw.com

Attorney for Defendant
PAVEL "PAUL" BABICHENKO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(HONORABLE B. LYNN WINMILL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | CASE NO. CR-18-258-BLW<br><br>PAVEL "PAUL" BABICHENKO'S MOTION TO CONTINUE TRIAL OR IN THE ALTERNATIVE NOTICE OF OBJECTIONS TO COURT'S PROPOSED PRETRIAL ORDER NO. 1 (ECF 666) |

The Defendant, Pavel "Paul" Babichenko, by and through his attorney of record, John C. DeFranco, hereby moves to continue the jury trial currently scheduled to begin February 1, 2020. Mr. Babichenko understands and agrees to the proposed continuance. The primary justification for the continuance is the pandemic. Everyday seems to present a new challenge. Currently, the incidence of COVID infections is on the sharp rise. The widespread increase in COVID19 infections is predicted to continue through the winter months. Longer range forecasts are more optimistic. The Court, the Court's staff, the

defendants, the defendants' families, counsel and those assisting counsel should not have to expose themselves to the serious health risks that are present with the pandemic to commence the trial as scheduled when a continuance is likely to greatly reduce those risks.

Secondly, and potentially more important, a continuance will obviate the need to conduct the trial with the compromises to customary trial procedures that are set forth in the Court's Pretrial Order. These compromises seriously jeopardize Mr. Babichenko's right to fair trial. Other counsel have detailed their objections to the Court's Pretrial Order. The objections highlight significant constitutional impediments to a fair trial. The Court's Pretrial Order compromises counsel's ability to do the work necessary to effectively represent his client. To avoid compromising Mr. Babichenko's right to a fair trial under the constraints set forth in the Pretrial Order, a continuance is necessary.

Should the Court deny the continuance motion, Mr. Babichenko adopts the objections filed by the codefendants and offers the following further objections and comments.

PTO-A. OBJECTION TO DAILY WEEKLY TRIAL SCHEDULE.

The Court has wide discretion to conduct a trial, as it deems appropriate. Counsel recognizes the Court has had to balance innumerable and unusual considerations to conduct this complex trial during the pandemic. Nevertheless, having an earlier start and end times to the trial day would be advantageous to the jurors and the litigants. The litigants can use a couple of hours in the afternoon to digest the day's information and plan for the following day. Jurors can use those same hours to attend to their work and

personal issues. An earlier start and end time is preferable.  For these reasons, the defense objects to the trial schedule set forth in the Pretrial Order.

PTO-B.  OBJECTION TO COURTROOM THREE.

In section three (3) the court proposed a one attorney per table order to provide for necessary social distancing. The defense believes the other proposals are manageable, but this is not.  Co-counsel has been appointed in this most serious and complicated case to satisfy Fifth, Sixth and Fourteenth Amendment considerations. To not allow co-counsel to fully participate undermines those constitutional considerations. Mr. Riggins objection (ECF 692) detailed a number of excellent examples of how co-counsel would be prevented from assisting counsel at trial. Co-counsel needs to be at the defense table. The defense objects.

Section 5(c) proposes a defense messaging system. This appears workable but in practice it may not be. The clients inevitably will ask questions of counsel, inch closer to counsel or maneuver their masks to communicate with counsel. The attorneys may do the same. Based on my previous and recent experiences before the court, I believe it will be active in urging compliance with pandemic safety protocols. Over ten weeks collective episodes wherein counsel are reminded and/or reprimanded may create the appearance of an antagonistic atmosphere. It may become prejudicial to the fair trial right of the accused.  This is a significant concern.

PTO-E. OBJECTION TO THE PROHIBITION OF PUBLIC VIEWING OF TRIAL.

Of all the objections this Sixth Amendment request for a public trial is most important. The Court has experienced the overwhelming courtroom support enjoyed by the accused in this case. The audience has been reliable and courteous. Many of the

attendees are part of the Russian American community. They are both a source of strength for the individual defendants and inspiration for the attorneys who represent them. Limiting an attendees' access to a video screen denies them their own exercise of their right to express their support. Mr. Riggins said it best in his objection: it shows the jury-people care.[1] If the defendants cannot have a public trial, then they cannot have a trial that satisfies the Sixth Amendment. The defense objects.

                                                Respectfully Submitted this 13th day of November, 2020.

                                                _____/s/_____
                                                John Charles DeFranco
                                                Attorney for Paul Babichenko

---

[1] ECF 692 Page 14

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kate Horowitz,
Assistant US Attorney Office of the United States Attorney
Kate.horwitz@usdoj.gov

Christian Samuel Nafzger,
Assistant US Attorney Office of the United States Attorney
Christian.nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600 Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

Jeffrey Brownson
Attorney for Gennady Babichenko
jb@jeffreybrownsonlaw.com

Paul Riggins,
Attorney for Piotr Babichenko
rigginslaw@gmail.com

Rob S. Lewis,
Attorney for Timofey Babichenko
office@roblewislaw.com

Greg S. Silvey,
Attorney for Kristina Babichenko
greg@idahoappeals.com

JD Merris,
Attorney for Natalya Babichenko
jmerris@cableone.net

Melissa Winberg and Nicole Owens
Attorney(s) Anna Iyerusaliments
dick_rubin@fd.org
melissa_winberg@fd.org
nicole_owens@fd.org

Motion to Continue/Objections To Court's Procedural Order No. 1                5

Robyn Fyffe,
Attorney For David Bibikov
Robyn@fyffelaw.com

Tom Dominick
Attorney for Artur Pupko
tom@dominicklawoffices.com

Ellen Smith,
Attorney for Mikhail Iyersalimets
ellen@smithhorras.com

_____/s/_____
John C. DeFranco