UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | Case No. 1:18-CR-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Gennady Babitchenko's Motion to Reconsider Memorandum Decision and Order (Dkt. 632), which denied his motion to dismiss Counts 1 and 20 of the Superseding Indictment. *See* Dkt. 631. The motion is fully briefed and at issue. For the reasons that follow the Court will deny the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Gennady Babitchenko is charged with conspiracy to commit wire fraud (Count 1), conspiracy to traffic in counterfeit goods (Count 20), conspiracy to launder money (Count 35), and money laundering (Counts 38, 43, 46). *Superseding Indictment*, Dkt. 210. Gennady moved to dismiss Counts 1 and 20 of the Superseding Indictment as constitutionally deficient. Dkt. 487. The Court denied his motion, finding that Counts 1 and 20 fairly informed him of the charges and enabled him to avoid double jeopardy on the same charges. Dkt. 631. Gennady now moves for reconsideration of the Court's order, suggesting the Court factually erred.

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit, have held that motions for reconsideration may be filed in criminal cases. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted ..., post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Mendez*, 2008 WL 2561962, at *1

(C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial); *United States v. Hector*, 368 F. Supp. 2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress).

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *Mendez*, 2008 WL 2561962, at *2. In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See id*. (applying the standard governing Rule 60(b)); *Hector, 368 F. Supp. 2d at 1063* (analyzing a reconsideration motion as a Rule 59(e) motion). Federal Rule of Criminal Procedure 57(b), "Procedure When There is No Controlling Law," states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."

Rule 59(e) of the Federal Rules of Civil Procedure authorizes motions to alter or amend a judgment. Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (3d ed.). A "district court enjoys considerable discretion in

**MEMORANDUM DECISION AND ORDER - 3**

granting or denying" a Rule 59(e) motion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999). A Rule 59(e) motion may be granted on any of four grounds: (1) a manifest error of law or fact upon which the judgment is based; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and (4) an intervening change in controlling law. *McDowell*, 197 F.3d at 1255 n.1 (quoting Federal Practice and Procedure § 2810.1).

Rule 60(b) allows for "relief from a final judgment, order, or proceeding" for any of six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. A Rule 60(b) motion must be made "within a reasonable time," and for reasons (1), (2), and (3), within no more than a year. Fed. R. Civ. P. 60(c)(1).

## ANALYSIS

In its order, the Court found that the superseding indictment sufficiently alleged the charges in Counts 1 and 20. Gennady now moves for reconsideration. Gennady argues that the Court erred by relying on the paragraphs listing the manner and means of the conspiracy, in which he is not listed, to find that the superseding indictment alleges that he "conspire[ed] to commit wire fraud by

posting fraudulent descriptions and photos of the counterfeit items online and wire transferring the payments made for those devices." Dkt. 632-1 at 6.

The language relied on by Gennady from the Court's order is paraphrased from Paragraph 19 of the superseding indictment. Gennady is not named in Paragraphs 17, 18, or 19 of the superseding indictment, which set forth the alleged manners and means used by his codefendants to import counterfeit cellphones to Idaho, repackage them, and sell them through online platforms. While the indictment does not specifically allege that Gennady posted photos of counterfeit items online, it does sufficiently allege that he participated in a conspiracy to sell counterfeit electronics and commit wire fraud, as charged in Count 1.

First, Paragraph 19 alleges that Gennady's codefendants "knowingly and willfully conspired *with others*, for the purpose of executing the aforesaid scheme" of selling counterfeit cellphones online. Dkt. 210 ¶ 19 (emphasis added). Second, Paragraphs 14 and 15 allege that Gennady conspired with his codefendants to devise and engage in a scheme to defraud by selling counterfeit electronic devices on Amazon.com and eBay. Paragraph 16 alleges that the goal of Gennady's and his codefendants' scheme was to enrich themselves by selling counterfeit devices as new.

The Court is not persuaded that it erred in finding the indictment sufficiently

MEMORANDUM DECISION AND ORDER - 5

alleged Gennady engaged in wire fraud as charged in Count 1. When read "in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied," *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000), Count 1 "fairly informs" Gennady of the charge against him. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

Gennady also moves for reconsideration on the Court's denial of his motion to dismiss Count 20, relying on the alleged error discussed above. Because the Court finds that Count 1 sufficiently alleged the charges against him, the Court finds that Count 20 also sufficiently alleges the charges of conspiracy to traffic in counterfeit goods.

## ORDER

**IT IS ORDERED** that Defendant's Motion to Reconsider Memorandum Decision and Order (Dkt. 632) is **DENIED**.

DATED: November 17, 2020

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 6**