UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND PROTECTIVE ORDER** |

## INTRODUCTION

A defense expert is scheduled to examine physical evidence – specifically cell phones – on Monday, December 14, 2020. Before that examination takes place, the government asks the Court to enter a protective order preventing destruction of evidence. Defendant David Bibikov objects to such an order, arguing that it's not necessary, and that by bringing the motion, the government is simply attempting to interfere with the planned examination. The Court disagrees and will grant the motion.

MEMORANDUM DECISION & ORDER - 1

## DISCUSSION

Defendants are charged with engaging in a decade-long scheme to sell counterfeit smartphones. The superseding indictment includes conspiracy and substantive charges. All substantive counts (other than those regarding money laundering) are based on physical evidence – primarily cell phones and accessories. *See* Dkts. 201 & 465 at 12.

In October 2020, defendant's forensic expert, Derek Ellington, examined 20 Apple cellphones law enforcement had covertly purchased from Pavel Babichenko in 2016. Mr. Ellington disassembled some of the phones and removed some phones from their box, which meant ripping off the shrink-wrap cellophane encasing the box. Mr. Ellington threw the cellophane in the trash, unaware that it had any significance.

The government says it recently learned of this; more specifically, it says that last week "defense counsel confirmed that at least one of their experts materially altered – and from the Government's perspective, destroyed – certain items of evidence during their unsupervised review." *Motion,* Dkt. 717, at 2. The government intended to present at least some of the phones in their original shrink-wrap cellophane during trial. According to the government's theory of the case, "[t]he quality of both the cellophane and the sealing of that cellophane hold evidentiary value in the determination of whether the packaging, the phones, and

the accessories are counterfeit or genuine." *Id.* at 3 n.1. For that reason, the government intentionally preserved phones in their original packaging so that the jury could see the quality of the cellophane seal and the presentation of the phone and accessories inside the box.

The government also says that the defense team "haphazardly disassembled phones without appropriately preserving the component parts" and "altered the evidence by including their own material, namely, adhesives on the packaging and multiple rubber bands that bind the now-destroyed phones." *Id.* at 4.

Defendant says the government was well aware that the entire purpose of Mr. Ellington's October 2020 examination was to disassemble phones, and, moreover, the government said nothing about its intent to maintain some phone boxes sealed. Defendant also points out that the government itself has disassembled phones during the course of this case, and, further, that more than a year has passed since Mr. Ellington first disassembled a phone during an earlier examination in North Carolina and the government didn't complain about that. *See Response,* Dkt. 719, at 2. Thus, defendant says the requested protective order is unnecessary; the motion is "frivolous;" the government misled Ellington regarding "packing expectations;" and the government's current allegation of surprise is "specious." *Id.* at 2, 3.

The Court is not persuaded. Granted, some phones will – and have been –

MEMORANDUM DECISION & ORDER - 3

disassembled. But the government has adequately explained why it needs to preserve some phones in their original packaging. Given that, the Court finds it appropriate to enter an order that the defense (and their experts) maintain all evidence received from the Government in the manner received. It may well be that the defense will want to disassemble some phones, and it appears that the government would be receptive to disassembly for some phones but not others. The point, from what the Court can tell, is that the parties – and, specifically, counsel – need to communicate more effectively about what will and will not happen to specific items of physical evidence during defense examinations. After all, defense counsel states she "would have been amenable to preserving one or more boxes had the government expressed any concern prior to the exam." *Response,* Dkt. 719, at 5. Indeed, in many respects much of what we have here is a failure to communicate. The result is that some evidence has been altered or destroyed. A protective order is therefore appropriate.

## ORDER

    **IT IS ORDERED that:**

1. The Government's Emergency Motion for Protective Order Regarding Physical Evidence (Dkt. 717) is **GRANTED.**

2. Defendants, their attorneys, and all other individuals or entities who examine physical evidence outside the presence of a federal agent, shall

**MEMORANDUM DECISION & ORDER - 4**

maintain all evidence received from the Government in the manner it was received. Accordingly, defense experts shall not disassemble or unpackage any phones received from the Government without first: (a) notifying Government counsel, in writing, of the item of evidence they wish to disassemble or unpackage; and (b) obtaining Government counsel's explicit, prior written consent as to precisely what sort of disassembly or unpackaging will occur as to that specific item.

3. Defendants and their attorneys are required to give a copy of this protective order to all individuals or entities engaged by defense counsel to conduct an examination of physical evidence in this case.

DATED: December 11, 2020

B. Lynn Winmill
U.S. District Court Judge