Barry L. Flegenheimer
WA State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
(206) 621-1256 (fax)
barrylfp@gmail.com

Jeffrey Brownson
Idaho State Bar No. 7474
LAW OFFICE OF JEFFREY BROWNSON
223 North 6th Street, Suite 215
Boise, Idaho 83702
(208) 342-5800
(208) 437-8041 (fax)
jb@jeffreybrownsonlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | CASE NO. CR-18-00258-BLW<br><br>DEFENDANTS' MOTION TO COMPEL REGARDING GOVERNMENT'S FINANCIAL EXPERT TESTIMONY (LINDA CZEMERYS) |

1 • DEFENDANTS' MOTION TO COMPEL REGARDING GOVERNMENT'S
FINANCIAL EXPERT TESTIMONY (LINDA CZEMERYS)

## I. INTRODUCTION

Trial by ambush cannot be practiced by the government or permitted by the Court. With regards to expert witness disclosures, Rule 16 unambiguously requires the government to provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The summary "*must* describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* (Emphasis added.) This includes "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion . . . ." *Id.*, Fed. R. Crim. P. 16, Advisory Comm. Notes, 1993 Amendment.

Thus far, the government's disclosure regarding its financial expert witness Linda Czemerys wholly fails to satisfy its Rule 16 obligations. Dkt. 342.[1] The government's notice fails to identify with any specificity the expert opinions it intends to introduce through Ms. Czemerys. The notice also fails to provide any facts, data, analysis or methods upon which Ms. Czemerys is making her conclusions. Rather, the government's notice merely provides vague and skeletal information, outlining broad conclusions, without identifying the bases and reasons for her findings. Absent is any expert analysis.

Based on this failure, the Defendants[2], through their attorneys, move for the Court to compel the government to provide mandated Rule 16 disclosures related to its financial expert

---

[1] In its notice, the government reserved the right to supplement the notice. Dkt. 342, n.1. However, to date, despite requests by defense counsel, the government has failed to supplement its deficient disclosure. See Exhibit A. However, the government has indicated it intends to clarify its use of the conjunction "whether" on page 3 of its Notice. See Exhibit B.

[2] This Motion to Compel is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr

Linda Czemerys. This motion is based on Fed. R. Crim. P. 16(a)(1)(G) and FRE 401-403, 602, 701-703, 704(b), and 705, the Sixth Amendment and the following memorandum and the pleadings and papers on file herein.

## II. BACKGROUND

Among other charges, the Defendants are charged with conspiracy to launder money in violation of 18U.S.C. § 1956(h), and with substantive money laundering counts for their participation in monetary transactions related to their alleged trafficking in counterfeit-goods. Dkt. 210. The government contends the Defendants funneled funds through various personal and/or corporate bank accounts, made purchases with proceeds deposited into the accounts, and conducted financial transactions to conceal the proceeds of specified unlawful activity.

The government filed notice of its intent to call Linda Czemerys as a financial expert. Dkt. 342. In a scant four sentences, the government outlined Linda Czemerys expected testimony[3]:

> The United States intends to call Ms. Czemerys to testify about the financial investigation in this matter, including her forensic accounting of hundreds of bank accounts involved in this conspiracy, as well as the methods of laundering money and tax evasion identified in this conspiracy. Additionally, Ms. Czemerys is expected to interpret this activity and testify about commonly-identified means of money laundering, including structuring the amount of transfers, as well as funneling money among businesses, coconspirators, and internationally. Ms. Czemerys will provide the jury with helpful background information regarding how criminal organizations launder money, including the use of "funnel accounts" to move money from one place to another through the banking system. She will opine

---

Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David, Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets, recognized collectively as the "Defendants."

[3] The government's notice also includes a paragraph about Ms. Czemerys' background and qualifications. It concludes by stating: "The bases and reasons for her opinion depends upon years of experience conducting criminal financial investigations, specialized knowledge gained as a result of this experience, as well as training and education in the area of financial investigations." Dkt. 342, at 2-3.

>on whether the records of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy shows evidence of activity that is consistent with persons engaged in illegal activity and money laundering.

Dkt. 342, at 3.

Unlike the government, the Defendants, according to their reciprocal Rule 16 obligations, and in good faith, provided an extensive, detailed, and comprehensive disclosure of the opinions, basis for the opinions, factual support for his opinions, and expected testimony of their financial expert, Eric Lee. Dkts. 401 & 736.  In their Supplemental Notice, the defense laid out, in fifteen pages, a summary of Mr. Lee's expected testimony, including his opinions and the basis for his opinions. Dkt. 736.  The defense hoped their detailed disclosure would prompt the government to reciprocate with its mandated Rule 16 obligations regarding its expert, Ms. Czemerys.  However, to date, the government has failed to supplement its disclosure.[4]  Given the trial date's immanency and the necessity for the defense to adequately prepare, further delay in filing this motion jeopardizes the Defendants' rights to a fair trial and to confront the government's evidence.

