UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BABICHENKO,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is Defendant Piotr Babichenko's First Motion to Vacate and Continue Jury Trial. *See* Dkt. 766. Defendants David Bibikov and Kristina Babichenko have formally joined the motion. *See* Dkts. 773, 774. Otherwise, Mr. Babichenko's motion states that all defendants support the motion.

Mr. Babichenko asks the Court to postpone the trial until the COVID-19 pandemic is well and truly over and the Court is able to conduct a normal, pre-

pandemic jury trial. Given the vaccine rollout in this country, Mr. Babichenko estimates that the pandemic will be over by October, or possibly even July.

The problem, of course, is that nobody has a crystal ball. Even as of this writing – with all the good news about the vaccines[1] – we don't know precisely when or if the nation will return to pre-pandemic times. So it doesn't make sense to continue the trial until the pandemic is over and masks and social distancing are a thing of the past. The Court will therefore deny the motion. Trial will proceed as scheduled on June 8, 2021.

## DISCUSSION

This is an old case. Over two and one-half years ago, defendants were indicted on multiple counts of conspiracy to traffic in counterfeit goods, conspiracy to commit mail and wire fraud, and conspiracy to launder money. The Court has designated the case as complex and anticipates a 10-week trial. The Court initially scheduled an October 23, 2018 trial. That trial setting has been continued several

---

[1] On March 2, 2021, President Biden said that the United States is on track to produce enough vaccines for every American adult by the end of May 2021. *See* https://www.npr.org/sections/coronavirus-live-updates/2021/03/02/973030394/biden-says-u-s-will-have-vaccine-supply-for-all-adults-by-may-prioritizes-teache (last visited Mar. 11, 2021). And on March 11, 2021, Biden announced that the he will direct all American states, Tribes, and territories to make all adults eligible for a vaccine by May 1, 2021. *See* https://www.whitehouse.gov/briefing-room/statements-releases/2021/03/11/fact-sheet-president-biden-to-announce-all-americans-to-be-eligible-for-vaccinations-by-may-1-puts-the-nation-on-a-path-to-get-closer-to-normal-by-july-4th/ (last visited Mar. 12, 2021).

times, for a total of two years and eight months' worth of continuances. Most recently, the Court continued a February 1, 2021 trial setting to June 8, 2021. Defendants ask the Court to continue the trial once again, this time to October 2021.

Defendants advance three arguments in support of a continuance. First, they argue that if the Court would delay the trial by just a few months, it could abandon the COVID-19 protocols that will be followed during trial. Second, defendants renew their objections to these protocols. Third, defendants suggest that the Court shouldn't be overly concerned with keeping the June trial date because Apple and Samsung, two of the alleged victims in this case, are huge multinational companies that "do not need favor from the Court." *Reply,* Dkt. 780, at 3.

The Court is not persuaded by any of these arguments.

### 1. The End of the Pandemic

A key assumption underlying defendant's motion is that by October 2021, the pandemic likely will be over and the Court would be able to conduct a "normal" trial. But trying to figure out exactly when this pandemic will be over (and*,* on top of that, when we will be able to abandon masks and social distancing and the like) is a fool's errand. As we've seen over the past year, the virus is full of surprises, and although things are looking up, the emerging variants, vaccine hesitancy, and who knows what else could delay or derail a return to pre-pandemic

times. Mr. Babichenko concedes this uncertainty in his motion. *See Mtn. Mem.*, Dkt. 766, at 5 ("Admittedly, we cannot be completely sure when that [a trial free of COVID-19 restrictions] could occur."). Given that uncertainty, the Court is not inclined to continue the trial yet again. If it is possible to try this case in June, the Court will not squander the opportunity to do so.

It's also worth mentioning that, contrary to defendant's assertion, the Court did not select the June 2021 trial date with the idea that the population would be vaccinated and a pre-pandemic trial would be possible. *See Mtn. Mem.,* Dkt. 766, at 5. Rather, the Court continued the February 2021 trial setting only after it became apparent that it would not be possible to conduct *any* trial in the middle an Idaho winter during a global pandemic – much less a nine-defendant, ten-week trial in a complex case. *See Dec. 4. 2020 Order,* Dkt. 716. Plus, the Court always anticipated that a summer 2021 trial would be conducted with the COVID-19 protocols in place. The December 2020 continuance order says exactly that: "the Court anticipates it will conduct the trial with COVID-19 protocols in place, . . . ." Dkt. 716, at 4. Because it now appears likely that it will be possible to conduct a trial in June, the Court will not continue the trial.

2. **The COVID-19 Protocols**

In asking for a continuance, defendants restate their objections to the Court's planned COVID-19 protocols. The Court addressed these objections at length in

earlier orders and will not do so again here. *See* Dkts. 724, 730. Suffice it to say that the Court has satisfied itself that Defendants' rights will not be violated by conducting a trial with the COVID-19 protocols in place.

### 3. Fading Memories and Wealthy Victims

Defendants next say that because this is a document-intensive case, the Court doesn't have to worry about fading witness memories. As Mr. Babichenko put it, "Witness memory and recall is another non-factor. This is not a case based on person's memories and recollections. This is a document based case . . . in which the Government's claims are reliant on written discovery materials." Dkt. 780, at 3. The Court does not find this argument persuasive. The government is continuing to narrow its witness list, but recently anticipated that it would call between 35 and 40 witnesses at trial. *See* Dkt. 714, at 3. As with any other trial, it seems logical to assume that fading memories will matter – regardless of whether the case happens to be document-intensive or not.

As for the alleged victims, Mr. Babichenko identifies Apple and Samsung and then says this:

> This is a white-collar case focused on Apple and Samsung products. To the extent that huge multinational companies are "victims," their rights certainly do not usurp those of "average" American citizens. Apple and Samsung, collectively worth about two and half trillion dollars, do not need favor from the Court.

*Reply,* Dkt. 780, at 3 (footnote omitted). Even assuming, for the sake of argument,

MEMORANDUM DECISION & ORDER - 5

that Apple and Samsung are the only victims of the alleged crimes, it doesn't matter if a victim is rich or poor. Both have an equal right to proceedings "free from unreasonable delay." 18 U.S.C. § 3771(a)(7) ("A crime victim has the right to proceedings free from unreasonable delay."). Accordingly, the Court is not persuaded that it should ignore the alleged victims' interests in deciding whether to grant the requested continuance.

## CONCLUSION

For all these reasons, the Court will deny the motion to continue the June 8, 2021 trial. Defendants should be aware, however, that the Court will remain flexible throughout the trial – meaning that COVID-19 protocols outlined in the pretrial orders are not necessarily set in stone. Rather, as the pandemic unfolds, the Court will monitor the situation and adapt to the CDC's evolving guidance. As an example, if all trial participants are vaccinated, and the CDC says it's safe to do so, the Court will abandon its COVID-19 protocols, including those related to masking, social distancing, and limiting the number of people in the courtroom. *See also Mem. Decision & Order*, Dkt. 742, at 11-12 (observing that "as the vaccines roll out, the Court will be amenable to allowing additional defense team members into the courtroom").

# ORDER

**IT IS ORDERED that** Defendant Piotr Babichenko's Motion to Continue Trial (Dkt. 766) is **DENIED.**

DATED: March 15, 2021

B. Lynn Winmill
U.S. District Court Judge