UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the Government's Motion to Limit Expert Testimony Regarding Mr. Howell. Dkt. 761. The Government seeks to prevent Mr. Howell from testifying about the "first-sale doctrine." Defendant, Pavel Babichenko, opposes the motion. After considering the briefing and record, the Court will grant the motion.

## BACKGROUND

Defendants are charged with trafficking in counterfeit goods and conspiracy to traffic in counterfeit goods in violation of 18 U.S.C § 2320(a). *Superseding Indictment*, Dkt. 210. The Government alleges the defendants imported and sold counterfeit cellphones and accessories and knowingly used counterfeit marks. *Id*.

Defendants intend to call an expert, David Howell, to testify regarding brand protection, counterfeiting, and efforts taken by Amazon and eBay to prevent sales of counterfeit products. Dkt. 403. In a supplemental notice, Defendants indicate that Howell will testify to "concepts and definitions, like the first sale doctrine…." Dkt. 737.

The Government objects to Howell providing any testimony regarding the first sale doctrine. The Government argues that the first-sale doctrine is an affirmative defense, and any attempt to define the concept would invade the province of the Court in instructing the jury on the law. The Government also argues that Howell is not qualified to testify on the first-sale doctrine. Dkt. 761.

## ANALYSIS

Each of the intellectual property rights (patent, copyright, trademark) contains an "exhaustion" doctrine. Essentially, when an intellectual property right holder sells a product, certain intellectual property rights are "exhausted" as to that

particular product. *See* 4 McCarthy on Trademarks and Unfair Competition § 25:41 (5th ed.). In trademark law the "exhaustion" or "first-sale" doctrine means that "[r]esale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition."[1] *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995).

To obtain a conviction under 18 U.S.C. § 2320(a), the Government must prove that the defendants 1) trafficked in goods or services, 2) did so intentionally, 3) used a "counterfeit mark" on or in connection with these goods or services; and 4) knew the mark was counterfeit. *Wang v. Rodriguez*, 830 F.3d 958, 961 (9th Cir. 2016).

Section 2320(d) makes all defenses, affirmative defenses, and limitations on remedies under the Lanham Act applicable in a prosecution under § 2320(a).[2] While not explicitly written into the Lanham Act as a defense for trademark violations, *Sebastian*, 53 F.3d at 1075, the first-sale doctrine appears to be an

---

[1] While a reseller is not liable for simply stocking and reselling genuine goods, the reseller may be liable for conduct beyond simply reselling the products such as confusing consumers or falsely associating with the trademark holder. *Sebastian*, 53 F.3d at 1076; *Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1136 (9th Cir. 2010).

[2] Defendant's reliance on 17 U.S.C. § 109, and caselaw involving copyrights, is misplaced. Title 17 governs copyrights, while Title 15, Chapter 22 governs trademarks.

applicable defense. The first sale doctrine was established long before Congress adopted the Lanham Act. *Au-Tomotive Gold Inc. v. Volkswagen of Am., Inc.*, 603 F.3d 1133, 1136 (9th Cir. 2010). Courts have consistently refused to interpret the Lanham Act to preclude a buyer from simply reselling a trademarked product. *Id.*

The Court does not see how the first-sale doctrine is applicable in this case. *See Au-Tomotive Gold*, 603 F.3d at 1136 (We emphasized that this rule "preserves an area of competition by limiting the producer's power to control the resale of its product," while ensuring that "the consumer gets exactly what the consumer bargains for, the genuine product of the particular producer." (quoting *Sebastion,* 53 F.3d at 1075)). The Government is not alleging the defendants legitimately purchased cellphones or accessories from the trademark holder and then resold them to consumers. Instead, the Government is alleging that the defendants trafficked in goods with a counterfeit mark. Beyond relevance, the Court is also concerned that testimony regarding the first-sale doctrine would only serve to confuse the jury.

Even if the first-sale doctrine is relevant in this case, the Court will still not permit Howell to testify regarding the doctrine because it would call for him to render legal conclusions or instruct the jury on the law. The first-sale doctrine is an affirmative defense and Howell would essentially be instructing the jury on the

law.

While experts may occasionally testify to legal conclusions in complex cases, this case is a far cry from *Adams v. U.S.*, 2009 WL 1085481 (D. Idaho, 2009), which Defendant relies on. There the experts testified regarding complex regulatory compliance schemes and a company's product labelling under the Federal Insecticide, Fungicide, and Rodenticide Act.

Here, the doctrine is not complex. It states that if a buyer of a trademarked product resells that product, the buyer is not liable for trademark violations unless the buyer confuses the market or falsely associates with the trademark holder. It would be improper for Howell to testify regarding the first-sale doctrine.

## ORDER

IT IS ORDERED that the Government's Motion to Limit Expert Testimony Regarding Mr. Howell (Dkt. 761) is GRANTED.

DATED: May 18, 2021

B. Lynn Winmill
U.S. District Court Judge