UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE FINANCIAL EXPERT LINDA CZEMERYS** |

## INTRODUCTION

Before the Court is Defendants' Motion in Limine to Exclude the Government's Financial Expert, Linda Czemerys, from Presenting Evidence Regarding (1) Robert Eisenberg's Criminal Charge and Conviction, and (2) the Defendants' Motive or Mental State (Dkt. 806). For the following reasons, the Court will grant the motion in part and deny it in part. The Court will deny the motion as to the Eisenberg evidence because it would be best to resolve objections related to this evidence at trial. Otherwise, in accordance with the Federal Rule of

MEMORANDUM DECISION & ORDER - 1

Evidence 704(b) and Ninth Circuit authority interpreting that rule, the Court will not allow Ms. Czemerys to directly testify regarding defendants' motive or mental state.

## BACKGROUND

Defendants are charged with three conspiracies: (1) conspiracy to commit wire fraud, (2) conspiracy to traffic in counterfeit goods, and (3) conspiracy to launder money. They are also charged with individual counts of wire fraud, mail fraud, trafficking in counterfeit goods, and money laundering. At trial, the government intends to call Linda Czemerys as an expert financial witness. Defendants are concerned with two areas of Ms. Czemerys' anticipated testimony:

(1)   ***The Eisenberg Evidence.*** First, defendants say that, through Ms. Czemerys, the Government intends to present evidence that: (1) in 2010 and 2011, Pavel Babichenko conducted business with Robert Eisenberg or his companies; and (2) in 2013, Mr. Eisenberg entered a corporate guilty plea to Trademark Counterfeiting in a New York state court. Defendants say this evidence should be excluded under Federal Rules of Evidence 401-404 because it is factually and legally irrelevant and unfairly prejudicial

(2)   ***Motive and Mental State.*** Second, defendants are concerned that Ms. Czemerys will testify to the Defendants' motive and mental state, in violation of Federal Rule of Evidence 704(b).

## THE GOVERNING LEGAL STANDARD

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). Still, though, a motion in limine should not be used to resolve factual disputes or weigh evidence. *C&E Servs., Inc., v. Ashland Inc.,* 539 F. Supp. 2d 316, 323 (D.D.C. 2008). Rather, unless the proffered evidence is clearly inadmissible for any purpose, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Further, rulings on motions in limine are provisional and, therefore, "not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000). Accordingly, at trial, the court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See Luce v. United States*, 469 U.S. 38, 41 (1984) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling.").

## DISCUSSION

**1. The Eisenberg Evidence**

The Court will deny the motion in limine regarding the Eisenberg evidence as it prefers to wait and see how the evidence develops at trial. Generally, though, and to provide some guidance to the parties, the Court will offer these observations:

First, and based on what little information it has at this point, the Court will be inclined to exclude the fact of Mr. Eisenberg's conviction, plea, and judgment or other disposition. The government didn't specifically address this point in its responding brief. Otherwise, the Court will be inclined to allow the government to put on evidence related to the Babichenkos' financial dealings with Mr. Eisenberg or entities he controls – assuming, of course, that those dealings are factually related to the charges in this case. The government says that between July 2010 and August 2011, Pavel Babichenko received a little over $6 million in deposits from entities in Hong Kong controlled by Mr. Eisenberg. And during that same time frame, Pavel Babichenko moved around $5.6 million to another entity controlled by Mr. Eisenberg. Additionally, the government says that in 2015, Tim Babichenko asked Mr. Eisenberg if he had a "large qty of as is iPhone 6s." *See Ex. 5* to Dkt. 865, at 1. The government argues that these facts relate to the charges against Tim and Pavel Babichenko.

As noted above, though, the Court does not have enough information or context to resolve questions of foundation, relevancy and potential prejudice related to this evidence. Accordingly, the Court will deny the motion regarding the Eisenberg evidence without prejudice. As with any in limine ruling, defendants are free to raise the objections to the proffered evidence at trial.

