UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | |
| v. | **ORDER RE FINAL JURY INSTRUCTIONS AND VERDICT FORMS** |
| PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS, | |
| Defendants. | |

The Court provided the attached, Final Jury Instructions and Verdict Forms to the jury in this matter.

***The Instruction.*** The instructions were read to the jury on August 25 and 26, 2021. During the oral reading of these instructions to the jury, the Court informed the jury that it would receive additional information regarding Instruction 6. *See generally Aug. 25 Trial Tr.*, at 6489:24 to 6490:4. Court staff provided that revised instruction to the jury on Monday, August 30, 2021 and retrieved the old instruction six. The revised instruction 6 included in the set of instructions filed

here – after the original instruction 6.

   *The Verdict Forms.* The final verdict forms provided to the jury are attached here as well. The original form for Michael Iyerusalimets contained a very minor typographical error. The judge informed the jury of that error during the reading of the verdict form in Court, and the form attached here is the corrected one only, as the Jury was provided with the corrected form.

DATED: September 3, 2021

B. Lynn Winmill
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| PAUL BABICHENKO, PETER BABICHENKO, TIM BABICHENKO, KRISTINA BABICHENKO, NATALIE BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MICHAEL IYERUSALIMETS, | |
| Defendants. | |

The following Final Jury Instructions were given to the jury on August 25, 2021.

1

# Table of Contents

|  | **General Instructions** |
|---|---|
| (1) | Duty of Jury |
| (2) | Charges Not Evidence |
| (3) | Reasonable Doubt Defined |
| (4) | Defendant's Decision to Testify or Not Testify |
| (5) | What Is Evidence |
| (6) | What Is Not Evidence |
| (7) | Direct & Circumstantial Evidence |
| (8) | Credibility of Witnesses |
| (9) | Activities Not Charged |
| (10) | Separate Consideration of Multiple Counts |
| (11) | Counts Before the Jury |
| (12) | Foreign Language Testimony |
| (13) | On or About – Defined |
|  | **Consideration of Particular Types of Evidence** |
| (14) | Statements by Defendant |
| (15) | Other Acts of Defendant |
| (16) | Testimony of Certain Witnesses |
| (17) | Opinion Evidence – Expert Witnesses |
| (18) | Charts and Summaries |
| (19) | Lost or Destroyed Evidence |
|  | **The Charges** |
| (20) | Summary of the Charges |
| (21) | The Conspiracy Charges – Counts 1 and 20 |
| (22) | Buyer-Seller Relationship |
| (23) | Multiple Conspiracies |
| (24) | Conspiracy – Knowledge/Association with Others |
| (25) | Wire Fraud |
| (26) | Mail Fraud |
| (27) | Knowingly – Related to Wire and Mail Fraud |
| (28) | Intent to Defraud |
| (29) | Vicarious Liability – Co-Schemer |
| (30) | Trafficking in Counterfeit Goods |
| (31) | Trafficking in Counterfeit Labels or Packaging |
|  | **Responsibility** |
| (32) | Aiding and Abetting |
|  | **Verdict Forms** |
| (33) | Verdict Form |

## Instruction No. 1
## Duty of Jury

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

Recall that I gave you a set of preliminary instructions. You must now disregard those instructions. Please give them to Ms. Smith or Ms. Pugh when you return to the jury room.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, ethnicity, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control,

or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**Instruction No. 2**
**Charge Not Evidence**
**Presumption of Innocence – Burden of Proof**


The charges against the defendants in this case are contained in an indictment. The indictment is not evidence. Each defendant has pleaded not guilty to the charges and is presumed to be innocent unless and until the government proves that defendant guilty beyond a reasonable doubt. In addition, a defendant does not have to testify or present any evidence. Nor does a defendant have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

**Instruction No. 3**
**Reasonable Doubt – Defined**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

8

**Instruction No. 4**
**Defendant's Decision To Testify or Not Testify**

In this case, some defendants testified and others did not.

For those defendants who did testify, you should treat their testimony just as you would the testimony of any other witness.

For those defendants who did not testify, you must remember that a defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that a defendant did not testify.

## Instruction No. 5
## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits received in evidence; and

3.  any facts to which the parties have agreed.

**Instruction No. 6**
**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are *not* evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 6**
**What is Not Evidence**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are *not* evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Instruction No. 7**
**Direct & Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## Instruction No. 8
## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may ask yourself the following questions:

(1) What opportunity and ability did the witness have to see or hear or know the things testified to?

(2) How good was the witness's memory?

(3) What was the witness's manner or demeanor while testifying?

(4) Does the witness have some interest in the outcome of the case?

(5) Does the witness have any bias or prejudice?

(6) Did other evidence contradict the witness's testimony?

(7) How reasonable was the witness's testimony in light of all the other evidence?

