UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**TRIAL SETTING ORDER** |

**INTRODUCTION**

For the reasons explained below, the Court will set this matter for an eight-week trial, beginning **May 16, 2022**. The Court has reluctantly selected this trial setting as it strongly prefers an earlier date. But for the reasons explained below, the Court has concluded that the ends of justice served by a continuance outweigh the defendants' and the public's right to a speedy trial.

The Court is mindful that some of the attorneys involved in this case are also involved in *U.S. v. Ramsey*, Case No. 1:19-cr-158-DCN, which is set for a three-week jury trial beginning on April 25, 2022. Of course, there is no way of knowing

whether the trial in that case will actually be tried on the dates for which it is now scheduled.  However, if that trial proceeds as scheduled, the Court will continue the trial in this case for one week to May 23, 2022.   Counsel involved in the Ramsey case shall advise the Court on April 1, 2022 as to the status of the trial setting in that case.  If that case is still scheduled to begin on April 25, the Court will enter an order continuing the trial in this case for one week as indicated above.

All parties should be aware that the Court has no intention of otherwise continuing the trial. The Court is anxious to proceed; it has carefully selected this date after weighing numerous factors; and it has ensured that all parties are available on the selected date.

Further, although the Court is setting this trial for eight weeks, the Court expects to nail down a shorter timeframe. The Court will schedule regular status conferences in the leadup to the retrial, and during one of those status conferences (sooner rather than later), the Court will settle on precisely how much time the government will be allowed to try its case. As mentioned during the September 14, 2021 status conferenced, the Court believes the government should be able to present its case in about half the time it took during the first trial. For that reason, the Court expects that it may be able to shave at least two weeks (probably more) from that anticipated eight-week trial. Before settling on a precise limit, however, the Court will want to hear from counsel. So for planning purposes at this point,

the parties and their attorneys should set aside eight weeks.

## BACKGROUND

On September 2, 2021 – after a 10-week trial – the jury in this case returned a partial verdict. The jury fully acquitted Defendant Natalya Babichenko, returned not-guilty verdicts on a handful of charges against three defendants, and deadlocked on the majority of counts.[1] The Court declared a mistrial on the deadlocked counts, and the government intends to retry those counts. More specifically, the following counts, against seven defendants, will be retried:

(1) Two <u>conspiracy</u> counts (Counts 1 and 20) alleged against all defendants.

(2) Five <u>wire fraud</u> counts alleged against the following defendants:
Count 2 (Michael – 3/7/16 transaction);[2]
Count 3 (Michael and Anna – 3/14/16 transaction);
Count 4 (Tim and Kristina – 3/17/16 transaction);
Count 6 (Tim – 10/24/17 transaction); and
Count 9 (David – 12/12/17 transaction).

(3) Five <u>mail fraud</u> counts alleged against the following defendants:
Count 11 (Michael – 3/7/16 transaction);
Count 12 (Michael and Anna – 3/14/16 transaction);
Count 13 (Tim and Kristina – 3/17/16 transaction),
Count 15 (Tim – 10/24/17 transaction); and
Count 18 (David – 12/12/17 transaction).

---

[1] The Court acquitted another defendant, Gennady Babitchenko, after the government rested. A tenth defendant, Artur Pupko, previously pleaded guilty.

[2] For ease of reference, the Court uses first names only here. The parenthetical reference includes the specific date on which the defendant allegedly committed wire fraud, mail fraud, or trafficking in counterfeit goods.

(4) Seven counts for <u>trafficking in counterfeit goods</u> alleged against the following defendants:

Counts 21, 22, and 23 (Paul – 10/26/16; 1/5/2017 transactions)
Count 25 (Michael and Anna – 3/14/16 transaction)
Count 26 (Michael – 3/7/16 transaction)
Count 28 (David – 12/2/16 transaction)
Count 30 (Tim and Kristina – 3/17/16 transaction).

