Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500, Seattle, WA 98104
(206) 621-8777
barrylfp@gmail.com

John C. DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco, PLLC
1031 E. Park Blvd., Boise, ID 83712
(208) 336-1843
jcd@greyhawklaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>  Defendants. | CASE NO. CR-18-00258-BLW<br><br>MEMORANDUM IN SUPPORT OF SPECIFIC REQUEST FOR DISCOVERY PURSUANT TO F.R.C.P. 16(a)(1)(E) |

I.       STATEMENT OF THE FACTS

On August 22, 2018, a search warrant was served on the residence of Paul and

Natalie Babichenko at 2890 S. Pasa Tiempo Way, in Boise, Idaho. Many officers

executed the warrant and were assigned to different tasks. Rooms within in the residence

were designated letters to denote location. One identified location was Room B. Within

Room B officers seized 2 items. The first was a computer taken from a cupboard. It was given a device description by the agency that seized it: 59158-7-B-17. The model number was recorded: NP5Z0U4C-A01UB. The device was described as a Samsung Notebook Laptop Computer (laptop). The serial number was HYZQ91NCB01449E.

A second item seized was also given an agency number: 59158-7-31. It was on an upper shelf and described as a financial records back up. It was made by Sandisk. The model was Cruzer USB FLASH (drive). The serial number was BB0708JEIB.

The government examined the laptop. It was assigned a bates number: BABICHENKO 329228. Digital information was produced in discovery production 15 on February 18, 2020: BABICHENKO 329230-001-007.

The government examined the drive. It was assigned a bates number: BABICHENKO 336727. An AXIOM report was generated by the government's search. Multiple native files for the QuickBooks accounting program were discovered and disclosed.

The laptop and drive were used by Natalie Babichenko to keep financial records for the Morningstar Church. These records are necessary for the preparation of a defense at trial 2. The defense anticipates the government will argue proceeds from illegal activities were deposited into bank accounts and then used to finance legal activities. The records from these devices are necessary for the preparation of taxes.

Multiple laptop computers were made available for the defense to examine prior to trial 1. The defense physically inspected the devices, but the devices were not to be powered up. The defense anticipates the government will argue doing so would change the nature of the seized items.

II.   ARGUMENT

Mr. Babichenko's request for inspection relies upon Fed.R.Crim.P. Rule 16 (a)(1)(E) *Documents and Objects*. The rule states as follows:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

It's necessary to review the native files on these devices. It is not possible to open the files as they currently exist as disclosed. The defense asks the Court order the actual devices be provided for a physical inspection. At the inspection the defense seeks to power up the laptop and search it for relevant information. In a similar fashion, the defense asks the drive be produced. The defense will open it for examination and make copies.

The defense asks Paul and Natalie Babichenko, be accompanied by counsel and in the presence of both law enforcement and the United States Attorney, be permitted to examine the devices to make electronic copies of necessary files. The defense is flexible on the presence of Mr. Babichenko. The defense will stipulate there is no disruption in chain of custody. Further, it will stipulate any change created by the opportunity to inspect will not result in the defense objecting to the condition of the evidence. That is, if the government chooses to introduce evidence from the devices at trial 2. The defense would reserve objection for other meritorious reasons. Lastly, the government would be able to observe the process and make note of any copied files.

Natalie Babichenko was acquitted of all charges in trial 1. She worked as the bookkeeper for Morningstar Church. She is familiar with the QuickBooks program. She should be able to navigate the version of the program on the church computer and obtain important documents without difficulty.

The superseding indictment filed May 15, 2019 (Dkt. 210, page 28) identified 2 Zions Bank accounts associated with the Morningstar Church subject to criminal forfeiture. The government alleges bank deposits are proceeds from the illegal activity alleged in Counts Twenty through Thirty-Four.[1]

### III. CONCLUSION

Based on the foregoing the court should order the defense be given a meaningful opportunity to inspect the identified devices subject to reasonable conditions. It is necessary for the presentation of a defense and tax preparation. Currently an easy review of these materials is not possible.

DATED this 13th day of October 2021

        LAW OFFICES OF ELLSWORTH,
        KALLAS & DEFRANCO, P.L.L.C.

        By_____/s/_____
        John C. DeFranco,
        Attorney For Defendant

---

[1] Counts 24, 27, 29 were acquittals, Count 34 was dismissed.

MEMORANDUM IN SUPPORT OF SPECIFIC REQUEST FOR DISCOVERY PURSUANT TO F.R.C.P. 16(a)(1)(E)    4

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of October 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov
Joshua.hurwit@usdoj.gov
Justin.whatcott@usdoj.gov

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Brian Pugh
Assistant Federal Public Defender
Las Vegas, Nevada
Brian_Pugh@fd.org
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702
chd@fergusondurham.com
*Attorney for Mikhail Iyerusalimets*

Thomas B. Dominick
500 W. Bannock Street
Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ John C. DeFranco