RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>　　　　　Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MOTION TO COMPEL DISCLOSURE OF NONDISCLOSURE AGREEMENT AND MOTION FOR EXTENSION TO RESPOND TO DEFENSE MOTION IN LIMINE** |

　　　　In its recently filed Motion in Limine Regarding Eric Lee Impeachment (ECF No. 1223) (the "Motion"), the defense asks this Court to prohibit the Government from any line of inquiry into the circumstances surrounding expert witness Eric Lee's resignation from federal employment. *See* ECF 1223, at 7. In its Motion, the defense claims that there is a nondisclosure agreement between Mr. Lee and the United States that prohibits discussing the nature of his departure from the Internal Revenue Service (IRS). During trial, Defense

GOVERNMENT'S MOTION TO COMPEL—1

counsel asserted that Mr. Lee had copies of the alleged agreement and offered to provide the agreement for the Court's review in chambers.

After making repeated inquiries to the IRS, the Government has no reason to believe that any such nondisclosure agreement exists. Thus, the Government now asks the Court to take the defense up on its offer and order Mr. Lee to produce the agreement. Without the purported agreement, the Government is unable to fully respond to the Motion. Accordingly, the Government also requests the Court stay the time for the Government's response to the Motion (ECF 1223) until fourteen days after the defense either (i) produces the nondisclosure agreement or (ii) represents that it cannot.

## Background

During trial, the defense called Eric Lee—a former IRS criminal agent—to testify about his analysis of the financial records and conclusions drawn therefrom. On cross examination, government counsel asked Mr. Lee the following series of questions:

> Q. BY MS. HORWITZ: Mr. Lee, I think we can agree—and let's step back—that to the extent that a witness has a bias against one of the parties at a trial, it's important for the jury to know that; correct?
>
> A. Sure.
>
> Q. And in this particular case, the jury should hear from expert witnesses who aren't going to skew the facts because of a bias or a grudge; right?
>
> A. I agree.
>
> Q. And it's your testimony that you're not biased against the federal government; correct?
>
> A. Correct.
>
> Q. Now, you were a federal agent with the IRS for seven years; correct?
>
> A. Correct.

>Q.    And you were forced to leave that job, were you not?
>
>A.    That's incorrect.
>
>Q.    Well, your employment with the IRS ended under adverse circumstances; wouldn't you agree?
>
>A.    Also incorrect.
>
>Q.    Mr. Lee, didn't you leave because you were found to have participated in conduct unbecoming of an IRS agent?
>
>A.    No. I think that's absolutely incorrect and is raising issues that I fought and beyond what I have done.
>
>Q.    In 2007, Mr. Lee—
>
>MS. OWENS:    —Your Honor, this is Nicole Owens. I'm going to object to irrelevance.
>
>THE COURT:    Overruled.
>
>Q.    BY MS. HORWITZ: In 2007, Mr. Lee, you were investigated for assault and sexual harassment; isn't that true?
>
>A.    No. That's incorrect.

Trial Tr. Day 33, at 6342:22–6344:02.

Shortly thereafter, the Court took a recess, after which the defense sought a closed hearing with the Court. During this session, the defense represented that Mr. Lee had a nondisclosure agreement with the United States that prevented him from discussing the terms of a settlement reached regarding his employment. *See* Sealed Trial Tr. Day 33, ECF 1229, at 5:24–:25.

The following day, defense counsel insisted that Mr. Lee "has copies of the confidentiality agreement and it can be reviewed in chambers by the Court." Trial Tr. Day 34, at 6368:14–:15. And, on continued re-cross, Mr. Lee relied upon the alleged agreement in refusing to answer questions. The Government asked: "Mr. Lee, you weren't happy

GOVERNMENT'S MOTION TO COMPEL—3

with the circumstances surrounding your departure from IRS, were you?" Trial Tr. Day 34, at 6405:01–:07.  In response, Mr. Lee testified:  "Subject to a protection order, a settlement agreement, I don't believe it's appropriate for me to discuss it." *Id.* at 6405:08–:09.

The Government has not been able to locate this alleged agreement.  When this issue initially arose during trial, the Government asked the office of the U.S. Treasury Inspector General for Tax Administration ("TIGTA"), which provided the investigative materials relating to Mr. Lee's misconduct, whether any nondisclosure agreement existed.  The Special Agent for TIGTA responded that he was unaware of any such agreement and had never heard of a nondisclosure agreement being reached when an employee resigned in lieu of adjudication on a proposed termination.  Since the recent defense filing, the Government has once again requested TIGTA to search their records in order to determine whether the alleged agreement exists.  Still, it has been unable to find any trace of the purported agreement.

