UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Re-trial in this matter is now set for May 16, 2022. Collectively, defendants are charged with conspiracy to commit wire fraud, conspiracy to traffic in counterfeit goods, wire fraud, mail fraud, and trafficking in counterfeit goods and devices.

When this matter first proceeded to trial, the Court admitted defendants' underreported tax returns as evidence relevant to the money laundering charges that the government ultimately dismissed. Defendants now ask the Court to

exclude evidence of their taxes at the re-trial (Dkt. 1236). For the reasons explained below, the Court will grant the motion.

## LEGAL STANDARD

There is no express authority for motions in limine in either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g., Ohler v. United States*, 529 U.S. 753, 758 (2000). The key function of a motion in limine is to "exclude prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984). A ruling on a motion in limine is essentially a preliminary ruling, which may be reconsidered in the context of trial. *Id.* at 41.

In resolving these motions, the Court is guided by Federal Rules of Evidence. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is generally admissible, though it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (citing Fed. R. Evid. 402, 403).

Federal Rule of Evidence 404(b)(1) prohibits using so-called "other act" evidence—evidence of crimes, wrongs, or other acts—"to prove a person's character in order to show that on a particular occasion the person acted in

accordance with the character." Fed. R. Evid. 404(b)(1). But other acts evidence may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

The Ninth Circuit applies a four-part test to determine whether evidence is admissible under Rule 404(b). "Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (internal citation omitted). "The government has the burden of proving that the evidence meets all of the above requirements." *Id* (internal citation and quotation omitted). The Court must exclude evidence that meets this test if the prejudicial impact substantially outweighs the probative value. *Id.*

However, evidence of other acts that "is 'inextricably intertwined' with the charged offense," is not subject to Rule 404(b) analysis, regardless of whether it can meet the test for admissibility. *United States v. Wells*, 877 F.3d 1099, 1127 (9th Cir. 2017) (quoting *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002)). "This exception applies when (1) particular acts of the defendant are part

of a single criminal transaction, or when (2) 'other act' evidence is necessary to admit in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*. (quoting *Beckman*, 298 F.3d at 794) (cleaned up).

## ANALYSIS

### A. The Tax Evidence is Other Act Evidence Subject to Rule 404(b) Analysis.

At the outset, the Court must determine whether the contested tax evidence is "inextricably intertwined" with the charges. It is not.

First, the tax evidence is not part of a single criminal transaction. The conspiracy, fraud, and trafficking charges at issue here all concern the defendants' methods of obtaining monies. In contrast, underreporting monies—whether obtained legally or illegally—is a separate transaction that happens *after* the monies are obtained.

Second, having seen the evidence in this case at the first trial, the Court is convinced that the government can offer a coherent narrative of the charged crimes without implying that the defendants also committed tax fraud. Indeed, the government has not offered any argument that it cannot.

For these reasons, evidence of defendants' taxes is subject to Rule 404(b) analysis.

MEMORANDUM DECISION AND ORDER - 4

### B.     The Tax Evidence is Not Admissible.

The government next has the burden to prove that the tax evidence meets the Ninth Circuit's four-part test for determining whether the tax evidence is admissible under Rule 404(b). It cannot do so.

The government can show that the other act is not too remote in time, because the taxes were filed contemporaneously with the allegedly illegal business activities. The government similarly meets its burden to prove that the evidence is sufficient to support a finding that defendants committed the other act. *See United States v. Lague*, 971 F.3d 1032, 1040 (9th Cir. 2020) ("[T]he government need only lay a factual foundation from which a jury could reasonably conclude that [the defendant] committed the allegedly-similar bad acts."). The government has obtained substantial evidence of defendants' financial dealings. As the Court observed at the first trial, the bank account statements and tax returns will plainly demonstrate a disparity between the income defendants reported and the monies going in and out of their personal bank accounts.

However, the government cannot show that the evidence tends to prove a material point. *See Lague*, 971 F.3d at 1038 ("[U]nder Rule 404(b), the government bears the burden of proving a logical connection between [defendant's] purported involvement in the previous act and a material fact at issue in the crime with which he was charged.") (internal quotations and citations

omitted)(cleaned up).

Arguing toward this standard, the government contends that defendants' failure to properly report income tax shows the "illicit nature of the transfers and the Defendants' knowledge of their fraudulent scheme." Dkt 1243 at 1. The government argues that the evidence is introduced for the proper purpose of showing knowledge. Fed. R. Evid. 404(b)(2).

The Court is not persuaded. As defendants point out, they basically had a single source of income: the businesses that the government alleges conducted illegal activities. Given that fact, the Court understands the government to be arguing that defendants' choice to report some, but not all, of their illicit income logically connects to mail and wire fraud, trafficking in counterfeit goods and devices, and conspiracy to commit these offenses. That argument does not meet the Ninth Circuit's standard.[1] There is no logical connection or inference between

---

[1] The Court also finds the authority in the government's response unpersuasive. Both cases—*United States v. Ordonez,* 737 F.2d 793 and *United States v. Penn*—are more than 30 years old and neither cites the currently applicable Ninth Circuit standard for admitting evidence under Rule 404(b). Moreover, the cases are factually distinguishable.
    In *Ordonez*, the tax returns showed a low annual income, giving proper rise to the inference that "the large sums paid on house rentals in 1981 must have come from an illegal source." 737 F.2d 793, 811 (9th Cir. 1983). Similarly, *United States v. Penn* cited *Ordonez* for the proposition that "a person who underreports (or fails to report) a large cash income may be obtaining his money illegally" and consequently admitted the defendant's tax returns to show large amounts of cash income from dealing heroin. 944 F.2d 910, 911 (9th Cir. 1991).
(Continued)

knowledge that income is fraudulent and the decision to report only some of it for tax purposes. Indeed, the only inference that arises is that defendants did not pay taxes on some of their income.

The evidence at issue therefore boils down to an uncharged allegation of tax evasion. The Court will exclude it because it not only fails to meet the four factor 404(b) test, but the danger of unfair prejudice also substantially outweighs its probative value. *Bailey*, 696 F.3d at 799. The tax evidence is minimally relevant. Although the disparity between reported income and actual income may be probative to a finding of fraud or conspiracy, its relevance is diminished by the existence of accurately filed business entity tax returns. In contrast, defendants are not on trial for tax fraud or evasion and evidence of that wrongdoing would necessarily prejudice the jury against them.

---

Here, by contrast, there is no such inference because, as discussed above, the source of the reported and unreported income is the same. In addition, the unreported income was not concealed; defendants' business entities accurately reported their annual incomes. Defendants' compliance on their business entity taxes contradicts the government's proposed inference that defendants concealed their income because they knew the monies were illegally obtained.

**MEMORANDUM DECISION AND ORDER - 7**

**IT IS ORDERED** that

    1.  **Defendants' Motion in Limine (Dkt. 1236) is GRANTED.**

DATED: February 28, 2022

_____
B. Lynn Winmill
U.S. District Court Judge