RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING** |

The Government hereby moves to exclude testimony by Defendants' recently-disclosed experts Christopher Linscott and D. Nathanael Lining. This Court should exclude both experts from testifying at trial. The expert notices are two years late and are insufficient under Federal Rule of Criminal Procedure 16(b)(1)(C).

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING** —1

## BACKGROUND

In the Court's First Order Modifying General Order No. 319 (ECF 296), the Defendants were ordered to identify and disclose expert witnesses by March 1, 2020. Both parties were ordered to identify rebuttal experts by April 1, 2020, and to provide all expert-related discovery no later than May 1, 2020. (ECF 296). In the Court's Second Order Modifying General Order No. 319, the Court extended the deadlines for rebuttal experts to May 8, 2020, and ordered all expert-related discovery no later than September 1, 2020. (ECF 536). In this Court's Third Order Modifying General Order No. 319, expert-related deadlines were not extended. (ECF 666). Finally, in subsequent pretrial orders relating to the retrial in this matter, expert witness disclosure deadlines were not extended. (ECF 1224, 1225, 1305). However, the Court set a deadline to complete all discovery by February 16, 2022. (ECF 1305).

The Defendants' complied with the expert deadline by filing a notice of intent to introduce financial expert testimony of Eric Lee on March 1, 2020. (ECF 401). On February 3, 2021, Defendants supplemented the expert notice for Lee. (ECF 736). The notice complied with Federal Rule of Criminal Procedure 16(b)(1)(C), providing Lee's opinions, the bases and reasons for those opinions, and his qualifications. Lee ultimately testified at the first trial in this matter.

On March 14, 2022, the Court entered an order denying the Defendants' Motion *in Limine* seeking to prevent the Government from questioning Lee regarding impeachment information pertaining to his prior employment with the

GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS
CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING —2

Internal Revenue Service.  (ECF 1307).  On that same date, Defendants filed two new expert notices for two previously-undisclosed financial experts, Christopher Linscott and D. Nathanael Lining.  (ECF 1309 and 1318).

The Defendants' notice regarding expert Christopher Linscott identifies him as an accountant that worked with Lee in 2019, but who was not retained by the Defendants until January of 2022.  The notice provides limited information regarding the materials Linscott reviewed, listing them only as "bank records." (ECF 1309).  The notice does not provide any opinions that Linscott will testify to, but rather lists vague descriptions of eight broad topics that he may testify about.[1] The Defendants have not disclosed any supplemental reports or other detail regarding Linscott's testimony.

The Defendants' notice regarding expert D. Nathanael Lining identifies him as an accountant who will conduct an analysis of financial records provided by the Government in discovery, as well as the prior testimony of Defense expert Eric Lee and Government expert Linda Czemerys.  (ECF 1318).  The notice indicates that "he will" conduct this analysis, apparently acknowledging that he has yet to review the records and testimony in this case.  The notice does not provide any opinions that Lining will testify to but rather provides only that he will testify regarding Mr. Iyerusalimets' financial accounts, the operation of his business, and Mr. Lining's

---

[1]     These include "(1) use of multiple business entities, (2) parent and subsidiary entities, (3) common corporate business structures, (4) common related party business reimbursement practices, (5) use of contractors and commissioned sales people to expand business, (6) typical forms of business cash receipts and disbursements, (7) typical income statements for a telecommunications business, and (8) forensic tracing and analysis procedures."

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS**
**CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING** —3

own knowledge and experience with accounting and business practices of small

businesses.  (ECF 1318).  The Defendants have not disclosed any supplemental

reports or other detail regarding Lining's testimony.

### ARGUMENT

The Defendants' expert witness disclosures are untimely, having been

provided over two years after the initial expert disclosure deadline and 18 months

after the deadline for rebuttal experts.  Likewise, their disclosure was made after

the general discovery deadline for retrial, which was February 16, 2022.  The

Defendants have been on notice regarding the Government's financial expert for

over two years, and thus have no grounds for waiting until the last minute to

ambush the Government with new rebuttal experts.  (ECF 342).

