RAFAEL M. GONZALEZ, JR.
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** |

The Government hereby moves to exclude testimony by Defendant David Bibikov's recently-disclosed expert Anne M. Layne. This Court should exclude the proposed expert from testifying at trial. The expert notice is two years late and is insufficient under Federal Rule of Criminal Procedure 16(b)(1)(C).

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —1

## BACKGROUND

In the Court's First Order Modifying General Order No. 319 (ECF 296), the Defendants were ordered to identify and disclose expert witnesses by March 1, 2020. Both parties were ordered to identify rebuttal experts by April 1, 2020, and to provide all expert-related discovery no later than May 1, 2020. (ECF 296). In the Court's Second Order Modifying General Order No. 319, the Court extended the deadlines for rebuttal experts to May 8, 2020, and ordered all expert-related discovery no later than September 1, 2020. (ECF 536). In this Court's Third Order Modifying General Order No. 319, expert-related deadlines were not extended. (ECF 666). Finally, in subsequent pretrial orders relating to the retrial in this matter, expert witness disclosure deadlines were not extended. (ECF 1224, 1225, 1305). However, the Court set a deadline to complete all discovery by February 16, 2022. (ECF 1305).

The Defendants' complied with the expert deadline by filing a notice of intent to introduce financial expert testimony of Eric Lee on March 1, 2020. (ECF 401). On February 3, 2021, Defendants supplemented the expert notice for Lee. (ECF 736). The notice complied with Federal Rule of Criminal Procedure 16(b)(1)(C), providing Lee's opinions, the bases and reasons for those opinions, and his qualifications. Lee ultimately testified at the first trial in this matter.

On March 14, 2022, the Court entered an order denying the Defendants' Motion *in Limine* seeking to prevent the Government from questioning Lee regarding impeachment information pertaining to his prior employment with the

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —2

Internal Revenue Service.  (ECF 1307).  One week later, Defendant David Bibikov filed a new expert notice for previously-undisclosed financial expert Anne M. Layne.  (ECF 1336).

Defendant Bibikov's notice regarding expert Anne. M. Layne identifies her as a forensic accountant.  The notice provides vague information regarding the materials Layne reviewed, listing the following non-specific categories:  financial records from discovery, business records, online sale records, trial transcripts, trial exhibits, and analyses in government reports and memorandum.  (ECF 1336).  The notice does not provide any opinions that Layne will testify to, but rather states that she "may testify" regarding the Defendant's financial transactions, the amount of funds received and used, the profitability of his businesses, his "business model in general," and the various records received in this case "including any opinions regarding the completeness of the data."  (ECF 1336).

## ARGUMENT

Defendant Bibikov's expert witness disclosure is untimely, having been provided over two years after the initial expert disclosure deadline and 18 months after the deadline for rebuttal experts.  Likewise, the disclosure was made after the general discovery deadline for retrial, which was February 16, 2022.  The Defendants have been on notice regarding the Government's financial expert for over two years, and thus have no grounds for waiting until the last minute to ambush the Government with a new expert.  (ECF 342).

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —3

Bibikov's new expert notice is a transparent attempt to avoid calling their original financial expert, Eric Lee. Bibikov waited until the Court issued its opinion permitting questioning regarding Lee's bias to file its expert notice. (ECF 1307). The Court should see through this attempt, uphold its expert deadlines, and exclude Bibikov's new expert.

Further, the expert notice is insufficient under Federal Criminal Rule 16(b)(1)(C). Federal Rule of Criminal Procedure 16(b)(1)(C) requires a defendant to give the Government a written summary of expert testimony, including "the witness' opinions, the bases and reasons for those opinions, and the witness' qualifications." Rule 16(b)(1)(C) is "intended to minimize surprise that often results from unexpected expert testimony . . . and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 (1993 amend. advisory committee's note). "The Rule requires a summary of the expected testimony, not a list of topics." *United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001).

Bibikov's notice provides a list of the general topics Layne may testify about but does not identify any opinions that she will offer on these subjects. Permitting a new expert less than two months before retrial in this matter, with insufficient notice of her opinions, and the bases and reasons for the opinions, would unfairly prejudice the Government. Even if Bibikov had disclosed this expert's actual opinions, the Government will not have proper time to research their backgrounds, to find any opinions they gave in other cases, to file timely *Daubert* motions, or to

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —4

seek rebuttal expert witnesses if necessary.  This is all part of what expert disclosures are designed to allow for.

The limited questioning of Eric Lee regarding his potential bias does not provide grounds for Bibikov to call a new financial expert this late in the case.  Even if Bibikov did not know (or should not reasonably have known) of Lee's impeachability before he testified at the first trial, he certainly knew of the problems with his testimony once he was cross-examined.  The Defendants then litigated their motion *in limine* in the hopes of salvaging his testimony, while holding in the wings other experts in case the Court ruled against them.  This is a "willful"—and, indeed cynical—failure to disclose.  *See United States v. Nash*, 115 F.3d 1431, 1439-40 (9th Cir. 1997) ("The district court did not abuse its discretion in concluding that the failure to disclose was willful and was justified in excluding the [expert] witness' testimony on that ground."); *see also* Fed. R. Crim. P. 2 ("These rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay.").  The Court should not reward this strategy and certainly has the authority and discretion to preclude these eleventh-hour experts.  *See United States v. Neuman*, 621 F. App'x 363, 365 (9th Cir. 2015) (ruling that the district court did not abuse its discretion in precluding defense expert noticed after the Rule 16 deadline).

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —5

## CONCLUSION

For the foregoing reasons, the Court should preclude Bibikov's expert, Anne M. Layne, from testifying at the retrial in this matter.

Respectfully submitted this 22nd day of March, 2022.

        RAFAEL M. GONZALEZ, JR.
        UNITED STATES ATTORNEY
        BY:

        */s/ Katherine L. Horwitz*
        KATHERINE L. HORWITZ
        Assistant United States Attorney

        */s/ Christian Nafzger*
        CHRISTIAN NAFZGER
        Assistant United States Attorney

        */s/ Justin Whatcott*
        JUSTIN WHATCOTT
        Assistant United States Attorney

        */s/ Joshua D. Hurwit*
        JOSHUA D. HURWIT
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2022, the foregoing GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties by ECF filing:

| | |
|---|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>  *Attorney for Pavel Babichenko* | ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>  *Attorney for David Bibikov* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>  *Attorney for Piotr Babichenko* | MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>  *Attorney for Anna Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>  *Attorney for Timofey Babichenko* | ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>  *Attorney for Mikhail Iyerusalimets* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>  *Attorney for Kristina Babichenko* | |

          */s/ Brandi Fifer*
          Legal Assistant

**GOVERNMENT'S MOTION TO EXCLUDE DEFENDANT DAVID BIBIKOV'S EXPERT ANNE M. LAYNE** —7