UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO, et al.,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is the Motion to Quash Subpoenas filed by the Idaho State Tax Commission. (Dkt. 1308.) The Court will deny the motion but will issue a protective order to help protect the confidentiality of the information requested in the subpoenas.

The Sixth Amendment provides criminal defendants the right "to have compulsory process for obtaining witnesses in his favor...." U.S. Const. Amend. VI. This right includes not only the "subpoena power" but more generally a criminal defendant's right to present witnesses or evidence in his defense, "even though [such a right] is not expressly described in so many words [in the text of the Sixth Amendment]." *Taylor v. Illinois*, 484 U.S. 400, 407-09 (1988). "To ensure the protection of that right, compulsory process must be available "for the

production of evidence needed . . . by the . . . defense." *Id.* at 409 (quoting *United States v. Nixon*, 418 U.S. 683, 709 (1974)).

Here, the Clerk of the Court issued three subpoenas on behalf of Defendant Mikhail Iyerusalimets. These subpoenas direct the Idaho State Tax Commission to produce or permit inspection and copying of documentation and/or data "that relate in any way to state and/or federal tax returns filed with or in the possession of the Idaho State Tax Commission" for 13 entities (4 individuals and 9 businesses). (*See* Dkt. 1308-1 at 2, 10-18.)

The Tax Commission seeks to quash the subpoenas on the grounds that the requested information is confidential and private, and that the Tax Commission is prohibited under Idaho Code § 63-3076 from disclosing the requested information without a court order requiring it to do so. The Tax Commission also admits that its only interest in filing the motion to quash is to ensure that any disclosure of the requested tax records is in compliance with Idaho law. This order, which denies the motion to quash and directs the Tax Commission to comply with the subpoenas, addresses the Tax Commission's only interest in objecting to the subpoenas.

The Tax Commission also requests that the Court "require Defendant to provide reasoning as to how the requested tax information is relevant to their

defense and to ensure that the need for the information outweighs the privacy interests" of the entities whose tax information is requested. (Dkt. 1327.) The Court declines to do so but notes that of the 13 entities named in the subpoenas, 7 are mentioned in the Superseding Indictment. (*See* Dkt. 1308-1 at 10-18; Dkt. 210.) Further, defense counsel has represented that the information sought in the subpoenas is necessary for the preparation of an adequate defense, and that the entities for which the subpoenas seek tax records "play critical roles in the case." (Dkt. 1321.) The Court finds this representation, combined with the record in this case, to be adequate to warrant enforcement of the subpoenas. However, given the confidential nature of the requested information, the Court will issue a protective order designed to protect the confidentiality of the requested information. Accordingly,

IT IS ORDERED that:

1. The Motion to Quash Subpoenas filed by the Idaho State Tax Commission. (Dkt. 1308) is DENIED.
2. Defendant Mikhail Iyerusalimets shall, within seven days, submit a proposed protective order designed to protect the confidentiality of the information requested in the subpoenas.
3. The Idaho State Tax Commission shall comply with the subpoenas within

seven days following the entry of a protective order addressing the information requested in the subpoenas.

4. The Clerk of the Court is directed to serve a copy of this order on the Idaho State Tax Commission.

DATED: March 25, 2022

B. Lynn Winmill
U.S. District Court Judge