UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID BIBIKOV,<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO SUPPRESS EVIDENCE SEIZED FROM DEVICES 2-15 AND 2-16 (DKT. 1353)** |

Before the Court is Defendant David Bibikov's Motion to Suppress Evidence Seized from Devices 2-15 and 2-16. (Dkt. 1353.) The Court will deny the motion.

Under the law of the case doctrine, "[i]ssues that a district court determines during pretrial motions become law of the case." *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004). A court may, however, have discretion to depart from the law of the case if there has been an intervening change in the law, the prior decision was clearly erroneous, there has been a change in circumstances, or manifest injustice would otherwise result. *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

**MEMORANDUM DECISION AND ORDER - 1**

Here, as Mr. Bibikov points out, devices 2-15 and 2-16 were seized from one of the Bridger Street warehouses. (*See* Dkt. 1353 at 2.) The Court has previously held that Defendants, including Mr. Bibikov, lack standing to challenge the search warrants for those warehouses and the seizure and search of devices located in those warehouses. (Dkt. 595 at 14-15 ("Here, there is no evidence . . . of the [Defendants'] personal connection to the Bridger Street Warehouses, nor the devices seized therein. Therefore, the Defendants lack standing to challenge the search warrants for those warehouses.").)

Mr. Bibikov has not argued, let alone demonstrated, that the Court's previous ruling constitutes clear error, that there has been an intervening change in the law, or that manifest injustice would result if the Court applies the law of the case doctrine. Further, the only change in circumstance cited by Mr. Bibikov is that the Government re-imaged devices 2-15 and 2-16 almost a year after the devices were initially seized from the Bridger Street warehouses. The re-imaging of the devices is not a relevant change in circumstances as it does not create standing where none existed to start with. Accordingly, under the law of the case, Mr. Bibikov lacks standing to challenge the re-imaging of devices 2-15 and 2-16 and whether such re-imaging fell within the scope of the initial search warrant.

## ORDER

IT IS ORDERED that Defendant David Bibikov's Motion to Suppress (Dkt. 1353) is DENIED.

DATED: April 22, 2022

_____

B. Lynn Winmill
U.S. District Court Judge