UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO COMPEL COMPLIANCE WITH RULE 16 RECIPRICOL DISCOVERY REQUIREMENTS (DKT. 1346)** |

# INTRODUCTION

Before the Court is the Government's Motion to Compel Compliance with Rule 16 Reciprocal Discovery Requirements. (Dkt. 1346.) For the reasons set forth below, the Court will grant the motion.

# BACKGROUND

During the first trial, Defense expert Neil Shirk explained that, to familiarize himself with Samsung chargers, he bought several chargers from the Samsung website. (Dkt. 1143 at 112-13; Trial Tr. at 5647-48.) He explained that he took the chargers apart—"deconstructed" them—and "compared them to the data available

MEMORANDUM DECISION AND ORDER - 1

in the case, photographs in great detail." (*Id.* at 113; Trial Tr. at 5648.) He was "looking for detailed information to compare to the photos in terms of does the part have the same labels? Does it look the same? Is the print circuit board the same? Is the connection wires the same and so forth." (*Id.* at 114; Trial Tr. at 5649.) He explained that "[f]rom an internal standpoint, [the Samsung chargers] matched up to the drawings and they conformed, and they are basically OEM-type equipment." (*Id.* at 115; Trial Tr. at 5650.)  Mr. Shirk testified that the photographs and drawings that he used for his comparison with the Samsung chargers were "from this case" and that he had enlarged the photographs and drawings "from this case" so that he could work with them to conduct the comparison. (*Id.* at 118; Trial Tr. at 5653.) He explained that he then used those enlarged photographs and drawings for a comparison with the Samsung chargers in terms of such things as color codes/bands, resistors, and components, and found "they were all pretty consistent." (*Id.* at 119-20; Trial Tr. at 5654-55.) Based on that comparison, he determined that "what I saw" in the photos or drawings "was OEM," and that the internal components of the Samsung chargers that he had purchased off of the Samsung website "were the same as I saw on the photographs in this case, yes." (*Id.* at 121; Trial Tr. at 5656.)

     Prior to Mr. Shirk's testimony, the Government had requested that Defendants produce all data upon which Mr. Shirk had relied in forming his

**MEMORANDUM DECISION AND ORDER - 2**

opinion and that served as the basis for his testimony. Defendants did not produce any photographs or drawings of the internal circuitry relied upon by Dr. Shirk, and about which he testified. Instead, Defendants indicated that Dr. Shirk had relied only on discovery (i.e., photographs and drawings of the internal circuitry) that had been disclosed by the Government.

Following the first trial, the Government renewed its request for the photographs and drawings relied upon by Mr. Shirk in his testimony and in forming his opinion. In response, Defendants again indicated that Mr. Shirk had relied only on discovery disclosed by the Government, and provided the Government with citations to the Government's discovery.

After confirming that no photographs or drawings of internal circuitry such as that described by Mr. Shirk existed in the Government's discovery, the Government informed Defendants of this and again requested that Defendants produce "all the photographs and drawings that served as the base comparison for Mr. Shirk." (*See* Dkt. 1346-1 at 2-4.)

Defendants then responded to the Government as follows:

> In addition to the information we previously provided, please note that Mr. Shirk also reviewed the following in preparation for his testimony:
>
> 1.   Ken Shirriff's blog regarding the teardown and functional examination of iPhone chargers, located at:

> www.righto.com/2012/05apple-iphone-charger-teardown-quality.html.
>
> 2. Blog Posts (listed at the end of the first post) of Ken Shirriff's blog for other USB Chargers including
> Samsung oblong and cube designs: https://www.righto.com/search?updated-max=2013-01-12T00:10:00-08 00&max-results=7&reverse-paginate=true.
>
> 3. Additional information listed under Newer Posts, located at:
> https://www righto com/search?updated-max=2013-01-13T15 36 00-08 00&max-results=7&reverse- paginate=true.
>
> 4. Google data research re reverse engineering to examine physical components, including values and tolerances of components, plus schematics and diagrams of the circuits for
> many chargers including the Samsung Chargers of interest,
> located at: https://www.bing.com/images/search?q=schematic+and+drawings+of+samsung+iphone+chargers&qpvt=schemantic+and+drawings+of+sanaung+iphone+chargers&form=IGRE&first=1&tsc=ImageBasicHover. He reviewed videos from links on this page as well, regarding charger components to determine values, tolerances and positioning of same in the print circuit board failure modes and effects and charger repair opportunities for Samsung and iPhone chargers of interest.

