UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: MOTION TO RENEW AND PRESERVE ALL EVIDENTIARY MOTIONS FROM FIRST TRIAL (DKT. 1317)** |

## INTRODUCTION

Before the Court is Defendants' Motion to Renew and Preserve all Motions Brought Before or During the First Trial Regarding the Admissibility of Evidence. (Dkt. 1317.) For the reasons explained below, the Court will deny the motion without prejudice.

## ANALYSIS

Defendants request that the Court issue an order "acknowledging that [the Defendants] continue to assert at the second trial all motions they made before or during the first trial regarding the admissibility of evidence and the parties'

MEMORANDUM DECISION AND ORDER - 1

presentation of their cases," and further that the "Court's rulings on those motions continue to apply unless it expressly indicates otherwise." (Dkt. 1317 at 2.) Defendants further state that they "intend for each objection that they make at the second trial to incorporate and rely upon all grounds or arguments they articulated in support of that objection in all previous motions and hearings, and at the first trial." (*Id.* at 3.) Defendants have not, however, cited to any specific motions, evidence, or rulings made by the Court before or during the first trial and have not cited any authority in support of their motion.

Under the law of the case doctrine as applied by the Ninth Circuit, "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991); *see United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) ("Issues that a district court determines during pretrial motions become law of the case."); *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (a court may depart from law of the case where (1) the prior decision was clearly erroneous; (2) there was an intervening change in the law; (3) the evidence is substantially different; (4) there are other changed circumstances; or (5) "manifest injustice would otherwise result"). Thus, if Defendants—or the Government—provide the Court with citations to specific evidentiary rulings that were made before or during the first trial, the Court's

previous ruling is law of the case unless there has been an intervening change in the law, the previous ruling was clearly erroneous, there is a relevant change in circumstances, or manifest injustice would otherwise result. *See ibid.*

The Court will not, however, issue a blanket order covering and preserving all evidentiary motions/objections made before and during the first trial as requested by Defendants. The parties will need to make timely evidentiary motions/objections before and/or during the second trial. If the Court has previously ruled on the subject of a particular motion/objection, the parties will need to provide a citation to that previous ruling and demonstrate to the Court that the Court's previous ruling is (or is not) binding under the law of the case doctrine. *See ibid.*

## ORDER

IT IS ORDERED that Defendant's Motion to Renew and Preserve (Dkt. 1317) is DENIED without prejudice.

DATED: May 2, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3