UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS,<br><br>    Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: GOVERNMENT'S MOTIONS TO EXCLUDE DEFENSE EXPERTS (DKTS. 1329, 1340)** |

## INTRODUCTION

The Defense has provided notice of intent to introduce expert testimony at trial from three separate experts: Christopher Linscott on behalf of all Defendants (Dkts. 1309, 1367); D. Nathanael Lining on behalf of Defendant Mikhail Iyerusalimets (Dkt. 1318); and Anne M. Layne of behalf of Defendant David Bibikov (Dkt. 1336). Before the Court is the Government's motions to exclude these Defense experts. (Dkts. 1329, 1340.) The Court will deny the Government's motions to the extent the Government seeks to exclude these witnesses, but will

grant the motions to the extent the Government seeks additional disclosure of the opinions/conclusions reached by Defense experts Lining and Layne.

## BACKGROUND

Prior to the first trial, the Court issued pretrial orders setting out various deadlines, including deadlines for the Defendants to identify and disclose their expert witnesses, and for the disclosure of all expert-related discovery. (Dkts. 296, 536, 666.) Prior to the first trial, Defendants timely disclosed financial expert Eric Lee (Dkts. 401, 736) and Mr. Lee testified on behalf of Defendants during the first trial.

Since the first trial, the Court has issued additional pretrial orders relating to deadlines for the second trial in this matter. Those orders did not address expert witness disclosure deadlines for the second trial. (*See* Dkts. 1224, 1225, 1305.)

On March 12, 2022, Defendants filed a notice of intent to introduce financial expert testimony from Mr. Linscott (Dkt. 1309), and filed a supplemental notice regarding Mr. Linscott on April 4, 2022 (Dkt. 1367). On March 14, 2022, Defendant Mikhail Iyerusalimets filed a notice of intent to introduce expert testimony from Mr. Lining (Dkt. 1318). On March 21, 2022, Defendant Bibikov filed a notice of intent to introduce expert testimony from Ms. Layne. (Dkt. 1336.)

# ANALYSIS

The Government moves to exclude Defense experts Linscott, Lining, and Layne, arguing (1) the expert notices for Linscott, Lining, and Layne are "two years late," and (2) the expert notices are insufficient.

## A. Timeliness

The Government argues that Defendants' expert disclosures regarding Linscott, Lining, and Layne are almost two years late because the deadline for disclosing expert witnesses was May 8, 2020, which was prior to the first trial. This argument is specious. The pretrial deadlines that were set for the first trial are clearly not applicable to the second trial. Further, although the Court did not set expert disclosure deadlines for the second trial, this lack of deadlines was never intended by the Court to preclude the Defense, or for that matter the Government, from disclosing additional or different experts for purposes of the second trial. To the contrary, the lack of specific expert disclosure deadlines appears to be the result of oversight by both the Court and the parties.

The Government makes much of the fact that the Defense disclosed these experts only after the Court issued its decision regarding the Governments' ability to impeach Defense financial expert Eric Lee during the second trial. However, the Court does not find the Defense's approach of seeking to use additional or alternative financial experts to be unreasonable, let alone a basis for excluding the

additional/alternative experts disclosed by the Defense.

The Court also notes that Defendants' motion in limine regarding the impeachment of Mr. Lee, filed on December 3, 2021, requested expedited ruling. (Dkt. 1223.) Defendants explained that expedited ruling was needed because the Court's ruling would impact Defendants' trial preparation "including whether they must hire and prepare other financial experts for trial." (Dkt. 1223 at 2.) Thus, the Government was on notice in December 2021 that if the Court ruled in the Government's favor, the Defense was likely to use additional or alternative financial experts for trial. The Court's order denying the motion was not issued until March 11, 2022, and the Defense shortly thereafter disclosed the three additional financial experts (*see* Dkts. 1309, 1318, 1336). The Court finds the timing of the Defense notices to be reasonable under the circumstances.

The Government's reliance on the February 16, 2022, discovery deadline set forth in the Court's March 10, 2022, pretrial order (Dkt. 1305) is also misplaced as that deadline does not address expert disclosures. Further, although the Government seeks to hold Defendants to the February 16, 2022, deadline, the Government has itself not complied with that deadline. (*See, e.g.*, Dkt. 1288 (declaration of Government expert Robert Pollock filed February 25, 2022); *see also* Dkt. 1350 (setting forth discovery disclosed by the Government after the

February 16, 2022, deadline, including 8,018 pages of text messages disclosed on March 16, 2022).

