UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE: DEFENDANT MIKHAIL IYERUSALIMETS' MOTION TO PRECLUDE GOVERNMENT FROM UTILIZING LATE DISCOVERY IN SECOND TRIAL (DKT. 1350)** |
| v. | |
| PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS, | |
| Defendants. | |

# INTRODUCTION

The Court set a discovery deadline of February 16, 2022, pursuant to the agreement reached by the parties. (Dkt. 1225.) After that deadline passed, the Government disclosed a significant amount of additional discovery. Defendant Mikhail Iyerusalimets moves the Court to preclude the Government from using all discovery disclosed after the discovery deadline during the second trial. (Dkt. 1350.) The Court will grant the motion in part and deny it in part.

## ANALYSIS

### A. February 17 Disclosure

On February 17, 2022, the day after the discovery deadline, the Government produced 173 files, consisting of approximately 1,109 pages of discovery that includes Amazon material, AT&T material, USPS material, defendant interview transcripts, FBI and HSI reports, Jencks material, and a declaration from Government expert Pollock. The Government concedes that the production of this discovery was untimely, but explains that the untimeliness was due to a calendaring error by the Government's counsel. The Government has also produced an email sent to Defense counsel by the Government's counsel on February 17, 2022, explaining the error and apologizing for the one-day delay in producing the discovery. (Dkt. 1387-1.) Further, the Government represents that it seeks only to use the Amazon and USPS (mail) records in its case-in-chief.

There is no indication that the one-day delay in producing this discovery was the result of bad faith, that the delay in any way prejudiced Defendants, or that the delay otherwise warrants exclusion of this evidence. Accordingly, the Court will deny the motion to the extent it seeks to preclude the Government from utilizing the Amazon and USPS (mail) records disclosed on February 17, 2022, in its case-in-chief. The Court will also deny the motion to the extent it seeks to preclude the Government from using the remaining records disclosed on February 17, 2022, for

rebuttal purposes only.

**B. February 23 Disclosure**

On February 23, 2022, the Government disclosed 1 file consisting of 1 page of an Amazon Excel spreadsheet that was apparently mistakenly omitted from the February 17, 2022, discovery disclosure. As with the February 17 disclosure, there is no indication that the delay in disclosing this spreadsheet was the result of bad faith, that the delay prejudiced Defendants, or that the delay otherwise warrants exclusion of the spreadsheet. Accordingly, the Court will deny the motion to the extent it seeks to preclude the Government from utilizing the one page Amazon spreadsheet disclosed on February 23, 2022.

**C. March 2022 Disclosures**

The Government made additional voluminous discovery disclosures during March 2022. These disclosures include:

- Artur Pupko material and additional material from AT&T produced on March 9, 2022, consisting of 57 files and 103 pages;

- AT&T Rule 902 certification produced on March 14, 2022, consisting of a single page;

- Text message conversations extracted from Mr. Pupko's phone produced on March 15 or 16, 2022, via USAfx upload, consisting of 20 files and 8,018 pages.

- Additional information extracted from Mr. Pupko's phone, produced by the Government by uploading the extracted information onto a hard drive that was sent via overnight mail to the Discovery Coordinator on March 16, 2022, and consisting of approximately 500 GB of information.

(*See* Dkt. 1350 at 2-3.)

Specific to the 500 GB of discovery produced on the hard drive, the Defense has provided information indicating that 1 GB of information is equivalent to 100,099 pages of emails; 64,782 pages of word files: 677,963 pages of text messages; or 15,477 image files. Based on this, the amount of discovery in the 500 GBs provided by the Government on about March 17, 2022, would be massive or, as Defense counsel characterizes it, "obscene." (Dkt. 1350 at 4.) The Government concedes that this evidence is "voluminous."

The Court is extremely troubled by the Government's ongoing failure to timely comply with the Court's deadlines. This is particularly troubling given the massive nature of this information dump, including from the Pupko phone, a month *after* the discovery deadline. Also disturbing is the fact that the Government is now taking the position that the extraction and disclosure from the Pupko phone was made "to ensure compliance with any *Brady* obligation." (*See* Dkt. 1387.) However, as the Defense points out, it is likely that the Pupko phone has been in

the Government's possession since sometime in 2018. Any disclosure required under *Brady* should have thus been made long ago, and certainly before the first trial. Yet the Government apparently never provided—until March 2022—any information from the Pupko phone.[1]

The Court would be hard pressed to find it appropriate to allow use of the evidence produced in March 2022 in the Government's case-in-chief. The Government, apparently recognizing as much, has agreed to not to do so. Further, the Government represents that "the portion of [the Pupko phone] extraction the Government may use on rebuttal, if necessary, is a much smaller series of messages between Artur Pupko, the Defendants, and co-conspirators—all of which were separately produced in .pdf format to defense counsel via USAfx upload on March 15." (Dkt. 1387 at 5.)

Based on the foregoing, and the extremely late disclosure, the Court will preclude the Government from using any evidence disclosed in March 2022 in its case-in-chief. The Court will, however, allow the Government to use a limited

---

[1] The Government attempts to muddy the waters on the timing issue by representing that it did not have the *extraction* from the Pupko phone until February 2022, and that it produced the *extraction* shortly thereafter. However, the Government does not deny that it has had *the phone* since 2018, and fails to explain why it did not conduct the extraction prior to the first trial.

portion of this evidence for purposes of rebuttal only. Specifically, the Court will allow the Government to use, for rebuttal purposes only, the discovery disclosed on March 9, 2022; the discovery disclosed on March 14, 2022; and the discovery disclosed on March 15, 2022, via USAfx upload, consisting of text message conversations extracted from Mr. Pupko's phone. The Government may not use any other evidence produced in March 2022 for rebuttal purposes, or any other purpose, during trial.

## ORDER

IT IS ORDERED that Defendant Mikhail Iyerusalimets' motion to preclude the Government from utilizing late discovery (Dkt. 1350) is GRANTED in part and DENIED in part as follows:

1. The Government is not precluded from using the Amazon and USPS (mail) records disclosed on February 17 and 23, 2022, in its case-in-chief.

2. The Government is precluded from using the remaining evidence disclosed on February 17 and 23, 2022, in its case-in-chief but may use that evidence for rebuttal purposes only.

3. As to the evidence produced in March 2022:

   a. The Government is precluded from using the evidence produced in its case-in-chief.

b.  The Government is not precluded from using the following evidence

produced in March 2022 for rebuttal purposes only:

    i.   Discovery disclosed on March 9, 2022;

    ii.  Discovery disclosed on March 14, 2022;

    iii. Discovery disclosed on March 15, 2022, in .pdf format via

        USAfx upload, consisting of text message conversations

        extracted from Mr. Pupko's phone.

c.  The Government is precluded from using the remaining evidence

produced in March 2022 for rebuttal purposes or any other purpose

during trial.

DATED: May 2, 2022

_____

B. Lynn Winmill
U.S. District Court Judge