UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS, and<br>MIKHAIL IYERUSALIMETS,<br><br>        Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION &<br>ORDER RE EVIDENCE OF<br>LIFESTYLE** |

## INTRODUCTION

Before the Court is Defendants' Joint Motion to Exclude Evidence

Concerning Wealth, Spending, and Lifestyle (Dkt. 1319). In this motion,

defendants ask the Court to preclude the government from offering various exhibits

at trial. After briefing, however, just two exhibits remain in dispute – Exhibits

1004 and 2406. For the reasons explained below, the Court will grant the motion as

to Exhibit 1004 and deny the motion as to Exhibit 2406.

## BACKGROUND

During the first trial of this matter, the government offered exhibits and

testimony related to the defendants' lifestyle, including, for example, receipts from luxury purchases and photos of defendant's homes and vehicles. In responding to the pending motion in limine, however, the government says that during the retrial, it does not intend to present "evidence underpinning the Defendants' lavish lifestyle." *Response,* Dkt. 1342, at 1. As such, this motion is largely moot. The government does say, however, that it intends to offer Exhibits 1004 and 2406 for other reasons. The government argues that these exhibits will establish "the Defendants' connections to the businesses, emails, phone numbers, and roles in the conspiracy" and, as such, is direct evidence of the charged crimes. *Response,* Dkt. 1342, at 2.

## GOVERNING LEGAL STANDARD

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017). Accordingly, "a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *Id.*; *see Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Further, rulings on motions in limine are provisional and, therefore, "not binding on the trial judge [who] may always change his mind during the

course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

Accordingly, at trial, the court will entertain objections on individual proffers as

they arise at trial, even though the proffer falls within the scope of a denied motion

in limine. *See Luce*, 469 U.S. 38 at 41 ("Indeed, even if nothing unexpected

happens at trial, the district judge is free, in the exercise of sound judicial

discretion, to alter a previous in limine ruling.").

## DISCUSSION

Defendants argue that Exhibits 1004 and 2406 should be excluded under

Federal Rules of Evidence 401, 402, 403 and 404(b).

## 1.  The Federal Rules of Evidence

The Federal Rules of Evidence govern the admissibility of evidence at trial.

All relevant evidence is admissible unless otherwise stated by the constitution,

statute or other federal rules. *See* Fed. R. Evid. 402. Evidence is relevant if it has

"any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be

without the evidence." Fed. R. Evid. 401. In other words, "[r]elevancy simply

requires that the evidence logically advance a material aspect of the party's case."

*United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal

quotations omitted). More generally, the Supreme Court has observed that the

"basic standard of relevance under the Federal Rules of Evidence is a liberal one."

*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 587 (1993).

That said, even if evidence is relevant, it may be excluded under Rule 403, "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Finally, under Rule 404(b), evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But that evidence may be admissible if it is relevant to a permissible purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

## 2.  Exhibit 2406 – The Laptops

The Court will deny the motion as to Exhibit 2406, which is an Apple Store receipt for four MacBook Air laptop computers and an iPhone. The exhibit also contains a cover sheet, showing that the receipt was emailed from Apple to

g.distributing. *See Ex. 4206,* Dkt. 1342-2. (Defendant Tim Babichenko is affiliated with g.distributing.)

Defendants categorize the Apple Store receipt as a lifestyle exhibit – *i.e.,* one showing that a defendant made a specific, luxury purchase in December 2017. The government disagrees, arguing that Exhibit 1004 is admissible to help establish that defendants opened multiple online selling accounts – and, relevant here, used multiple laptops in opening those accounts – as part of their alleged scheme to sell counterfeit items on Amazon. According to the government, the defendants would open new businesses, using different laptops, in their efforts to avoid detection after Amazon shut down their seller accounts for having sold counterfeit products. The government also says multiple computers were found in Defendant Tim Babichenko's home and in the warehouses where defendants conducted their businesses.

The Court finds these arguments persuasive, and the defendants did not address them on reply. In fact, the reply brief is completely silent as to Exhibit 2406. The Court will therefore deny the motion as to Exhibit 2406.

## 3.  Exhibit 1004 – The Truck Purchase

The Court will grant the motion as to Exhibit 1004, however. Exhibit 1004 is a stack of documents relating to Defendant David Bibikov's purchase of a used pick-up truck. Among other things, Exhibit 1004 contains: (1) various dealer

worksheets; (2) an "Idaho Standard Dealership Credit Application;" (3) an

odometer disclosure statement; (4) DMV documents; (5) Mr. Bibikov's driver's

license; and (6) a $32,129.88 signed check, drawn on an account for Bib's

Electronics.

At the first trial, the government introduced Exhibit 1004 around the same

time that it introduced other exhibits relating to what it referred to as evidence of

"large cash expenditures." *See Trial Tr.* at 3313:18. Using Exhibit 1004, the

government elicited testimony that Bibikov paid over $32,000 "cash" for the truck.

