UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, AND MIKHAIL IYERUSALIMETS,**<br><br>**DEFENDANTS.** | **CASE NO. 1:18-CR-00258-BLW**<br><br>**MEMORANDUM DECISION AND ORDER RE: GOVERNMENT'S MOTIONS TO ADMIT RECORDS IN THE 1,000 SERIES (DKT. 1347) AND TO ADMIT SELF-AUTHENTICATING EMAILS IN THE 4000 EXHIBIT SERIES (DKT. 1348)** |

## INTRODUCTION

Before the Court is the Government's Motion to Admit Records in the 1,000 Series (Dkt. 1347) and Motion to Admit Self-Authenticating Emails in the 4000 Series (Dkt. 1348). In these motions, the Government seeks pretrial rulings regarding the admissibility of 161 exhibits consisting of hundreds of pages. Generally, Defendants object to the idea of admitting contested exhibits pretrial, arguing that objections to the relevancy and admissibility of these documents should be determined within the context of trial. The Court agrees and will deny

the Government's motions.

## ANALYSIS

In a recent pretrial order, the Court indicated that the Government should be able to present its case more efficiently the second time around. (Dkt. 1305.) The Court placed the Government "on the clock"—giving it 60 trial hours (or 12 trial days) to present its case-in-chief. (*Id.*) Given these time limitations, the Government contends that its presentation of evidence will proceed more efficiently if the Court "pre-admits" 161 trial exhibits—resolving any objection to those exhibits now rather than in the context of trial. As noted, those 161 exhibits, together, contain hundreds of pages. Defendants have not stipulated to the admission of these exhibits.

While the Court appreciates the Government's efforts to streamline its trial presentation, and recognizes that many of these exhibits were admitted at the first trial, the Court declines to rule on the admissibility of these exhibits en masse and outside the context of the presentation of evidence at the second trial. The Court does, however, remind the Government and Defendants that, under the law of the case doctrine as applied by the Ninth Circuit, "it is error for a court upon retrial to reverse an identical evidentiary ruling made during the first trial, barring clear error or a change in circumstances." *United States v. Tham*, 960 F.2d 1391, 1397 (9th Cir. 1991); *see United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) ("Issues

that a district court determines during pretrial motions become law of the case."); *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (a court may depart from law of the case where (1) the prior decision was clearly erroneous; (2) there was an intervening change in the law; (3) the evidence is substantially different; (4) there are other changed circumstances; or (5) "manifest injustice would otherwise result"). Thus, to the extent the Court made an evidentiary ruling during the first trial, that ruling is law of the case and applies to the second trial *unless* there is a relevant change in circumstances; an intervening change in law; the evidence at the second trial is substantially different; or the Court clearly erred in its previous ruling.

    The Court also notes that although Defendants object to a determination at this time that the exhibits are admissible, it appears that they do not object as to foundation for some of the exhibits at issue in the Government's motions. (*See, e.g.,* Dkts. 1381, 1385.) The Government could seek a stipulation from Defendants as to foundation for those exhibits.

    Finally, the Court will specifically address Defendants' objections regarding the admissibility of Customs and Border Protection(CBP) records as public records under Federal Rule of Evidence 803(8).

    Defendants contend that Rule 803(8) is inapplicable to the CBP records because the records are testimonial and admission of the records would thus violate

their right to confrontation under the Sixth Amendment pursuant to *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004) and its progeny. However, the Court previously ruled that the CBP records fall under Rule 803(8)(A)(ii) as a "record of a public office" setting out "a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel." (Dkt. 935 at 16.) Further, the Court ruled that the admission of the CBP records as self-authenticating public records did not violate the Confrontation Clause. (*Id.* at 18.) This ruling is law of the case unless there has been a relevant change in circumstances, an intervening change in law, or the Court clearly erred in its previous ruling. *See Tham*, 960 F.2d at 1397; *Phillips*, 367 F.3d at 856; *Alexander*, 106 F.3d at 876. Defendants have not claimed, let alone demonstrated, a change in circumstances or intervening change in law, and a review of the controlling case law convinces the Court that its previous ruling was correct.

In *United States v. Morales*, 720 F.3d 1194, 1200 (9th Cir. 2013) the Ninth Circuit determined that Field 826 immigration forms were nontestimonial because they were created pursuant to the administration of the CBP's affairs and not for purposes of establishing or proving a fact at trial. The Ninth Circuit explained that records that have been "created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Id.* "A business or public record is not 'testimonial' due to 'the mere

possibility' that it could be used in a later criminal prosecution. Rather, such records are testimonial only if there is some showing that the primary purpose of the record is for use in litigation." *Id.* (citing *United States v. Orozco–Acosta*, 607 F.3d 1156, 1163-64 (9th Cir. 2010) (noting that a warrant of deportation is nontestimonial because "neither [its] sole purpose nor even its primary purpose is use at trial," but rather "to maintain records concerning the movement of aliens and to ensure compliance with orders of deportation")).

Here, as the Court previously ruled (Dkt. 935), the CBP seizure documents were created regardless of whether an alleged violator would be prosecuted and the documents are thus not testimonial. The admission of these documents without a CBP representative witness does not, therefore, run afoul of Defendants' confrontation rights under the Sixth Amendment.

The Court declines to determine at this time whether the CBP records are inadmissible or should be excluded on other grounds.

## ORDER[1]

IT IS ORDERED that:

---

[1] Objections to the admission of Exhibit 1004 (*see* Dkt. 1319) are addressed in a separate order.

1. The Government's Motion to Admit Records in the 1,000 Series (Dkt. 1347) is DENIED.

2. The Government's Motion to Admit Self-Authenticating Emails in the 4000 Series (Dkt. 1348) is DENIED.

DATED: May 4, 2022

_____
B. Lynn Winmill
U.S. District Court Judge