UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENNADY BABITCHENKO,<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE BABICHENKO CONSTRUCTION (DKT. 1286)** |

## INTRODUCTION

Before the Court is Gennady Babitchenko's Motion to Return Property. (Dkt. 1286.) For the reasons discussed below, the Court will deny the motion.

## BACKGROUND

This case involves an alleged international counterfeit goods trafficking and smuggling scheme that was being run from the Treasure Valley, primarily by members of one extended family. Gennady Babitchenko, along with numerous other members of that extended family, were charged in the Superseding Indictment with conspiracy to commit wire fraud, conspiracy to traffic in

counterfeit goods, and individual charges of counterfeit trafficking.[1] (Dkt. 210.) The Superseding Indictment also contained allegations that certain property was subject to criminal forfeiture as having been "used or intended to be used . . . to commit, or to facilitate the commission of" the offenses in the Superseding Indictment, or as constituting, or having been "derived from proceeds obtained directly or indirectly as a result of" those offenses, in violation of 18 U.S.C. § 2323, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). (Dkt. 210 at 22-32.) Included among the property alleged to be subject to criminal forfeiture is the business and business property belonging to Babichenko Construction, Inc., aka Babichenko Construcoes, Inc. (Dkt. 210 at 31.)

This case went to a jury trial in the summer of 2021 against Mr. Babitchenko and eight of his co-defendants. The Government dismissed one of the charges against Mr. Babitchenko during its case in chief. Following the close of the Government's case in chief, the Court granted Mr. Babitchenko's motion under Federal Rule of Criminal Procedure 29, dismissed all remaining charges against him, and entered a judgment of acquittal. (Dkts. 1109, 1120). The trial continued

---

[1] Mr. Babitchenko and his co-defendants were also charged with conspiracy to commit, and individual counts of, money laundering. Those money laundering counts were ultimately dismissed by the Court.

against the remaining eight co-defendants.

The jury ultimately acquitted one of the co-defendants of all charges against her; acquitted another co-defendant of some of the charges against him; and was unable to reach a verdict as to the remaining charges against that co-defendant and the other six co-defendants. The Court declared a mistrial as to the charges on which the jury was unable to reach a verdict, and the case is set for a new trial on those charges to begin on May 18, 2022.

## LEGAL STANDARD

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). The burden of proof on a motion under Rule 41(g) depends on the timing of the motion. Once the property "is no longer needed for evidentiary purposes," such as here, where the trial against Mr. Babitchenko has been completed and he has been acquitted, a defendant is presumed to have a right to the return of his property. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (citations omitted). However, the government can rebut that presumption by proving it has a " 'legitimate reason' for retaining the property that is 'reasonable [] under all of the circumstances.' " *Id*. "The simplest way for the government to carry its burden is to prove 'the property ... is contraband or subject to forfeiture.' " *Id*.

# ANALYSIS

Mr. Babitchenko contends that it is undisputed that he owns Babichenko Construction along with a partner, Igor Babichenko. He further argues that because he was acquitted of all of the criminal charges against him, the property owned by Babichenko Construction is no longer subject to criminal forfeiture and that he is therefore entitled to the release of that property. The Court disagrees.

As Mr. Babitchenko correctly points out, a prerequisite to criminal forfeiture is the conviction of at least one offense giving rise to the forfeiture. *See United States v. Lazarenko*, 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture is a punishment designed to divest the defendant "of his title to proceeds from his unlawful activity as a consequence of his criminal conviction"); *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011) ("[C]riminal forfeiture is an *in personam* proceeding against the defendant personally and is part of the defendant's punishment."). Criminal forfeiture does not therefore lie *in personam* against Mr. Babitchenko, who has been acquitted of all criminal charges against him. Mr. Babitchenko's acquittal does not, however, preclude the Government from pursuing forfeiture of Babichenko Construction and its property.

The Superseding Indictment alleges that Babichenko Construction and property belonging to it are subject to criminal forfeiture upon conviction of

charges against not only Mr. Babitchenko but also charges against his co-defendants. (Dkt. 210 at 22, 31.) Some of the charges against the co-defendants remain pending and will be taken to trial in May 2023, as will the criminal forfeiture allegation against Babichenko Construction and its property. Mr. Babitchenko is not, therefore, entitled to release of Babichenko Construction and its property. *See United States v. Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991) (motion for return of property may be denied if the property is subject to forfeiture).

Moreover, in the event that some or all of Mr. Babitchenko's co-defendants are convicted of the charges against them, and the Government prevails on its criminal forfeiture allegation against Babichenko Construction and its property, Mr. Babitchenko will have the opportunity to assert his legal interest in that property under the provisions of 21 U.S.C. § 853.

Finally, the Court notes that even "if the government's criminal prosecution of the property owner fails, that failure does not prevent the government from pursuing civil forfeiture. The government may pursue civil forfeiture even after a failed criminal prosecution." *Liquidators of Eur. Fed. Credit Bank*, 630 F.3d at 1150. This is because, in contrast to criminal forfeiture, which requires the government to "prove culpability beyond a reasonable doubt," to achieve civil

**MEMORANDUM DECISION AND ORDER - 5**

forfeiture, the government must only prove culpability by a preponderance of the evidence. *Id.* (noting that both civil and criminal forfeiture require the government to establish a nexus between the property and the illegal activity but that, for civil forfeiture, the standard of proof is preponderance of the evidence).

## ORDER

**IT IS ORDERED that** Gennady Babitchenko's Motion to Return Property (Dkt. 1286) is DENIED.

DATED: May 4, 2022

B. Lynn Winmill
U.S. District Court Judge