UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br><br>Defendant. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: SECOND MOTION FOR RETURN OF PROPERTY (DKT. 1251)** |

## INTRODUCTION

Before the Court is Pavel "Paul" Babichenko's Second Motion for Return of Property. (Dkt. 1251.) For the reasons discussed below, the Court will deny the motion without prejudice.

## BACKGROUND

This case involves an alleged international counterfeit goods trafficking and smuggling scheme that was being run from the Treasure Valley, primarily by members of one extended family. Peter Babichenko, along with numerous other members of that extended family, are charged in the Superseding Indictment with conspiracy to commit wire fraud, conspiracy to traffic in counterfeit goods, and individual charges of counterfeit trafficking. (Dkt. 210.) The property at issue in

the present motion—a 2016 Lexus LX570—is listed in the criminal forfeiture allegation of the Superseding Indictment as registered to Natalya Babichenko, Paul Babichenko's wife, who was also charged in the superseding indictment. (Dkt. 210 at 23.)

Paul Babichenko previously moved for the release of this vehicle (Dkt. 315), and the Court denied that motion without prejudice (Dkt. 351).  Since the denial of the previous motion, this case went to a jury trial in the summer of 2021. Natalya was acquitted of all charges against her. (*See* Dkts. 1154, 1161.) However, the jury was unable to reach a verdict as to any of the charges against Paul Babichenko. (*See* Dkt. 1153.) The Court declared a mistrial as to the charges against Paul Babichenko, and a new trial on those charges is set to begin on May 18, 2022.

## LEGAL STANDARD

Paul Babichenko's motion seeking return of the Lexus is governed by Federal Rule of Criminal Procedure 41(g), which provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.... If [the court] grants the motion, [it] must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

"Generally, a Rule 41[g] motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is

contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (citation omitted). A criminal defendant moving for return of property bears the initial burden of proof as to these facts.

## ANALYSIS

As the Court noted in the previous order denying release of the Lexus, and as remains true in the second motion seeking release that property, Paul Babichenko has not challenged the validity of the underlying warrants issued for the seizure of the Lexus, and has not demonstrated that the Lexus is not properly subject to criminal forfeiture proceedings. (*See* Dkt. 351, Dkt. 1251-1.) As the Court also previously ruled, and as also remains true now: "The Government has shown Defendant's Lexus . . . [is] properly in its custody because [it is] subject to criminal forfeiture actions. Further, as this case is far from its conclusion, it is yet to be determined whether the property will be needed to satisfy any potential terms of restitution." (Dkt. 351 at 6.)

Paul Babichenko does not dispute any of this, but instead asks the Court, "on behalf of his exonerated spouse [Natalya], to release her vehicle only,"[1] noting that

---

[1] The previous motion sought release of both the Lexus registered in (Continued)

there are no longer pending charges against Natalya, and citing equitable considerations. (Dkt. 1251-1 at 2-3.) The fact remains, however, that there are criminal charges remaining against Paul Babichenko, and that the Lexus is subject to forfeiture if it was obtained through the use of criminal proceeds, despite any interest Natalya may have in the Lexus. *See* 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 2323(b)(1); 18 U.S.C. § 2461(c); *cf. United States v. Hooper*, 229 F.3d 818, 820 (9th Cir. 2000) (owner of a community property interest in criminal proceeds does not have a right superior to government's criminal forfeiture claim to those proceeds); *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) ("[I]f the government's criminal prosecution of the property owner fails, that failure does not prevent the government from pursuing civil forfeiture. The government may pursue civil forfeiture even after a failed criminal prosecution." (citation omitted)).

Because criminal charges remain pending against Paul Babichenko, and the Lexus remains subject to forfeiture if it was obtained through the use of criminal proceeds, the motion for return of the Lexus will be denied.

---

Natalya's name, and a Jeep registered in Paul's name. In the present motion, Paul seeks release only of the Lexus.

# ORDER

**IT IS ORDERED that** Pavel "Paul" Babichenko's Second Motion for Return of Property (Dkt. 1251) is DENIED.

DATED: May 4, 2022

_____
B. Lynn Winmill
U.S. District Court Judge