UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO, PIOTR BABICHENKO, TIMOFEY BABICHENKO, KRISTINA BABICHENKO, DAVID BIBIKOV, ANNA IYERUSALIMETS, and MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' OBJECTION TO GOVERNMENT NOTICE TO INTRODUCE RECORDS UNDER FEDERAL RULE OF EVIDENCE 902 (DKT. 1296)** |

# INTRODUCTION

Before the Court is Defendants' Objection to Government Notice of Intent to Introduce Records Under Federal Rule of Evidence 902. (Dkt. 1296.) For the reasons explained below, the Court will sustain the objection but only to the extent Defendants challenge the adequacy of the certifications to meet the requirements of Rules 803(6) and 902(11) for admission of the Amazon Records as self-authenticating business records.

MEMORANDUM DECISION AND ORDER - 1

## LEGAL STANDARD

Federal Rule of Evidence 902 allows for the admission of records of a regularly conducted activity that "meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person . . . ." Fed. R. Evid. 902(11).

Under Federal Rule of Evidence 803(6), "a record of an act, event, condition, opinion, or diagnosis" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness" if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6).

The Ninth Circuit has made clear that records maintained in a computer may qualify as business records under Rule 803(6) and that, similarly, "evidence that

has been compiled from a computer database is also admissible as a business record, provided it meets the criteria of Rule 803(6)." *U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043-44 (9th Cir. 2009) (citations omitted).

## ANALYSIS

The records at issue here are what the Government refers to as the "Amazon Records." (*See* Dkt. 1272.) These records include Excel spreadsheets listing 546,383 Amazon sales transactions occurring between 2010 and 2018 from over 20 different merchants, and certifications regarding those spreadsheets. (*See* Dkts. 1296-3 to 1296-6 (Exhibits A-E to Defendants' motion).[1] The spreadsheets are accompanied by certifications from Amazon that state the following:

> 1.   I am an employee of Amazon Inc ("Amazon"). I make this declaration based on personal firsthand knowledge and, if called as a witness, I could testify as set forth below.
>
> 2.   Amazon produced documents responsive to the above-referenced law enforcement request [Amazon Ref. No. CRIM1176880 2022 DS:US v. Pavel Babichenko, et. al. (External Case No. [Empty])

---

[1] The records set forth in the Government's Notice (Dkt. 1272) were disclosed to Defendants on February 17, 2022, one day after the discovery deadline. Government counsel explains that this one day delay was unintentional and the result of counsel's oversight. The Court does not find this one day delay relevant to the determination of whether the records are admissible under Rules 803(6) and 902.

3.      All documents produced by Amazon are authentic, are what they purport to be, and accurately describe the transactions, communications, and events set forth therein.

4.      All documents produced by Amazon are business records in that they are (i) kept in the ordinary course business; (ii) created at or near the time of the transactions or events reflected therein, or based on information from a person with knowledge of the transaction or events; and (iii) kept as a part of a regular business activity.

(Dkts. 1296-2, 1296-5 (Exhibits A and D to Defendant's motion).)

These certifications would appear to be sufficient to meet the requirements of Rule 803(6)(A)-(C), as well as Rule 803(6)(D) (requiring the conditions in 803(6)(A)-(C) be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification"). However, a follow-up email from Amazon raises concerns regarding the accuracy of the certifications.

The follow-up email states:

We have uploaded in the below account three spreadsheets . . . . Please note that these spreadsheets contain the original data and pivot tables from our prior productions, with the addition of two new tabs per spreadsheet (in blue), entitled "Sales Including Condition Dedup" (deduped sales records) and "Sales Pivot Dedup" (updated pivot tables based on deduped sales records).

Please note that this information is the product of an internal investigation, *requiring analytical efforts beyond merely collecting records maintained in the ordinary course of business*. Amazon does not proactively refer all suspected criminal activity to law enforcement, but may choose to do so in select circumstances. Amazon pursued internal investigations for its own

> business purposes, and does not conduct investigations or generate reports at the request of law enforcement.

(Dkt. 1413-1 (emphasis added).)

The emphasized language—stating that the information Amazon has provided to the Government involves "analytical efforts beyond merely collecting records maintained in the ordinary course of business"— appears to contradict Amazon's previous certifications that the information it provided to the Government are "business records in that they are (i) kept in the ordinary course of business . . ."

