RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED DISCOVERY AND EXHIBITS** |

As the defense has noted in this case, "[t]here comes a point in any trial when exhibits must be finalized, witness lists fully exchanged, and the discovery 'spigot' . . . turned off." Defendant Anna Iyerusalimets' Motion to Exclude Late Exhibits, ECF 1025, at 2 (quoting *United States v. Swenson*, et al., Case No. 1:13-cr-91-BLW, ECF 357 (D. Idaho Feb. 10, 2014)). Nevertheless, on June 14, 2022—four weeks into trial—Defendant Anna

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—1

Iyerusalimets disclosed new records to the Government. These newly produced records come from the Consumer Product Safety Commission ("CPSC"), a government agency that receives consumer reports of unsafe products. The records are not responsive to any new issue raised during trial. The Court should exercise its broad discretion to exclude these late-produced records because the production came four months after the Court's February 16, 2022 discovery deadline. *See United States v. W.R. Grace*, 526 F.3d 499, 515-17 (9th Cir. 2008) (affirming district court's exclusion of evidence not produced one year in advance of trial pursuant to a valid pretrial discovery order).

This is only fair because the Court has previously exercised its discretion to exclude exhibits that the Government disclosed after the discovery deadline. *See* Trial Tr. 1300–02 (granting the defense motion to exclude late-disclosed exhibits). There is no basis for reasoning otherwise here: in fact, there is even more reason for exclusion for two reasons. First, the defense disclosed the underlying material in discovery yesterday. Accordingly, this is not a newly identified exhibit taken from previously disclosed discovery, but rather, entirely new material produced by defense mid-trial. Second, there is no explanation from the defense as to why they waited so long to disclose this material even though the records are several years' old and could have easily been obtained before the discovery cut off. *Compare id.* at 1297:20–1298 (Government explaining the difficulty in obtaining the electronic records from the filter team as the basis for the late-disclosed exhibits).

Nor does the content of the newly disclosed records provide an excuse for the defense. The CPSC records are several hundred pages of recalls and consumer-complaints to the CPSC listed by incident report numbers. *See* Exhibit 14465 (discovery disclosed to the

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—2

Government on June 13, 2022). From this late-disclosed discovery, Defendant Anna Iyerusalimets also noticed yesterday a late-disclosed defense exhibit, Defense Exhibit 14465.

What's more, the information contained in the CPSC discovery is improperly noticed as self-authenticating under the Rules of Evidence. Accordingly, the Government objects to the notice filed by the defense yesterday. *See* Notice of Intent to Offer Records, ECF 1508 (June 14, 2022).

Under Rule 902, a certified public record may by authenticated though a "seal purporting to be that of the United States" and a "signature purporting to be an execution or attestation." Fed. R. Evid. 902(1). Additionally, domestic public documents that do not bear a seal can be authenticated with a "signature of an officer or employee of an entity named in Rule 902(1)(A); and another public officer who has a seal and official duties within that same entity certifies under seal—or its equivalent—that the signer has the official capacity and that the signature is genuine." Fed. R. Evid. 902(2) (domestic public records). The certification for the CPSC records fails to meet these basic requirements. *See Abercrombie & Fitch Stores v. Broan-Nutone LLC*, No. Civ-11-450-M, 2012 WL 6097122, at *1–2 (Dec. 7, 2012) ("Plaintiff, however, has presented no evidence, and has not indicated that it intends to present any evidence, that the CPSC documents were recorded or filed in a public office as authorized by law or are from the office where items of this kind are kept. In fact, the documents at issue indicate that they are only drafts. The Court, therefore, finds that based upon the record currently before the Court, the CPSC documents are not authenticated pursuant to Rule 901(b)(7).").

The certification attached to the CPSC records simply cites Federal Rule of Civil Procedure 44. *See* Exhibit 14465, at 2. While this rule of civil procedure has been

incorporated into the criminal rules, *see* Fed. R. Crim. P. 27, the requirements of the Federal Rules of Evidence cannot be "circumvent[ed]" through such citation. *See United States v. Weiland*, 420 F.3d 1062, 1072–74 (9th Cir. 2005). Accordingly, Defendant Anna Iyerusalimets has not met the requirements of Rule 902 to admit public records without a foundational witness.

Nor could she otherwise lay a sufficient foundation for this exhibit: no witness from the CPSC has been identified as a defense witness. And, even if such a public officer should be called, the CPSC witness could not sufficiently lay a foundation for the embedded hearsay offered in this new defense exhibit (*i.e.*, the truth of the consumer complaints). *See Landis v. Jarden Corp.*, 5 F. Supp. 3d 808, 814–15 (N.D. W. Va. 2014) (finding "dubious" a litigant's proposition that these types of CPSC material falls within the public records exception). The CPSC does not investigate every consumer complaint it receives. *See United States v. Spectrum Brands, Inc.*, 218 F. Supp. 3d 794, 811–13 (W.D. Wis. 2016) (discussing the CPSC investigation of a coffeemaker through a compliance officer after receiving consumer complaints as involving independent testing). Rather, any member of the public can simply log onto "SaferProducts.gov" and fill out a short questionnaire. *See, e.g.*, Exhibit 14465, at 74 (incident report summary from "consumer" who "reports that laptop computer's charger heated up overnight and melted at the base, resulting in exposed wire and high heat"); *see also* https://www.saferproducts.gov/IncidentReporting (last visited June 15, 2022).

Similar to a public bulletin board, anyone can simply write a complaint on a note and pin it to the board. Like the note, the consumer questionnaire submitted on SaferProducs.gov is classic hearsay. *See Spectrum Brands, Inc.*, 218 F. Supp. 3d at 799 n.4

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—4

("As the government points out, the individual complaints are not offered for the truth of the matters asserted, but rather for the purpose of establishing notice, nullifying Spectrum's hearsay objections to those proposed facts.").

As of yesterday, the defense seeks to introduce a 398-page exhibit containing numerous, unsubstantiated consumer complaints between 2011 and 2021. *See* Ex. 14465 *passim*. But the complaints' existence proves nothing because the CPSC is not required to independently verify the accuracy of any complaint. Nor does the CPSC *ever* determine whether a particular item is genuine or counterfeit. Accordingly, even if the CPSC investigated the factual accuracy of every consumer complaint it received, it would not mean that the item complained about was genuine. Nor does the defense exhibit contain any substantiated investigation into these consumer complaints. In the end, the jury would be profoundly confused by this unsubstantiated, irrelevant information. *See Landis*, 5 F. Supp. 3d at 815 (excluding consumer complaints under Rule 403 as "their probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury, and undue delay occasioned by inevitable mini-trials concerning the similarity of each [reported] incidents"). Accordingly, Rule 403 likewise requires its exclusion.

For all these reasons, the Court should exclude the late-disclosed defense exhibit. The defense waited four weeks into trial to disclose this new material. This failure to disclose warrants exclusion of this irrelevant, unsubstantiated, and confusing material.

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—5

Respectfully submitted this 15th day of June, 2022.

        RAFAEL M. GONZALEZ, JR.
        ACTING UNITED STATES ATTORNEY
        BY:

        */s/ Katherine Horwitz*
        KATHERINE HORWITZ
        Assistant United States Attorney

        */s/ Christian Nafzger*
        CHRISTIAN NAFZGER
        Assistant United States Attorney

        */s/ Justin Whatcott*
        JUSTIN WHATCOTT
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—7

| |
|---|
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |

/s/ Katherine Horwitz
Assistant United States Attorney

GOVERNMENT'S MOTION TO EXCLUDE LATE-DISCLOSED AND IRRELEVANT RECORDS—8