**III.   DISCUSSION**

Under Rule 16, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use . . . during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).  "The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

---

[4] The government has indicated that, at some unspecified date, it intends to provide defense counsel with spreadsheets. Counsel expects the spreadsheets are the government's anticipated summary exhibits. Exhibit A.

4  •  DEFENDANTS' MOTION TO COMPEL REGARDING GOVERNMENT'S FINANCIAL EXPERT TESTIMONY (LINDA CZEMERYS)

*Id*. (emphasis added).  "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall,* 272 F.3d 825, 828 (7th Cir. 2001).

A sentence-by-sentence examination of the government's four sentence disclosure makes clear its obvious deficiency.

> **Sentence one: "The United States intends to call Ms. Czemerys to testify about the financial investigation in this matter, including her forensic accounting of hundreds of bank accounts involved in this conspiracy, as well as the methods of laundering money and tax evasion identified in this conspiracy."**

This sentence mainly provides background.  It vaguely describes the materials Ms. Czemerys reviewed in this case and, generally, methods of money laundering and tax evasion in the abstract, not necessarily applicable to the facts in this case.[5]  It provides no specific content about Ms. Czemerys' opinions, analysis, or basis of her opinions.  It does not articulate the referred to "*methods*" of money laundering or tax evasion the government intends to present through Ms. Czemerys' testimony or the facts that would support that "method."  The defendants are left to speculate.

Moreover, by referring to "tax evasion," the government subtly infers its intention to have Ms. Czemerys opine that the defendants committed "tax evasion."[6]  Yet absolutely no basis for this opinion was provided as is required by Rule 16.  If Ms. Czemerys concluded tax evasion took place, how did she come to this conclusion?  Where is the analysis?  Nowhere has this been disclosed.  Absent disclosure, the government has failed to comply with Rule 16, and adequate defense preparation is impossible.

---

[5] In fact, it fails to even identify the bank accounts she reviewed.
[6] A separate issue about the admissibility of evidence of tax evasion, uncharged conduct, may be raised by the defendants.

5  •  DEFENDANTS' MOTION TO COMPEL REGARDING GOVERNMENT'S FINANCIAL EXPERT TESTIMONY (LINDA CZEMERYS)

**Sentence two:** "Additionally, Ms. Czemerys is expected to interpret this activity and testify about commonly-identified means of money laundering, including structuring the amount of transfers, as well as funneling money among businesses, coconspirators, and internationally."

Here, the government does disclose Ms. Czemerys' expected opinion. However, the disclosure does not explain the basis for her conclusions. How specifically did she arrive at this conclusion? What facts is she relying on to form the bases for her conclusions? No explanation is provided about the facts she is relying upon or why those facts constitute "structuring" or "funneling." Pursuant to Rule 16 mandates, the defense should not be left to speculate about the basis for Ms. Czemerys' opinions. Rule 16 requires more.

**Sentence three:** "Ms. Czemerys will provide the jury with helpful background information regarding how criminal organizations launder money, including the use of "funnel accounts" to move money from one place to another through the banking system."

Depending on the Court's ruling on possible evidentiary objections, Ms. Czemerys may or may not be permitted to testify about unrelated criminal organizations. Regardless, the government's disclosure does not identify any facts or provide any analysis of circumstances in this case which Ms. Czemerys is relying upon to conclude that the Defendants' activities are similar to unrelated and unidentified other criminal organizations.

**Sentence four:** "She will opine on whether the records of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy shows evidence of activity that is consistent with persons engaged in illegal activity and money laundering."

Here the government does disclose an expansive opinion. What the disclosure fails to provide are the records Ms. Czemerys is reliant upon. It fails to explain how the bank account and tax records support Ms. Czemerys conclusion. Any reasons for her opinion are absent. How

do the tax records support her conclusion?  Again, the defense is left to guess.  This subverts the purpose of Rule 16 requirements.

These four sentences are the sum of the government's notice about Linda Czemerys' testimony.  The notice provides skeletal disclosure of Ms. Czemerys' specific opinions, no articulated bases for her opinions, no facts she's relying on, and no analysis as to how she arrived at her opinions.

## IV.   CONCLUSION

The government's expert notice fails to comply with Rule 16(a)(1)(G).  This failure deprives the defendants the opportunity to prepare and confront the evidence adequately.  Based on the foregoing, the Defendants respectfully request the Court to compel the government to provide a disclosure consistent with the Rule 16 mandates.

DATED this 16th day of February 2021.

s/ Barry Flegenheimer
s/ John Defranco
Attorneys for Pavel Babichenko

/s/ Jeffrey Brownson
Attorney for Gennady Babitchenko

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis

8 • DEFENDANTS' MOTION TO COMPEL REGARDING GOVERNMENT'S FINANCIAL EXPERT TESTIMONY (LINDA CZEMERYS)

913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ Melisa Wong
Legal Assistant