**2.  Opinion Testimony Regarding Defendants' Motive or Mental State**

Defendants are concerned that Ms. Czemerys will opine that they engaged in financial transactions *with the specific intent to conceal or disguise the source of funds,* which is an element of money laundering. *See* 18 U.S.C. § 1956(a)(1)(B)(i) & (a)(2)(B)(i).[1]

Federal Rule of Evidence 704(b) does not permit an expert to testify about a defendants' motives or mental state. That rule provides as follows:

> In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone.

The Ninth Circuit, however, has "interpreted that rule much more narrowly than its

---

[1] The elements of 18 U.S.C. § 1956(a)(1)(B)(i) are: (1) the defendant conducted or attempted to conduct a financial transaction; (2) the transaction involved the proceeds of unlawful activity; (3) the defendant knew that the proceeds were from unlawful activity; and (4) the defendant knew "that the transaction [was] designed in whole or in part – (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity." *United States v. Wilkes*, 662 F.3d 524 (9th Cir. 2011).

text might indicate." *United States v. Hayat*, 710 F.3d 875, 901 (9th Cir. 2013).

In *United States v. Gonzales*, 307 F.3d 906, 911 (9th Cir. 2002), for example, the defendant was charged with possessing a controlled substance with intent to distribute. At trial, DEA Special Agent Heald testified that, "based upon the weight [of the drugs seized], that [sic] indeed it would be used to distribute as opposed to possess for your own ingestion.'" He was then asked whether his opinion would be firmer or less firm if the person carrying the drugs was also carrying a gun, pay/owe sheets and a scale. He responded, "Well, those circumstances would lead me to believe and make my opinion extremely firm that that person was carrying those items for the purpose of distributing the drugs."

On appeal, the Ninth Circuit held that Agent Heald's expert testimony did not violate Rule 704(b) because "[e]ven if the jury believed the expert's testimony, the jury could have concluded that [the defendant] was not a typical or representative person, who possessed the drugs and drug paraphernalia involved. In other words, it could be concluded that although a typical person might have the requisite purpose or intent, Gonzales was atypical and did not." *Id.* at 911.

In another case, *United States v. Younger,* 398 F.3d 1179, 1189 (9th Cir. 2005), an expert witness for the prosecution testified that "[t]he person, individual, whoever possessed this, possessed it for the purposes of selling." *Id*. (emphasis removed). The court Ninth Circuit upheld the admission of the testimony,

MEMORANDUM DECISION & ORDER - 6

reasoning that "the expert never directly commented on defendant's mental state, and the jury could have accepted his testimony and still infer that defendant was atypical." *Id.* at 1190.

In keeping with this authority, the Court will grant defendants' motion in limine to the extent they simply seek an order preventing Ms. Czemerys from directly testifying as to their mental states or motives. Otherwise, Ms. Czemerys may of course testify that the *effect* of any given financial transaction was to conceal the source of funds. And, based on the Ninth Circuit authority described above, she may generally testify that a particular transaction or series of transactions has no apparent business purpose and evidences an intent to conceal. She cannot, however, go on to draw the inference that, based on her review of a financial transaction or series of transactions, a defendant did, in fact, have the intent to conceal the source of funds.

Finally, to the extent defendants ask for a blanket order prohibiting Ms. Czemerys from even using what they describe as "loaded buzz words" ("conceal," "disguise," "funnel," "siphon," "obfuscate," "obscure,") the Court will deny that request. So long as Ms. Czemerys does not directly testify about defendants' motives or mental states, the Court does not see any reason to prohibit her from using these words during her testimony.

# ORDER

**IT IS ORDERED THAT** Defendant's Motion in Limine (Dkt. 806) is **GRANTED in part and DENIED in part** as follows. The motion is **GRANTED** to the extent that Ms. Czemerys will not be allowed to directly testify as to defendants' motive or mental state. In all other respects, the motion is **DENIED.**

DATED: June 9, 2021

B. Lynn Winmill
U.S. District Court Judge