You must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Instruction No. 9
## Activities Not Charged

You are here only to determine whether each defendant is guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

**Instruction No. 10**
**Separate Consideration of Multiple Counts**

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

**Instruction No. 11**
**Counts Before the Jury**

When this trial began, an additional person – Gennady Babitchenko – was before you as a defendant. Mr. Babitchenko is no longer on trial, and you will not be called upon to render a verdict as to him. Likewise, you will not be called upon to render a verdict as to Counts 35-51 of the indictment, which were the money-laundering counts.

Do not speculate about why Mr. Gennady Babitchenko is no longer before you as a defendant, and do not speculate about why the money-laundering counts are no longer before you.

The remaining defendants are on trial only for Counts 1-4, 6, 9-13, 15, and 18-30. These counts will be discussed in more detail later in these instructions. Generally, though, be aware that you may consider the evidence presented at trial only as it relates to these counts.

17

**Instruction No. 12**
**Foreign Language Testimony**

You have heard testimony of a witness who testified in Russian.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know Russian, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

18

**Instruction No. 13**
**"On or About" – Defined**

The indictment charges that the offenses alleged therein were committed "on or about" a certain date or dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged, it is not necessary for the government to prove that the offenses were committed precisely on the date or dates charged.

**Instruction No. 14**
**Statements by Defendants**

You have heard testimony that certain defendants made statements.  It is for you to decide (1) whether a defendant made a statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about any statement, including the circumstances under which the defendant may have made it.

**Instruction No. 15**
**Other Acts of Defendants**

You have heard evidence that a defendant or defendants may have committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the purpose of (1) deciding whether the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; (2) deciding whether the defendant committed the acts for which they are on trial by accident or mistake; and (3) considering the defendant's believability as a witness. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**Instruction No. 16**
**Testimony of Certain Witnesses**

You have heard testimony from Vadim Dmitruk and Artur Pupko, both of whom received benefits, compensation, and favored treatment from the government in this case. You also heard testimony from Nikolay Bukhanstov, Rebekah Bukhanstov, Igor Bukhanstov, Ivan Bukhanstov, Nikolay P. Bukhanstov, all of whom allegedly participated in the conspiracies alleged in the indictment.

For these reasons, in evaluating the testimony of these witnesses, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should generally consider the testimony of these witnesses with greater caution than that of other witnesses.

Finally, Mr. Pupko has pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against any of the defendants in this case, and you may consider that guilty plea only in determining Mr. Pupko's believability.

## Instruction No. 17
## Opinion Evidence – Expert Witness

You have heard testimony from expert witnesses who testified to opinions and the reasons for the opinions. This opinion testimony is allowed because of the education or experience of the witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

### Instruction No. 18
### Charts and Summaries

You have seen charts and summaries during this trial.

Some of these charts and summaries *have been* admitted into evidence as summaries of other voluminous evidence.  Such charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

You have also seen charts and summaries that were *not* admitted into evidence.  These charts and summaries were described as demonstrative exhibits during the trial, and they were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  Further, if those charts and summaries did not correctly reflect the facts or figures shown by the evidence in the case, you should disregard them and determine the facts from the underlying evidence.

**Instruction No. 19**
**Lost or Destroyed Evidence**

If you find that the government intentionally destroyed or failed to preserve certain photographs on Agent Chris Sheehan's smartphone, and that the government knew or should have known that these photographs would be evidence in this case, you may infer, but are not required to infer, that this evidence was unfavorable to the government.

### Instruction No. 20
### Summary of the Charges

I will next give you a series of instructions regarding the elements of each charge alleged in this case. Before doing so, I will give you a brief overview of the charges.

As I have explained earlier, this is a criminal case brought by the United States government against eight defendants: Paul Babichenko, Peter Babichenko, Tim Babichenko, Kristina Babichenko, Natalie Babichenko, David Bibikov, Anna Iyerusalimets, and Michael Iyerusalimets.

The government alleges that for roughly ten years – between January 2008 and August 2018 – the defendants conspired to commit wire fraud and to traffic in counterfeit goods, labels, or packaging.

The government also alleges that the defendants committed discrete acts of wire fraud, mail fraud, and trafficking in counterfeit goods on specific days in 2016 and 2017. These separately alleged offenses are sometimes referred to as "substantive offenses" in these instructions. Don't attach any particular meaning to that phrase – it's just a shorthand way of referring to the non-conspiracy charges.

**Instruction No. 21**
**The Conspiracy Charges – Counts 1 and 20**

In Counts 1 and 20, the government charges all defendants with entering into two separate conspiracies. Count 1 charges the defendants with conspiring to commit wire fraud. Count 20 charges the defendants with conspiring to traffic in counterfeit goods, labels, or packaging.