## DISCUSSION

This Court declared a mistrial on the deadlocked counts on September 2, 2021. If this were a typical case, the 70-day speedy trial clock would expire on November 11, 2021. *See* 18 U.S.C. § 3161(e). But this case is far from typical. Rather, the Court previously determined this case was sufficiently complex such that the Speedy Trial Act's 70-day clock does not apply. *See* Dkt. 157; 18 U.S.C. § 3161(h)(7)(B)(ii). That finding holds true today; even though the case has been narrowed somewhat (two fewer defendants; dismissal of the money-laundering offenses; acquittals on a handful of substantive offenses), it's still a monster. Or, in the parlance of the statute, the case remains "so unusual or so complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established . . . ." *Id.*

But even though the case is complex, the Court is not allowed to just shelve the speedy-trial clock. Rather, in fixing a trial date, the Court must apply 18 U.S.C. § 3161(h)(7)(B)(iv)'s excludable time inquiry. The Court must satisfy two requirements in granting a continuance: "(1) the continuance must be specifically

limited in time; and (2) it must be justified with reference to the facts as of the time

the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)

(internal citations omitted).

Here, at a post-trial, September 14, 2021 status conference, the Court

proposed retrying this case in October 2021 or, alternatively, in January 2022. The

government said it could be ready in October. Defense counsel largely disagreed.

The majority of defense attorneys who weighed in said they could not try the case

in October. And although some indicated they could be ready by January 2022,

others said they could not be ready until later. Several defense attorneys have

informed the Court that they prefer a Spring or Summer 2022 trial.

The Court will not precisely detail each and every reported conflict,[3] but

here are some specifics:

Many defense attorneys have obligations to other clients, including

numerous trial settings during the October-through-December 2021 timeframe. As

for the trial settings:

> (1) John DeFranco (counsel for Paul Babichenko) reports settings in three other cases, on October 12, October 23, and November 30, 2021, two of which he described as "hard goes" during the September 14, 2021 status conference.

---

[3] At the September 14, 2021 status conference, the Court asked defense counsel to email them with any matters they had set between then and March 1, 2021. Many of the facts laid out in this order were pulled from the emails counsel sent to Court staff.

(2) Melissa Winberg (counsel for Anna Iyerusalimets) reports a trial scheduled for December 20, 2021.

(3) Greg Silvey (counsel for Kristina Babichenko) reports a December 10, 2021 trial setting in a state-court matter.

These trial settings alone effectively wipe out the idea of scheduling an eight-week trial before January of 2022. But even aside from those trial settings, many defense attorneys report that they must make time to attend to other clients, who have been patiently waiting in the wings while their attorneys prepared and tried this case. (Trial of this matter began on June 21, 2021 and concluded on September 2, 2021.). For example, Rob Lewis (counsel for Timofey Babichenko) reports that he has three other, new federal cases involving 25,000 pages of combined discovery – he is working diligently to get those three matters resolved before the retrial of this case.  Robyn Fyffe (counsel for David Bibikov) says she has many other clients who require attention, including a defendant in another complex matter pending in this District – *United States v. Ramsey*, 1:19-cr-158-DCN. Ms. Fyffe reports that this case – among others – requires her immediate attention.

Given the above facts, the Court easily concludes that an ends-of-justice continuance is required and that excludable time exists through at least January 2022.  *See generally* 18 U.S.C. § 3161(h)(7)(A).

In many ways, a January 2022 setting would be ideal, and that is the Court's

strong preference. But Paul Riggins (counsel for Piotr Babichenko) reports that his

co-counsel, Andrew Masser, is expected to be out on paternity leave from the last

week of January through around the end of April. For that reason, among others,

Piotr Babichenko strongly objects a January 2022 trial setting. *See* Dkt. 1186.[4]

Regarding the planned paternity leave, counsel argues for a continuity-of-counsel

continuance, pointing out that the Court previously granted such continuances

when the lead prosecutor went on maternity leave and when another defense

attorney went on paternity leave. More substantively, Masser says his knowledge

and expertise on this case is not fungible; he says it would not be possible to

simply pluck another attorney from the bar and bring that attorney up to speed,

while Masser steps aside for the paternity leave. Masser points out that he has been

involved in this complex case – with the attendant terabytes of discovery – since its

inception in 2018.