## Argument

Given that the defense has not yet produced the purported nondisclosure agreements despite raising them both during trial and in its new Motion, and given that the Government's research has not uncovered it, there is, at best, a serious question as to whether the IRS ever entered into a nondisclosure agreement with Mr. Lee, as he testified.  This (non-existent) agreement is therefore a pivotal issue underlying the parties' dispute about proper impeachment of Mr. Lee.  Accordingly, the Court should order Mr. Lee to produce the agreement that he claims to possess.  Without it, the Government cannot meaningfully respond to the pending Motion.

According to the defense, the agreement is in Mr. Lee's custody. During trial, the defense repeatedly represented to the Court and the Government that two such agreements exist between Mr. Lee and the United States and prevent him from discussing the nature of his departure from the IRS. *See, e.g.*, Trial Tr. Day 34, at 6363:12–:13 ("We have grave concerns about the Government potentially violating *two* confidentiality agreements." (emphasis added)).

Moreover, the defense moved for a mistrial claiming prosecutorial misconduct based on this alleged agreement (or agreements). In its argument seeking dismissal, the defense asserted that Government counsel obtained the records of the investigation of Mr. Lee's misconduct in violation of the alleged agreement(s), the Privacy Act of 1984, and knowing that the agreement(s) prohibited disclosure. *See* Trial Tr. Day 34, at 6366:21–6367:22; 6368:24–6369:03 ("It just seems to me that if the Department of Treasury obligated itself not to disclose information and the Government obtained this through back channels or improperly and knew of the requirements, that it be held confident."); 6368–70; 6375:14–6376:12. These representations were apparently made without anyone from the defense seeing the alleged agreement(s). Based on recently filed pleadings, the defense still has not seen any alleged agreement. ECF 1223, at 3–4 n.5.

In its recent Motion, the defense stated: "Confusingly, not contained within [the discovery related to Mr. Lee's employment provided by the Government] was the settlement agreement between Mr. Lee and the IRS. Undersigned counsel has not seen a copy of that agreement, but Mr. Lee believes it precludes him from disclosing the circumstances of his departure from the IRS." ECF 1223, at 3–4 n.5. In this same motion,

GOVERNMENT'S MOTION TO COMPEL—5

the defense asks this Court to prohibit the Government from any line of inquiry into the circumstances surrounding Mr. Lee's resignation from the federal government.  *See id.* at 7.

The Government cannot meaningfully respond to this pending motion without the alleged agreement (or agreements) on which Mr. Lee relies.  Mr. Lee testified under oath that such an agreement exists and prevents him from discussing the circumstances of his resignation from the IRS.  Defense counsel asserted that Mr. Lee had copies of the alleged agreement and offered to provide the agreement for the Court's review in chambers.  Defense counsel now asserts they have not yet seen the alleged agreement that their expert relied upon.

Unless the defense no longer plans to call Mr. Lee as a witness, then, Rule 16 requires disclosure of the alleged nondisclosure agreement to the Government, which defense counsel has represented is currently in the possession of Mr. Lee.  The Government seeks an order to that effect.  The Government has no objection to a protective order ensuring that the agreement will not be shared with anyone other than (i) the attorneys representing the Government and (ii) IRS or TIGTA employees necessary to verify its authenticity.  Additionally, because the Government cannot meaningfully respond to the Motion without the alleged agreement, the Government requests the Court grant the Government fourteen days from receipt of the alleged agreement, or a representation that it cannot be produced, in order to respond to the Motion.

Respectfully submitted this 15th day of December, 2021.

    RAFAEL M. GONZALEZ, JR.
    ACTING UNITED STATES ATTORNEY
    By:

    */s/ Katherine L. Horwitz*
    KATHERINE L. HORWITZ
    Assistant United States Attorney

    */s/ Christian Nafzger*
    CHRISTIAN NAFZGER
    Assistant United States Attorney

    */s/ Justin Whatcott*
    JUSTIN WHATCOTT
    Assistant United States Attorney

    */s/ Joshua D. Hurwit*
    JOSHUA D. HURWIT
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 15, 2021, the foregoing MOTION TO COMPEL AND MOTION FOR EXTENSION was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |

MELISSA WINBERG
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
Melissa_Winberg@fd.org
*Attorney for Anna Iyerusalimets*

ELLEN NICHOLE SMITH
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ *Katherine Horwitz*
Assistant United States Attorney

GOVERNMENT'S MOTION TO COMPEL—9