The Defendants' new expert notices are a transparent attempt to avoid

calling their original financial expert, Eric Lee.  It is no coincidence that their two

new expert notices were filed on the same day that the Court issued its opinion

permitting questioning regarding Lee's bias.  (ECF 1307).  The Court should see

through this attempt, uphold its expert deadlines, and exclude the Defendants' new

experts Linscott and Lining.

Further, the Defendants' notices are insufficient under Federal Criminal

Rule 16(b)(1)(C).  Federal Rule of Criminal Procedure 16(b)(1)(C) requires a

defendant to give the Government a written summary of expert testimony,

including "the witness' opinions, the bases and reasons for those opinions, and the

witness' qualifications."  Rule 16(b)(1)(C) is "intended to minimize surprise that

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS
CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING —4**

often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 (1993 amend. advisory committee's note). "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001).

The Defendants' notice provides a list of the general topics its experts may testify about but does not identify any opinions that they will offer on these subjects. Permitting two new experts less than two months before retrial in this matter, with insufficient notice of their opinions, and the bases and reasons for the opinions, would unfairly prejudice the Government. Even if Defendants had disclosed these experts' actual opinions—something they cannot do because these experts have not had time to formulate them—the Government will not have proper time to research their backgrounds, to find any opinions they gave in other cases, to file timely *Daubert* motions, or to seek rebuttal expert witnesses if necessary. This is all part of what expert disclosures are designed to allow for.

The limited questioning of Eric Lee regarding his potential bias does not provide grounds for the Defendants to call two new financial experts this late in the case. Even if Defendants did not know (or should not reasonably have known) of Lee's impeachability before he testified at the first trial, Defendants certainly knew of the problems with his testimony once he was cross-examined. They then litigated their motion *in limine* in the hopes of salvaging his testimony, while holding in the wings these other experts in case the Court ruled against them. This is a "willful"—

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING —5**

and, indeed cynical—failure to disclose.  *See United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) ("The district court did not abuse its discretion in concluding that the failure to disclose was willful and was justified in excluding the [expert] witness' testimony on that ground."); *see also* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").  The Court should not reward this strategy and certainly has the authority and discretion to preclude these eleventh-hour experts. *See United States v. Neuman*, 621 F. App'x 363, 365 (9th Cir. 2015) (ruling that the district court did not abuse its discretion in precluding defense expert noticed after the Rule 16 deadline).

## CONCLUSION

For the foregoing reasons, the Court should preclude Christopher Linscott and D. Nathanael Lining from testifying at the retrial in this matter.


Respectfully submitted this 21st day of March, 2022.

RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
BY:

*/S/ KATHERINE L. HORWITZ*
KATHERINE L. HORWITZ
Assistant United States Attorney


**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS
CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING** —6

/s/ Christian Nafzger
CHRISTIAN NAFZGER
Assistant United States Attorney

/s/ Justin Whatcott
JUSTIN WHATCOTT
Assistant United States Attorney

/s/ Joshua D. Hurwit
JOSHUA D. HURWIT
Assistant United States Attorney

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS
CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING —7**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2022, the foregoing

GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS CHRISTOPHER

LINSCOTT AND D. NATHANAEL LINING was electronically filed with the Clerk

of the Court using the CM/ECF system, and that a copy was served on the following

parties by ECF filing:

| | |
|---|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>  *Attorney for Pavel Babichenko* | ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>  *Attorney for David Bibikov* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>  *Attorney for Piotr Babichenko* | MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>  *Attorney for Anna Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>  *Attorney for Timofey Babichenko* | ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>  *Attorney for Mikhail Iyerusalimets* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>  *Attorney for Kristina Babichenko* | |

/s/ *Brandi Fifer*
Legal Assistant

**GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERTS**
**CHRISTOPHER LINSCOTT AND D. NATHANAEL LINING —8**