(Dkt. 1346-1 at 1.)

It is undisputed that Defendants have not to date produced or otherwise made available to the Government any of the photographs or drawings referenced by Mr. Shirk in his testimony as being what he relied upon in forming his opinion.

**MEMORANDUM DECISION AND ORDER - 4**

## ANALYSIS

If a defendant requests disclosure under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, and the Government complies with that request, the defendant is required to reciprocate by permitting

> the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i)   the item is within the defendant's possession, custody, or control; and
>
> (ii)  the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Fed. R. Crim. P. 16(b)(1)(B).

Here, it is undisputed that Defendants requested Government disclosure under Rule 16(a)(1)(F), and that the Government complied with that request. It is also undisputed that the Government has requested Defendants reciprocate by permitting the Government to inspect and copy or photograph results or reports of examinations and tests under Rule 16(b)(1)(B) in relation to Defense expert Neil Shirk. At issue is whether Defendants have complied with their Rule 16(b)(1)(B) reciprocal obligations. The Government contends that they have not, and requests an order directing Defendants to permit the inspection and copying of the drawings and photographs that Mr. Shirk described during the first trial as serving the basis for his opinion.

Defendants do not deny that they have not produced the photographs and drawings referred to by Mr. Shirk in his testimony. Instead, Defendants contend that they have fulfilled their obligations under Rule 16(b)(1)(B), apparently on the ground that the photographs or drawings upon which Mr. Shirk relied are not in the possession, custody, or control *of the Defendants*. (*See* Dkt. 1392 at 2-3.) Specifically, Defendants contend that they have produced what they possess, and that they do not have the duty to produce what "they do not possess." (*Id.*) The Court disagrees.

Defendants are required to not only turn over that which they possess, but also that over which they have custody or control. *See* Fed. R. Crim. P. 16(b)(1)(B). That obligation extends to any photographs or drawings in the possession, custody, or control of Mr. Shirk, Defendants' expert.

As set forth above, Mr. Shirk testified that he relied on certain photographs and drawings in conducting his comparisons and forming his opinions and, indeed, testified that he had the photographs and drawings enlarged for use in making his comparisons. Under Rule 16(b)(1)(B), Defendants, through their expert, are required to produce or otherwise make available to the Government the photographs and drawings upon which their expert relied. That Defendants may not themselves possess those photographs and drawings does not relieve Defendants of that duty.

**MEMORANDUM DECISION AND ORDER - 6**

Defendants' failure to fulfill their obligation under Rule 16(b)(1)(B) to produce or otherwise make available the photographs and drawings (and any other materials) upon which Mr. Shirk relied in forming his opinions may lead to the exclusion of Mr. Shirk's testimony at trial.

## ORDER

IT IS ORDERED that:

1. The Government's Motion to Compel Compliance with Rule 16 Reciprocal Discovery Requirements (Dkt. 1346) is GRANTED.

2. If Defendants intend to call on Mr. Shirk as a witness, they must, no later than **April 29, 2022**, produce or otherwise make available to the Government the photographs, drawings, and any other material upon which Mr. Shirk relied in forming his opinion.

3. Failure to produce or otherwise make available this material to the Government as directed may result in the exclusion of Mr. Shirk's testimony at trial.

DATED: April 22, 2022

_____
B. Lynn Winmill
U.S. District Court Judge