Finally, the Court notes that Defendants' disclosures of the three experts were made on or before the March 21, 2022, deadline for disclosure of witnesses. Because there was not a separate expert witness disclosure deadline for the second trial, the Court finds the Defense expert witness disclosures to be timely.

### B. Sufficiency of the Notices

The Government also argues that Defendants' expert notices regarding Mr. Linscott, Mr. Lining, and Ms. Layne are insufficient under Federal Criminal Rule 16(b)(1)(C).

Under Rule 16, a defendant must provide the government with reciprocal expert witness disclosure of "a written summary of any testimony that the defendant intends to use under Rules 702, 702, or 705 of the Federal Rules of Evidence as evidence at trial . . . ." Fed. R. Crim. P. 16(b)(1)(C). "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

#### 1. *Expert Linscott*

The initial notice of expert testimony for Mr. Linscott states:

In 2019, Mr. Linscott first became familiar with the financial evidence in this matter. At that time, Eric Lee was an accountant in Mr. Linscott's firm. Mr. Linscott worked with and assisted Mr. Lee as he

analyzed the financial evidence in the Babichenko case. Starting in 2019, Mr. Linscott worked with Mr. Lee to develop an approach to the financial evidence. In 2020-2021, Mr. Linscott reviewed bank records, underlying accounts documents, corporate records, revenue detail and other information. This information included bank statements, bank signature cards, some emails, wire information, purchase documents and certain legal filings. Since being retained in January 2022, Mr. Linscott has reviewed Mr. Lee's work.

In preparation for his testimony Mr. Linscott refamiliarized himself with the work that had been done previously with his firm. Mr. Linscott also reviewed samples of bank records from 130 accounts, consisting of 96 business and 34 personal accounts, involving 66 entities and more than 52,000 transactions.

If called as a witness, Mr. Linscott will rebut the testimony of the Governments' financial expert Linda Czemerys. His testimony may include testimony about: (1) use of multiple business entities, (2) parent and subsidiary entities, (3) common corporate business structures, (4) common related party business reimbursement practices, (5) use of contractors and commissioned sales people to expand businesses, (6) typical forms of business cash receipts and disbursements, (7) typical income statements for a telecommunications business, and (8) forensic tracing and analysis procedures.

(Dkt. 1309.)

A supplemental notice explains:

Mr. Linscott will testify about the business structures used by the Defendants for their multiple entities. Mr. Linscott will describe the structure of Limited Liability Companies and the structure of Limited Liability Companies in relation to other forms of corporate structures used in typical businesses. Mr. Linscott will opine that the business structures used by the Defendants are normal corporate structures.

Mr. Linscott will also testify as to the nature and substance of transactions between entities that have common ownership, such as

parent and subsidiary companies. This will include the nature of financial transactions between entities with common ownership and/or control. Mr. Linscott will opine that the deposits and withdrawals associated with the Defendants' accounts are typical of entities with retail and wholesale operations and for entities with common ownership and control.

Mr. Linscott will testify as to the nature of the Defendants' businesses including retail operations, wholesale operations, and the use of commissioned agents. Mr. Linscott will further describe various aspects of how retail and wholesale sales are made and the various avenues of sales methods that retailers and wholesalers use to sell their goods. Mr. Linscott will opine that the way the Defendants sell their products on a retail and wholesale basis and through the use of commissioned agents, is a typical way sales are made by companies selling products.

Mr. Linscott will testify as to the analysis performed on various Defendants' bank accounts including the number of accounts analyzed, the total deposits and withdrawals analyzed, and the nature of the deposits and withdrawals associated with the bank account analysis. Mr. Linscott will further testify as to the nature of income and expenses associated with the financial transactions for the Defendants and the industry in which they operate. This will include accounts such as revenues, cost of sales, gross margin, selling and general and administrative expenses and net income for the Defendants and the industry in general. Mr. Linscott will opine on the differences between deposits and income, and withdrawals and expenses. Mr. Linscott will further opine that the nature of the Defendants' income and expenses are typical for the industry in which they operate and for retailers and wholesalers in general.

As a Certified Fraud Examiner, Mr. Linscott will also opine on the standard of work performed in tracing related to forensic and litigation support engagements including relevancy, interpretation of data analyzed, and conclusions and opinions associated with data analysis. Mr. Linscott will also serve as a rebuttal expert related to any conclusions or opinions offered by the Government's expert, Linda Czemerys.