As noted above, the government says that in the second trial, it no longer

intends to introduce evidence of luxury purchases. But it says Exhibit 1004

remains relevant because, within that multi-page exhibit, there are documents

listing Bibikov's email addresses, his phone numbers, his home address, and his

"associations with businesses through the purchase of this truck with Bib's

Electronics check." *Response,* Dkt. 1342, at 2. The government also says Exhibit

1004 "documents Defendant David Bibikov's signature on the checks and

documents, which itself has evidentiary significance." *Id.*  Based on these

arguments, the government asks the Court – pretrial – to admit this exhibit "as

relevant evidence of fraud."

Bibikov ultimately concedes that certain portions of the documents

comprising Exhibit 1004 are "minimally relevant" to show his "uncontested

associations with addresses, contact information and businesses," but he urges the Court to exercise its discretion to exclude the exhibit. *Reply,* Dkt. 1356, at 4. He points out that evidence of his "home and e-mail addresses and his ownership of Bibs Electronics is neither disputed nor in short supply." *Motion,* Dkt. 1319, at 10.[1] Bibikov further says that "he has repeatedly offered to stipulate to the foundation for public documents such as secretary of state documents that reflect Mr. Bibikov's associations with business and addresses." *Reply,* Dkt. 1356, at 3.

Given Bibikov's assertion that he will not dispute his associations with the businesses, emails, addresses, and telephone numbers – alongside availability of other evidence to establish these facts – the Court is perplexed by the government's insistence that Exhibit 1004 is "crucial" evidence in this case. That said, the Court is not in the business of picking which pieces of evidence the government should use to present its case to the jury. Rather, the more concerning fact is that if the

---

[1] Defendants point to the following evidence from the first trial that establish these facts: *Aug. 22, 2021 Tr.*, at 3680:19–3687:15 and *Exs*. 2711–2715 (Agent Sheehan's testimony that law enforcement obtained a search warrant for Mr. Bibikov's home address where they seized Mr. Bibikov and his wife's personal and business records); *Ex. 1000* at 13, 33 (Secretary of State documents showing David Bibikov as the registered agent for "Bibs Electronics LLC" and another company that list his home address); Ex. 2501 at 24 (Secretary of State document reflecting Mr. Bibikov owned "Bibs Electronics LLC"); Ex. 2504 at 24–26 (bank documentation showing Mr. Bibikov owned "Bibs Electronics LLC" and noting "dodya**") (IRS correspondence to Mr. Bibikov, the sole member of "Bibs Electronics"), 74–100 (Midstar invoices to Bibs Electronics); Ex. 3208 at 4 (text message from Mr. Bibikov indicating his e-mail address is dodya**@gmail.com); Ex. 3216 at 3 (same); Ex. 3221 at 422, 523, 527, 557, 568, and 624 (same); *Ex. 32* (document indicating the e-mail for "Bibs Electronics" is "dodya**@gmail.com").

government does put the entirety of Exhibit 1004 before the jury, the key takeaway will be the irrelevant fact that Mr. Bibikov bought a truck for $32,000 and that he paid for it with a check – not that that he is associated with a particular business, email address, home address, or phone number. Under these circumstances, and given the minimal probative value of document, admitting exhibit likely would prejudice Bibikov.

The Court will therefore preclude the government from offering Exhibit 1004 at trial under Federal Rule of Evidence 403. The Court finds that, given the record in this case, admitting this document will be cumulative and prejudicial and that those risks substantially outweigh the minimal probative value of the document. Nevertheless, and as with any in limine ruling, the government is free to ask the Court to change its mind depending on how the evidence develops during trial. For example, if the defendant does, in fact, refute his association with Bib's Electronics or Xtreme Mobile, the government may ask the Court to admit Exhibit 1004. Similarly, if the government wishes to use the credit application portion of Exhibit 1004 (pages 6 and 7 of the exhibit) to show that Mr. Bibikov reported he was employed by Xtreme Mobile LLC – and the government further explains the

relevance of that piece of information[2] – the Court would be inclined to change its mind. Note, however, that if the Court does allow the government to offer Exhibit 1004, the Court would expect the government to excise irrelevant portions of this multi-page exhibit (such as, for example, the purchase price and the make and model of the vehicle).

**ORDER**

**IT IS ORDERED THAT** Defendants' Joint Motion to Exclude Evidence Concerning Wealth, Spending, and Lifestyle (Dkt. 1319) is **GRANTED IN PART**, **DENIED IN PART**, and **DEEMED MOOT IN PART** as follows:

1. Defendants' Motion to Exclude Exhibit 1004 is **GRANTED**.

2. Defendant's Motion to Exclude Exhibit 2406 is **DENIED**.

3. Otherwise, Defendants' Motion is **DEEMED MOOT**.

DATED: May 2, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[2] Defendant discussed this portion of the exhibit in his reply brief. The government, however, did not focus on this part of the exhibit in arguing for its relevance.