The Government contends that the email's contradictory language is merely what the Government describes as an "offhand stock paragraph," and that the language thus does not impact the legitimacy of the certifications previously provided by Amazon. Little more is offered to explain why this language appears in the email. Without a better explanation, the Court must conclude that the contradictory language raises concerns regarding whether the spreadsheets include information based on analytical efforts beyond merely collecting records maintained in the ordinary course of business. Accordingly, the Court will sustain defendants' objection, having concluded that the certification raises questions as to whether the Amazon Records are, in fact, "records of a regularly conducted activity" within the meaning of Rule 803(6).

Additionally, under Federal Rule of Evidence 902(11), if a party wishes to offer certified records of a regularly conducted activity – without "extrinsic evidence of authenticity" – that party must give the other side a chance to challenge the certification and records. As stated in the rule:

> Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Of course, that rule contemplates providing paper copies to the opposing party, which doesn't make sense in this day and age because many businesses – Amazon included – store records digitally. With digital records, the Court concludes that the proponent needs to tell the adverse party how a particular data set was generated in order to comply with Rule 902(11). Applied here, then, the Government needs to let the defendants know which search terms were used to generate the records that are being offered as exhibits. The Government also needs to produce *all* subpoenas Amazon was responding to when it generated the records that the Government seeks to offer at trial. To the Court's knowledge, the Government has not completed this task. As far as the Court is aware, the Government has provided the defense with a copy of one Amazon subpoena (Dkt. 1438-1), but that subpoena references subpoena returns 105906 and 1042568, and

it does not appear that the information on those subpoena returns (or the underlying subpoenas for those returns) has been disclosed to the defendants. The Government also has not provided any information on the queries used by Amazon in creating the data. The Court will order the Government to provide this information to the defendants. And, to clarify, the Court will require that the Government supply this information even though Government will now presumably seek to admit the Amazon Records at trial through a witness, rather than through a certification.

Defendants have also raised concerns about whether the information in the spreadsheets is incomplete. For example, they argue that the spreadsheets do not include customer communications, do not appear to include information regarding customer returns, and do not otherwise appear to provide a complete record of the transactions in the spreadsheet. The Court is not persuaded that these sorts of omissions would bar admission of the Amazon Records. After, all, the vast majority of all business records are likely created and stored digitally. This has resulted in the storage of data in quantities that were once unimaginable. To be usable, electronically stored business records must be retrieved selectively. And so it is with the presentation of those types of records as trial exhibits. Requiring that business record exhibits include all underlying data stored by the custodian with regard to particular business transactions, would be unworkable and result in trial exhibits that are incomprehensible to the finder of fact.

On the other hand, a party cannot "cherry pick" the underlying data in presenting a business record exhibit in such a way that its probative value is substantially outweighed by a danger of confusing the issues, prejudicing an opponent, or misleading the jury. But that is a concern which must be addressed at trial in the context of Rule 403.

For all these reasons, the Court will sustain Defendants' objection to the extent Defendants challenge the adequacy of the certifications to meet the requirements of Rules 803(6) and 902(11) for admission of the spreadsheets as self-authenticating business records. This ruling does not, however, preclude the Government from seeking to admit the spreadsheets as business records through other means, such as through witness testimony.[2]

## ORDER

IT IS ORDERED that:

1. Defendants' objection to the admission of the Amazon Records under

---

[2] Defendants also argue that the spreadsheets should be excluded because the Government delayed until 2022 to request these records then chose to provide only a "barebones" notice to Defendants "at the eleventh hour, circumventing the defense's ability to meaningfully defend against the evidence." Defendants further argue that the records should be excluded because the presentation of this evidence will inevitably lengthen trial. The Court finds these arguments to be unpersuasive and to not warrant exclusion of the evidence.

Federal Rule of Evidence 902 is SUSTAINED to the extent Defendants challenge the adequacy of the certifications to meet the requirements of Rules 803(6) and 902(11) for admission of the Amazon Records as self-authenticating business records.

2. By no later than May 25, 2022, the Government shall produce to the defense: (1) copies of all subpoenas issues to Amazon which resulted in the creation of the "Amazon Records" described in this decision, including any underlying subpoenas; and (2) the search terms or queries that were used to generate the Amazon Records.

3. The Government is granted leave to amend its exhibit and witness lists, no later than May 25, 2022, to accommodate the Court's ruling.

DATED: May 19, 2022

B. Lynn Winmill
U.S. District Court Judge