For each of these two alleged conspiracies, the government must prove two elements, as follows:

*Wire Fraud.* For the alleged conspiracy to commit wire fraud, the government must prove that: (1) beginning in or about January 2008 and ending on or about August 14, 2018, there was an agreement between two or more people to commit wire fraud; and (2) a defendant became a member of that conspiracy, knowing of at least one of its objects and intending to help accomplish it.

*Trafficking in Counterfeit Goods, Labels, or Packaging.* For the alleged conspiracy to traffic in counterfeit goods, labels, or packaging, the government must prove that: (1) beginning in or about January 2008 and ending on or about August 14, 2018, there was an agreement between two or more people to traffic in counterfeit goods, labels, or packaging; and (2) a defendant became a member of that conspiracy, knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

27

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. To be a member of a conspiracy, a defendant need not have known all the conspirators, participated in the conspiracy from its beginning, or participated in all its enterprises. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

## Instruction No. 22
## Buyer-Seller Relationship

A buyer-seller relationship between a defendant and another person, standing alone, cannot support a conviction for conspiracy. The fact that a defendant may have bought cell phone products from another or sold cell phones products to another is not sufficient, without more, to establish that the defendant was a member of the charged conspiracy. Instead, a conspiracy conviction requires proof of an agreement to commit a crime beyond the mere sale of inventory.

In considering whether the evidence supports the existence of a conspiracy or the existence of a buyer-seller relationship, you should consider all the evidence, including the following factors:

    (1) whether the sales were made on credit or consignment;

    (2) the frequency of the sales;

    (3) the quantity of the sales;

    (4) the level of trust demonstrated between the buyer and the seller;

    (5) the length of time during which the sales were ongoing;

    (6) whether the transactions were standardized; and

    (7) whether the parties advised each other on the conduct of the other's business.

These are merely a list of relevant factors to aid you in analyzing the evidence; the presence or absence of any single factor is not determinative.

**Instruction No. 23**
**Multiple Conspiracies**

You must decide whether each conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged in Count 1 or Count 20 did not exist, then you must return a not guilty verdict as to that count, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the conspiracy charged in Count 1 or Count 20, then you must find that defendant not guilty of that count, even though that defendant may have been a member of some other conspiracy.

## Instruction No. 24
## Conspiracy — Knowledge of and Association with Other Conspirators

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

> *First*, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

> *Second*, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

> *Third*, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**Instruction No. 25**
**Wire Fraud**

In Counts 2, 3, 4, 6, 9, and 10, the government has charged six defendants

with separate instances of wire fraud, in violation of Section 1343 of Title 18 of the

United States Code. The charges are detailed in this chart:

| Count | Defendant | Approximate Date of Wire | Use of Interstate Wire Communications |
|---|---|---|---|
| 2 | Michael Iyerusalimets | 3/7/2016 | Advertised, sold, and caused purchase of counterfeit Samsung charger listed as "authentic" on Amazon.com |
| 3 | Anna Iyerusalimets Michael Iyerusalimets | 3/14/2016 | Advertised, sold, and caused purchase of counterfeit Apple iPhone and Samsung charger listed as "new" on eBay.com |
| 4 | Kristina Babichenko Tim Babichenko | 3/17/2016 | Advertised, sold, and caused purchase of counterfeit Samsung phone and battery listed as "new" on eBay.com |
| 6 | Tim Babichenko | 10/24/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhones listed as "new" on Amazon.com |
| 9 | David Bibikov | 12/12/2017 | Advertised, sold, and caused purchase of counterfeit Apple iPhone listed as "new" on Amazon.com |
| 10 | Peter Babichenko | 12/12/2017 | Advertised, sold, and caused purchase of counterfeit Samsung phone listed as "new" on Amazon.com |

In order for a defendant to be found guilty of wire fraud, the government

must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly participated in, devised, or intended to
devise a scheme or plan to defraud, or a scheme or plan for obtaining money
by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made as part of the scheme were material; that
is, they had a natural tendency to influence, or were capable of influencing, a
person to part with money or property;

*Third*, the defendants acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, the defendants used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendants' words and statements, but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendants that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendants that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

## Instruction No. 26
## Mail Fraud

Six defendants are charged with mail fraud in violation of Section 1341 of Title 18 of the United States Code.  These charges are contained in Counts 11, 12, 13, 15, 18, and 19 of the indictment, as shown in this chart:

In Counts 11, 12, 13, 15, 18, and 19, the government has charged six defendants with mail fraud, in violation of Section 1341 of Title 18 of the United States Code. The charges are detailed in this chart:

| Count | Defendant | Approximate Date of Shipment | Mailed Items | Sender |
|-------|-----------|------------------------------|--------------|--------|
| 11 | Michael Iyerusalimets | 3/7/2016 | counterfeit Samsung charger | Mobile Rack Co. |
| 12 | Anna Iyerusalimets Michael Iyerusalimets | 3/14/2016 | counterfeit Apple iPhone and Samsung charger | Tradewestern 2016 |
| 13 | Kristina Babichenko Tim Babichenko | 3/17/2016 | counterfeit Samsung phone and battery | KayPop |
| 15 | Tim Babichenko | 10/24/2017 | counterfeit Apple iPhone | Ariginall |
| 18 | David Bibikov | 12/12/2017 | counterfeit Apple iPhone | Bibby's Electronics |
| 19 | Peter Babichenko | 12/12/2017 | counterfeit Samsung phone | Remobile |