By a narrow margin, the Court agrees. In a typical case, the Court would not

continue a trial simply because a second-chair attorney had a conflict. Rather, the

Court would expect another attorney to step in and the trial team – led by lead

counsel – could orchestrate a handoff. But as already noted, this is not a typical

---

[4] Defendant Mikhail Iyerusalimets formally joins in this objection; he requests a Spring 2022 setting, at the earliest. *See* Dkt. 1191. As noted above, some other defense attorneys indicated their preference for later trial dates during the September 14, 2021 status conference and in later, informal communications sent to Court staff.

case. There was a three-year leadup to the trial of this matter, with rolling, massive discovery productions. Plus, Mr. Masser did not simply sit at counsel table during the first trial; he was actively involved in examining witnesses, and he has also apparently built some expertise with the software the defense is using to manage exhibits. Given those unique circumstances, the Court is persuaded that, on balance, and ends-of-justice continuance is warranted so that Mr. Piotr Babichenko has continuity of counsel.

This brings us to the end of April 2022, when Mr. Masser's paternity leave is scheduled to conclude. We then run into another conflict: as noted above, *United States v. Ramsey* is scheduled to begin trial on April 25, 2022. Three defense attorneys are involved in that case; Ms. Fyffe, in particular, has a defendant who, at this point, is scheduled to proceed to trial. Plus, the bulked-up prosecution team in this case[5] now includes Joshua Hurwit, and Mr. Hurwit is one of the prosecutors in the *Ramsey* case. Of course, there is no way of knowing at this point whether the trial in that case will actually be tried on April 25, 2022.  However, if it is, the Court will continue the scheduled start date for this trial by one week, to allow time for the *Ramsey* trial to conclude, and adding in one week for possible

---

[5] The case proceeded to trial with three prosecutors. Two additional prosecutors have since entered appearances, including Mr. Hurwit.

slippage. That brings us to May 23, 2022.

Under these circumstances, and for the all the reasons described above, the Court finds excludable time under 18 U.S.C. § 3161(h)(7)(A) & (B)(ii) and (iv), from September 14, 2021 (the date many defendants objected to an October 2021 trial setting and requested a later date) through and including **May 16, 2022** (or **May 23, 2022** if the trial in the *Ramsey* case commences on April 25, 2022 as scheduled).  The Court will issue a separate order setting forth the relevant pretrial deadlines.

### ORDER

**IT IS ORDERED THAT** Defendant Piotr Babichenko's Objection (Dkt. 1186) is **SUSTAINED** to the extent that the Court will schedule a trial for **May 16, 2022**. Trial proceedings will commence at 9:30 a.m. at the United States Courthouse in Boise, Idaho.

 **IT IS FURTHER ORDERED** that if the trial in *U.S. v. Ramsey* proceeds as scheduled, the Court will continue the trial to commence on **May 23, 2022.**

**IT IS FURTHER ORDERED** that the period of time between September 14, 2021 and the new trial date shall be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6) and (7)(A) & (B).

**IT IS FURTHER ORDERED** that the EXCLUDABLE TIME found for the objecting defendants applies to all defendants under 18 U.S.C. § 3161(h)(6).

**IT IS FURTHER ORDERED THAT** Counsel involved in the *Ramsey* case shall advise this Court any time the trial setting changes in that case. And, regardless of whether the *Ramsey* trial setting is changed, the Court should advise the Court as to the status of the *Ramsey* trial setting on April 1, 2022.

DATED: September 23, 2021

B. Lynn Winmill
United States District Judge