(Dkt. 1367 (footnote omitted).)[1]

The Court finds the notice, combined with the supplemental notice, to be sufficient under Rule 16(b)(1)(C).

## C. Expert Lining

The notice of expert testimony for Mr. Lining states:

> Mr. Lining will be called as an expert to testify regarding Mikhail Iyerusalimets' personal and business account information. Mr. Lining is expected to testify to all areas of Mr. Iyerusalimets' financial accounts (business and personal), including the activity/transfer in his accounts, business transactions, expenses and account transfers, income and pertinent tax records during the timeframe at issue in this case (if any). In addition, Mr. Lining will describe the operation of Mr. Iyerusalimets' businesses including, but not limited to, his analysis of the financial records reviewed in preparation of testimony. Mr. Lining will further testify about his knowledge and experience with accounting and business practices of small businesses (including Mr. Iyerusalimets' business practices as evidenced by the records in this matter).

> In preparation for his testimony, Mr. Lining will conduct an analysis of financial records, including, but not limited to, tax returns, financial transactions, secretary of state records, Government reports and memorandums, previous testimony of Defense expert Eric Lee and Government expert Linda Czemerys, and other relevant documents provided by the Government in discovery.

(Dkt. 1318.)

---

[1] Attached to the supplemental notice as Exhibit 1 is a description of the accounts analyzed.

The Court finds this notice inadequate to fully comply with the obligations imposed by Rule 16(b)(1)(C). Specifically, although the notice sets forth the subject matter of the expected testimony, and the materials reviewed in forming the opinions or conclusions, it does not set forth Mr. Lining's opinions or conclusions, and the bases and reasons for those opinions/conclusions. *See* Fed. R. Crim. P. 16(b)(1)(C). The Court does not, however, find the inadequacy of the notice to warrant exclusion of Mr. Lining's testimony. Instead, the Court will order Defendant Iyerusalimets to file a supplemental notice that fully complies with Rule 16(b)(1)(C).

### D. Expert Layne

The notice of expert testimony for Ms. Layne states:

> Ms. Layne will base her testimony on her education and experience and her review of relevant documents including financial records disclosed in discovery, business records and online sale records, the trial transcripts, trial exhibits, and analyses in government reports and memorandum. Ms. Layne may testify regarding the financial transactions related to Mr. Bibikov's various businesses; the amount of funds received from online retailers, such as Amazon; and the amount of funds used by Mr. Bibikov to purchase his retail inventory. Additionally, Ms. Layne may provide various analyses regarding the profitability of Mr. Bibikov's businesses and the business model in general. Ms. Layne may also provide testimony regarding the various records received in this case, including any opinions regarding the completeness of the data.

(Dkt. 1336.)

The Court finds this notice inadequate to fully comply with the obligations imposed by Rule 16(b)(1)(C). Specifically, although the notice sets forth the subject matter of the expected testimony, and the materials reviewed in forming the opinions or conclusions, it does not set forth Ms. Layne's opinions or conclusions, and the bases and reasons for those opinions/conclusions. *See* Fed. R. Crim. P. 16(b)(1)(C). The Court does not, however, find the inadequacy of the notice to warrant exclusion of Ms. Layne's testimony. Instead, the Court will order Defendant Bibikov to file a supplemental notice that fully complies with Rule 16(b)(1)(C).

## ORDER

IT IS ORDERED that:

1. The Government's motion to exclude defense experts Christopher Linscott and D. Nathanael Lining (Dkt. 1329) is DENIED in part and GRANTED in part as follows:

   a. The Motion is DENIED in full in relation to Defense expert Linscott.

   b. The Motion is DENIED in part and GRANTED in part as to Defense expert Lining as follows:

      i. Defendant Mikhail Iyerusalimets shall file, no later than **May 6, 2022**, a supplemental notice regarding Defense expert Lining that fully complies with Rule 16(b)(1)(C).

  ii. Failure to file the supplemental notice as directed may result in the Court's exclusion of Mr. Lining's testimony.

  iii. The motion is otherwise DENIED.

2. The Government's motion to exclude defense expert Anne M. Layne (Dkt. 1340) is DENIED in part and GRANTED in part as follows:

  a. Defendant David Bibikov shall file, no later than **May 6, 2022**, a supplemental notice regarding Defense expert Layne that fully complies with Rule 16(b)(1)(C).

  b. Failure to file the supplemental notice as directed may result in the Court's exclusion of Ms. Layne's testimony.

  c. The motion is otherwise DENIED.

DATED: May 2, 2022

B. Lynn Winmill
U.S. District Court Judge