In order for a defendant to be found guilty of mail fraud, the government must prove each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

34

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

*Fourth*, the defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

**Instruction No. 27**
**Knowingly – Related to Wire and Mail Fraud**

Use this definition of "knowingly" when you evaluate and decide the wire and mail fraud charges alleged in Counts 2, 3, 4, 6, 9, 10, 11, 12, 13, 15, 18, and 19:

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his or her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

You may also find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant:

(1) was aware of a high probability of a criminal scheme; and

(2) deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the scheme was not criminal, or if you find that the defendant was simply negligent, careless, or foolish.

**Instruction No. 28**
**Intent to Defraud**

The phrase "intent to defraud" – which is an element of mail fraud and wire fraud – is an intent to deceive and cheat. Intent to defraud must be intent to both deceive the victim and to deprive the victim of something of value. If you find that a defendant had a good faith belief that they were not deceiving or cheating an alleged victim, you cannot conclude the defendant intended to defraud.

## Instruction No. 29
## Vicarious Liability – Co-Schemer

If you decide that a defendant was a member of a scheme to defraud and the defendant had the intent to defraud, the defendant may be responsible for other co-schemers' actions during the course of and in furtherance of the scheme, even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the scheme, the offense must be one that the defendant could reasonably foresee as a necessary and natural consequence of the scheme to defraud.

**Instruction No. 30**
**Trafficking in Counterfeit Goods**

In Counts 21 through 30 of the indictment, the government has charged seven

defendants with trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320,

as shown in this chart:

| Count | Defendant | Date | Items |
|---|---|---|---|
| 21 | Paul Babichenko | 10/26/16 | Apple iPhone 4S<br>Apple iPhone 6S |
| 22 | Paul Babichenko | 10/26/16 | Samsung S3 batteries<br>Samsung Note 4 batteries<br>Samsung S4 and S5 batteries<br>Samsung phone chargers |
| 23 | Paul Babichenko | 1/5/17 | Apple iPhone 5S |
| 24 | Tim Babichenko | 10/24/17 | Apple iPhone 5S |
| 25 | Anna Iyerusalimets<br>Michael Iyerusalimets | 3/14/16 | Apple iPhone<br>Apple accessories<br>Samsung charger |
| 26 | Michael Iyerusalimets | 3/7/16 | Samsung charger |
| 27 | Peter Babichenko | 12/12/17 | Samsung Galaxy S4 phone |
| 28 | David Bibikov | 12/2/16 | Apple iPhone 5S<br>Apple chargers |
| 29 | David Bibikov | 12/12/17 | Apple iPhone 5 |
| 30 | Tim Babichenko<br>Kristina Babichenko | 3/17/16 | Samsung battery<br>Samsung Galaxy S4 phone |

For a defendant to be found guilty of this crime, you must be convinced that

the government has proved each of the following elements beyond a reasonable

doubt:

*First:* That the defendant trafficked in goods;

*Second:* That such trafficking was intentional;

*Third:* That defendant used a counterfeit mark on or in connection with the goods; and

*Fourth:* That the defendant knew the mark was counterfeit.


\*\*\*

Some of the terms and phrases used in these elements have specific meanings.

"*Traffic*" means to transport, transfer, or otherwise dispose of, to another, for purposes of commercial advantage or private financial gain, or to import, make, export, obtain control of, or possess, with intent to transport, transfer, or otherwise dispose of.

"*Financial gain*" means the receipt, or expected receipt, of anything of value.

A "*counterfeit mark*" is a mark that is:

(1) "spurious"– meaning that it is false or inauthentic, in that it deceptively suggests an erroneous origin;

(2) used in connection with trafficking in any goods, labels, or packaging of any type or nature;

(3) identical with, or substantially indistinguishable from, a mark registered on the principal register of the United States Patent and Trademark Office;

(4) applied to or used on connection with the goods for which the mark is registered with the United States Patent and Trademark Office; and

(5) likely to cause confusion or mistake, or to deceive, when used.

Note, however, that if the holder of a mark authorizes a manufacturer – at the time of manufacture – to use the mark on a particular type of good, then the mark is not a "counterfeit" mark.

Regarding the fourth element listed above, to prove a defendant *"knew"* a mark was counterfeit, the government must prove that the defendant knew that the mark is: (1) spurious; (2) used in connection with trafficking in goods; (3) identical to or substantially indistinguishable from another mark; and (4) likely to cause confusion, mistake, or to deceive.

That said, if you are convinced beyond a reasonable doubt that a defendant deliberately ignored a high probability that a mark was counterfeit and deliberately avoided learning the truth, then you may find that the defendant knew that mark was counterfeit. But you cannot find such knowledge if you find that the defendant actually believed the mark was not counterfeit, or if you find that the defendant was simply negligent, careless, or foolish.

Finally, I will remind you that these instructions define what the term "counterfeit" means, and you must rely on the definition provided here in rendering your verdict. Throughout the trial, you heard various witnesses testify as to what "counterfeit" meant to them. I will remind you now that the manner in which any witness used the term "counterfeit" should not govern your deliberations or your

41

decision. If you find that a witness used that term in a manner that varies from this instruction, you should ignore that witnesses' determination as to whether an item is "counterfeit."

**Instruction No. 31**
**Conspiracy to Traffic in Counterfeit Labels or Packaging**

No defendant in this case is separately charged with a substantive offense of trafficking in counterfeit *labels or packaging;* rather, several defendants are charged with substantive offense of trafficking in counterfeit *goods.*

All defendants, however, are charged with conspiring to traffic in counterfeit goods, as well as labels or packaging. The elements of a conspiracy to traffic in counterfeit labels or packaging are the same as those laid out in the previous instruction (Instruction No. 30), related to trafficking in counterfeit goods. The only difference is that when you see the word "goods" in that instruction, you should expand it to include "labels or packaging" as you are considering the conspiracy alleged in Count 1.

43

## Instruction No. 32
## Aiding and Abetting

A defendant may be found guilty of wire fraud, mail fraud, or trafficking in counterfeit goods even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of wire fraud, mail fraud, or trafficking in counterfeit goods by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

> *First*, someone else committed wire fraud, mail fraud, or trafficking in counterfeit goods;

> *Second*, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of wire fraud, mail fraud, or trafficking in counterfeit goods;

> *Third*, the defendant acted with the intent to facilitate wire fraud, mail fraud, or trafficking in counterfeit goods; and

> *Fourth*, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

A defendant acts with the intent to facilitate a crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**Instruction No. 33**
**Verdict Forms**

Eight Verdict Forms have been prepared – one for each defendant in this case. For your convenience, each juror has a copy of each verdict form. Additionally, you will be supplied with a separate, clean copy of each verdict form which you will fill in and return to the Court.

You will take these Verdict Forms with you to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign all nine Verdict Forms which sets forth the verdicts upon which you agree.  You will then return with your verdicts to the courtroom.

We will now hear the closing arguments of counsel after which I will give you a few brief closing instructions.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

PAUL BABICHENKO,

    Defendant.

Case No. 1:18-cr-00258-BLW

**VERDICT**

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

    _____        _____

    Not Guilty           Guilty

**Question 2**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

    _____        _____

    Not Guilty           Guilty

*If you found the defendant guilty of Count 20, proceed to answer question 3. If you found the defendant not guilty, skip question 3, and proceed to question 4.*

**Question 3:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

     _____ Counterfeit Goods
     _____ Counterfeit Labels
     _____ Counterfeit Packaging

**Question 4**: As to **Count 21** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about October 26, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

   _____          _____
    Not Guilty                           Guilty

*If you found defendant guilty of Count 21, proceed to answer question 5. If you found defendant not guilty, skip question 5 and proceed to question 6.*

**Question 5:** In finding defendant guilty of Count 21, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

     \_\_\_\_\_ Apple iPhone 4S
     \_\_\_\_\_ Apple iPhone 6S

VERDICT – PAUL BABICHENKO - 2

**Question 6**: As to **Count 22** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about October 26, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

_____          _____
Not Guilty                        Guilty

*If you found defendant guilty of Count 22, proceed to answer question 7. If you found defendant not guilty, skip question 7 and proceed to question 8.*

**Question 7:** In finding defendant guilty of Count 22, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

_____ Samsung S3 batteries
_____ Samsung Note 4 batteries
_____ Samsung S4 batteries
_____ Samsung S5 batteries
_____ Samsung phone chargers

**Question 8**: As to **Count 23** of the Indictment, charging the defendant with trafficking in counterfeit goods – specifically, an iPhone 5S – on or about January 5, 2017, in violation of 18 U.S.C. § 2320, the defendant is:

_____          _____
Not Guilty                        Guilty

_____          _____
DATE                                      FOREPERSON

VERDICT – PAUL BABICHENKO - 3

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | |
| v. | **VERDICT** |
| PETER BABICHENKO, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

_____          _____
Not Guilty                        Guilty

**Question 2**: As to **Count 10** of the Indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of a counterfeit Samsung phone listed as "new" on Amazon.com on or about December 12, 2017, in violation of 18 U.S.C. § 1343, the defendant is:

_____          _____
Not Guilty                        Guilty

**Question 3**: As to **Count 19** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver a counterfeit Samsung phone on or about December 12, 2017, in violation of 18 U.S.C. § 1341, the defendant is:

_____                    _____
Not Guilty                     Guilty


**Question 4**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
Not Guilty                     Guilty


*If you found the defendant guilty of Count 20, proceed to answer question 5. If you found the defendant not guilty, skip question 5, and proceed to question 6.*

**Question 5:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

_____Counterfeit Goods
_____Counterfeit Labels
_____Counterfeit Packaging

**Question 6**: As to **Count 27** of the Indictment, charging the defendant with trafficking in counterfeit goods – specifically, a Samsung Galaxy S4 phone – on or about December 12, 2017, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
  Not Guilty                           Guilty


_____            _____
         DATE                                  FOREPERSON

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TIM BABICHENKO,<br><br>    Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**VERDICT** |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with

conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the

defendant is:

_____          _____

  Not Guilty                         Guilty

**Question 2**: As to **Count 4** of the Indictment, charging the defendant with

use of interstate wire communications to advertise, sell, and cause the purchase of

counterfeit goods listed as "new" on eBay.com on or about March 17, 2016, in

violation of 18 U.S.C. § 1343, the defendant is:

_____          _____

  Not Guilty                         Guilty

VERDICT – TIM BABICHENKO - 1

*If you found the defendant guilty of Count 4, proceed to answer question 3. If you found the defendant not guilty, skip question 3, and proceed to question 4:*

**Question 3**: In finding defendant guilty of Count 4, indicate which counterfeit goods you determined were advertised and sold, with all of you agreeing as to which particular goods were advertised and sold:

_____   Samsung phone
_____   Samsung battery

**Question 4**: As to **Count 6** of the Indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of counterfeit Apple iPhones listed as "new" on Amazon.com on or about October 24, 2017, in violation of 18 U.S.C. § 1343, the defendant is:

_____          _____
Not Guilty                Guilty

**Question 5**: As to **Count 13** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver counterfeit goods on or about March 17, 2016, in violation of 18 U.S.C. § 1341, the defendant is

_____          _____
Not Guilty                Guilty

*If you found the defendant guilty of Count 13, proceed to answer question 6. If you found the defendant not guilty, skip question 6, and proceed to question 7:*

**Question 6:** In finding defendant guilty of Count 13, indicate which counterfeit goods you determined were sent through the United States Postal Service, with all of you agreeing as to which particular goods were mailed:

_____   Samsung phone
_____   Samsung battery

**Question 7**: As to **Count 15** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver a counterfeit Apple iPhone on or about October 24, 2017, in violation of 18 U.S.C. § 1341, the defendant is:

_____                    _____
Not Guilty                          Guilty

**Question 8**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
Not Guilty                          Guilty

*If you found the defendant guilty of Count 20, proceed to answer question 9. If you found the defendant not guilty, skip question 9, and proceed to question 10.*

**Question 9:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

\_\_\_\_\_Counterfeit Goods
\_\_\_\_\_Counterfeit Labels
\_\_\_\_\_Counterfeit Packaging

**Question 10:** As to **Count 24** of the Indictment, charging the defendant with trafficking in counterfeit goods – specifically, an Apple iPhone 5S – on or about October 24, 2017, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
Not Guilty                            Guilty

**Question 11:** As to **Count 30** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about March 17, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
Not Guilty                            Guilty

*If you found the defendant guilty of Count 30, proceed to answer question 12. If you found defendant not guilty, skip question 12, and proceed to sign and date the verdict in the space provided.*

**Question 12**: In finding defendant guilty of Count 30, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

_____ Samsung battery
_____ Samsung Galaxy S4 cellular phone


_____          _____
DATE                                                    FOREPERSON

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KRISTINA BABICHENKO,

    Defendant.

Case No. 1:18-cr-00258-BLW

**VERDICT**

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

    _____        _____

    Not Guilty        Guilty

**Question 2**: As to **Count 4** of the Indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of counterfeit goods, listed as "new" on eBay.com on or about March 17, 2016, in violation of 18 U.S.C. § 1343, the defendant is:

    _____        _____

    Not Guilty        Guilty

*If you found the defendant guilty of Count 4, proceed to answer question 3. If you found defendant not guilty, skip question 3, and proceed to question 4.*

**Question 3:** In finding defendant guilty of Count 4, indicate which counterfeit goods you determined were advertised and sold, with all of you agreeing as to which particular goods were advertised and sold:

_____ Samsung phone
_____ Samsung battery

**Question 4:** As to **Count 13** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver counterfeit goods on or about March 17, 2016, in violation of 18 U.S.C. § 1341, the defendant is

_____                    _____
Not Guilty                          Guilty

*If you found the defendant guilty of Count 13, proceed to answer question 5. If you found defendant not guilty, skip question 5, and proceed to question 6.*

**Question 5:** In finding defendant guilty of Count 13, indicate which counterfeit goods you determined were sent through the United States Postal Service, with all of you agreeing as to which particular goods were mailed:

_____ Samsung phone
_____ Samsung battery

**Question 6**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

      _____                    _____

      Not Guilty                 Guilty

*If you found the defendant guilty of Count 20, proceed to answer question 7. If you found the defendant not guilty, skip question 7, and proceed to question 8.*

**Question 7**: In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

       _____Counterfeit Goods
       _____Counterfeit Labels
       _____Counterfeit Packaging

**Question 8**: As to **Count 30** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about March 17, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

      _____                    _____

      Not Guilty                 Guilty

*If you found the defendant guilty of Count 30, proceed to answer question 9. If you found defendant not guilty, skip question 9, and proceed to sign and date the verdict in the space provided.*

**Question 9**: In finding defendant guilty of Count 30, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

\_\_\_\_\_ Samsung battery
\_\_\_\_\_ Samsung Galaxy S4 cellular phone

_____        _____
DATE                                      FOREPERSON

VERDICT – KRISTINA BABICHENKO - 4

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **VERDICT** |
| v. | |
| NATALIE BABICHENKO, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

_____                    _____
    Not Guilty                              Guilty

**Question 2**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
    Not Guilty                              Guilty

*If you found the defendant guilty of Count 20, proceed to answer question 3. If you found the defendant not guilty, skip question 3, and proceed to sign and date the verdict in the space provided.*

**Question 3:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

_____Counterfeit Goods
_____Counterfeit Labels
_____Counterfeit Packaging


_____          _____
DATE                             FOREPERSON

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **VERDICT** |
| v. | |
| DAVID BIBIKOV, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

<u>**Question 1**</u>: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

    _____        _____

    Not Guilty         Guilty

<u>**Question 2**</u>: As to **Count 9** of the indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of a counterfeit Apple iPhone, listed as "new" on Amazon.com, on or about December 12, 2017, in violation of 18 U.S.C. § 1343, the defendant is:

    _____        _____

    Not Guilty         Guilty

**Question 3**: As to **Count 18** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver a counterfeit Apple iPhone on or about December 12, 2017, in violation of 18 U.S.C. § 1341, the defendant is

_____                    _____
Not Guilty                            Guilty


**Question 4:** As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

_____                    _____
Not Guilty                            Guilty

_If you found the defendant guilty of Count 20, proceed to answer question 5. If you found the defendant not guilty, skip question 5, and proceed to question 6._


**Question 5:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

_____Counterfeit Goods
_____Counterfeit Labels
_____ Counterfeit Packaging


VERDICT – DAVID BIBIKOV - 2

**Question 6:** As to **Count 28** of the Indictment, charging the defendant with

trafficking in counterfeit goods on or about December 2, 2016, in violation of 18

U.S.C. § 2320, the defendant is:

_____                          _____
   Not Guilty                              Guilty

*If you found the defendant guilty of Count 28, proceed to answer question 7. If you found defendant not guilty, skip question 7, and proceed to sign and date the form in the space indicated below.*

**Question 7:** In finding the defendant guilty of Count 28, indicate which

counterfeit goods you determined were trafficked, with all of you agreeing as to

which particular goods were trafficked:

_____ Apple iPhone 5S
_____ Apple cellular telephone chargers


_____                    _____
     DATE                                     FOREPERSON

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **VERDICT** |
| v. | |
| ANNA IYERUSALIMETS, | |
| Defendant. | |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the defendant is:

_____          _____
    Not Guilty                      Guilty

**Question 2**: As to **Count 3** of the Indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of counterfeit goods listed as "new" on eBay.com on or about March 14, 2016, in violation of 18 U.S.C. § 1343, the defendant is:

_____          _____
    Not Guilty                      Guilty

VERDICT – ANNA IYERUSALIMETS - 1

*If you found the defendant guilty of Count 2, proceed to answer question 3. If you found the defendant not guilty, skip question 3, and proceed to question 4.*

**Question 3**: In finding defendant guilty of Count 3, indicate which counterfeit goods you determined were advertised and sold, with all of you agreeing as to which particular goods were advertised and sold:

_____ Apple iPhone
_____ Samsung charger

**Question 4**: As to **Count 12** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver counterfeit goods on or about March 14, 2016, in violation of 18 U.S.C. § 1341, the defendant is:

_____                    _____
Not Guilty                          Guilty

*If you found the defendant guilty of Count 12, proceed to answer question 5. If you found the defendant not guilty, skip question 5, and proceed to question 6.*

**Question 5**: In finding defendant guilty of Count 12, indicate which counterfeit goods you determined were sent through the United States Postal Service, with all of you agreeing as to which particular goods were mailed:

_____ Apple iPhone
_____ Samsung charger

VERDICT – ANNA IYERUSALIMETS - 2

**Question 6**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

| | |
|---|---|
| _____ | _____ |
| Not Guilty | Guilty |

*If you found the defendant guilty of Count 20, proceed to answer question 7. If you found the defendant not guilty, skip question 7, and proceed to question 8.*

**Question 7:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

_____ Counterfeit Goods
_____ Counterfeit Labels
_____ Counterfeit Packaging

**Question 8**: As to **Count 25** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about March 14, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

| | |
|---|---|
| _____ | _____ |
| Not Guilty | Guilty |

*If you found defendant guilty of Count 25, proceed to answer question 9. If you found defendant not guilty, skip question 9, and proceed to sign and date the verdict form in the space provided.*

**Question 9:** In finding defendant guilty of Count 25, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

\_\_\_\_\_ Apple iPhone
\_\_\_\_\_ Apple accessories
\_\_\_\_\_ Samsung charger

_____          _____
            DATE                              FOREPERSON

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL IYERUSALIMETS,<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**VERDICT** |

We, the jury in the above action, unanimously find as follows:

**Question 1**: As to **Count 1** of the Indictment, charging the defendant with

conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 1343, the

defendant is:

    _____        _____

    Not Guilty           Guilty

**Question 2**: As to **Count 2** of the Indictment, charging the defendant with

use of interstate wire communications to advertise, sell, and cause the purchase of

a counterfeit Samsung charger listed as "authentic" on Amazon.com on or about

March 7, 2016, in violation of 18 U.S.C. § 1343, the defendant is:

    _____        _____

    Not Guilty           Guilty

**Question 3**: As to **Count 3** of the Indictment, charging the defendant with use of interstate wire communications to advertise, sell, and cause the purchase of counterfeit goods listed as "new" on eBay.com on or about March 14, 2016, in violation of 18 U.S.C. § 1343, the defendant is:

_____            _____
Not Guilty                       Guilty

*If you found the defendant guilty of Count 3, proceed to answer question 4. If you found the defendant not guilty, skip question 4, and proceed to question 5.*

**Question 4:** In finding defendant guilty of Count 3, indicate which counterfeit goods you determined were advertised and sold, with all of you agreeing as to which particular goods were advertised and sold:

_____ Apple iPhone
_____ Samsung charger

**Question 5**: As to **Count 11** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver a counterfeit Samsung charger on or about March 7, 2016, in violation of 18 U.S.C. § 1341, the defendant is:

_____            _____
Not Guilty                       Guilty

VERDICT – MICHAEL IYERUSALIMETS - 2

**Question 6**: As to **Count 12** of the Indictment, charging the defendant with use of the United States Postal Service to send and deliver counterfeit goods on or about March 14, 2016, in violation of 18 U.S.C. § 1341, the defendant is:

_____          _____
Not Guilty                      Guilty

*If you found the defendant guilty of Count 12, proceed to answer question 7. If you found the defendant not guilty, skip question 7, and proceed to question 8.*

**Question 7**: In finding defendant guilty of Count 12, indicate which counterfeit goods you determined were sent through the United States Postal Service, with all of you agreeing as to which particular goods were mailed:

_____ Apple iPhone
_____ Samsung charger

**Question 8**: As to **Count 20** of the Indictment, charging the defendant with conspiracy to traffic in counterfeit goods, labels, or packaging, in violation of 18 U.S.C. § 2320, the defendant is:

_____          _____
Not Guilty                      Guilty

*If you found the defendant guilty of Count 20, proceed to answer question 9. If you found the defendant not guilty, skip question 9, and proceed to question 10.*

**Question 9:** In finding defendant guilty of Count 20, indicate which items you determined defendant conspired to traffic, with all of you agreeing as to those items:

\_\_\_\_\_Counterfeit Goods
\_\_\_\_\_Counterfeit Labels
\_\_\_\_\_Counterfeit Packaging

**Question 10**: As to **Count 25** of the Indictment, charging the defendant with trafficking in counterfeit goods on or about March 14, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

_____                              _____
Not Guilty                                    Guilty

*If you found defendant guilty of Count 25, proceed to answer question 11. If you found defendant not guilty, skip question 11 and proceed to question 12.*

**Question 11:** In finding defendant guilty of Count 25, indicate which counterfeit goods you determined were trafficked, with all of you agreeing as to which particular goods were trafficked:

\_\_\_\_ Apple iPhone
\_\_\_\_ Apple accessories
\_\_\_\_ Samsung charger

VERDICT – MICHAEL IYERUSALIMETS - 4

_**Question 12**_: As to **Count 26** of the Indictment, charging the defendant with trafficking in counterfeit goods – specifically a Samsung charger – on or about March 7, 2016, in violation of 18 U.S.C. § 2320, the defendant is:

_____          _____
Not Guilty             Guilty

_____          _____
DATE                   FOREPERSON