JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' OBJECTIONS TO THE COURT'S JURY INSTRUCTION ON WIRE FRAUD** |

The Court's original, unedited wire and mail fraud instructions are correct and should be provided to the jury. If the Court adopts the defense-proposed wire fraud instruction, it will have constructively amended the indictment by adding elements to the offense after the grand jury has passed upon them. The instruction would also be inconsistent with the law of the case, the evidence presented to the jury, and would significantly prejudice the government.

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—1

There are two types of constructive amendment: (1) where "there is a complex of facts [presented at trial] distinctly different from those set forth in the charging instrument," and; (2) where "the crime charged [in the indictment] was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)); *Stirone v. United States*, 361 U.S. 212, 216 (1960).

The Court's original instruction to the jury as to the elements of wire fraud was correct. Thus, the Defendants' fundamental rights would not be prejudiced. The defense's newly proposed instruction would constructively amend the Superseding Indictment, however. The defense's suggested incorporation of the definition of "counterfeit" and "trafficking" as defined in 18 U.S.C. § 2320 would substantially alter the offense charged by the grand jury by adding elements to the offense of wire fraud as enumerated in 18 U.S.C. § 1343. *See United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (recognizing that constructive amendment "occurs when the charging terms of the indictment are altered, *either literally* or in effect, by the prosecutor or a court after the grand jury has last passed upon them"); *see* Sealed Ex. 1 (grand jury transcript articulating the three statutory elements of wire fraud). Even a defendant's consent cannot cure such error. *See Carney v. United States*, 163 F.2d 784, 788–89 (9th Cir. 1947) ("The order to amend count one of the indictment was error of the most serious kind, for the rule is that no authority exists to amend any part of the body of an indictment without reassembling the grand jury to do so ousts the court of its power to proceeds."); *United States v. Williams*, 412 F.2d 625, 627–28

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—2

(1969) ("[I]f the indictment was amended in matter of substance, . . . the consent of the accused to the amendment is not relevant.").

The defense is wrong that the inclusion of "counterfeit" in the wire-fraud charging language impacts the underlying elements of the wire fraud offense. No doubt, words such as "counterfeit" and "securities" have a separate legal meaning, but such inclusion has no bearing on the *elements* of wire fraud as delineated by Congress. See 18 U.S.C. § 1343. Including such terms in the wire fraud charges does not affect the elements of underlying offense. *See, e.g.*, Superseding Indictment, *United States v. Hussain*, No. 3:16-cr-000462, ECF 52 (N.D. Cal. May 4, 2017) (including securities within description of scheme to defraud in wire fraud charges), *with* Jury Instructions, *Hussain*, No. 3:16-cr-000462, ECF 374, at 19–20 (instructing on three elements of wire fraud without incorporating definition of securities as necessary elements of offense).

No element in the wire-fraud offense requires a finding of a spurious mark, just as it does not include the determination of whether a particular instrument qualifies as a security. *See* 18 U.S.C. § 1343; *see also United States v. Gaudin*, 515 U.S. 522–23 ("The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged."). Rather, the wire fraud offense requires a "material falsehood," which can be established through numerous charged falsehoods. *See* 18 U.S.C. § 1343. Proof of *any* charged falsehood is sufficient, even if others are ultimately not proven at trial. In those circumstances, courts simply so limit the instruction. *See United States v. Godfrey*, 787 F.3d 72, 78 (1st Cir. 2015).

The charges here explicitly included the misrepresentation of the condition of "electronic devices" as "new" as a means of violating the wire fraud statute. *See*

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—3

Superseding Indictment, ECF 210, at 5-7; *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976) (citations omitted) ("[A]n indictment is not to be read in a technical manner, but is to be construed according to common sense with an appreciation of existing realities. It must be read to include facts which are necessarily implied by the allegations made therein. Even if an essential averment in an indictment is faulty in form, if it may by fair construction be found within the text, it is sufficient."). The language in the Superseding Indictment that charges a misrepresentation as to the genuineness of the devices does not eliminate the allegation that the Defendants misrepresented the condition.

The evidence has not varied from the charges in the Superseding Indictment. The Defendants' misrepresentations of the condition of their products, *i.e.* selling a used product as new, has been proven repeatedly at trial. *See, e.g.*, Ex. 1501–1509 (Amazon Summaries showing approximately 97% of Defendants' products sold as new); Trial Tr. at 3111–3382 (Artur Pupko); Ex. 4013; 4056; 4123 (providing notice to the Defendants regarding Amazon complaints for selling used as new); Trial Tr. at 2430–50 (testimony of Ed Teders that he purchased a "new iPhone" for his 15-year-old son, but received a used product); Trial Tr. at 3598-3530 (Igor Bukhantsov); Trial Tr. at 3531–97 (Nik N. Bukhantsov); Trial Tr. at 4283–4350 (Nik P. Bukhantsov) (all testifying that they sold almost all products as new despite knowing they were used). Today, Peter Babichenko testified that he purchased *refurbished* phones from China and chose to list them as *new*.

Instructing the jury that it must find the Defendants' misrepresentations related solely to the genuineness of "counterfeit" goods and eliminating the misrepresentations of the condition of the products as new is contrary to explicit language in the Superseding Indictment and the evidence presented to the jury. To reach this conclusion, entire

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—4

paragraphs of the indictment must be ignored.  *See* Superseding Indictment, ECF 210 ¶¶ 14, 15, 16, 17, and 18(b) (listing the misrepresentation as "genuine and new"); ¶ 18(c) (listing the manner and means as "misrepresenting the genuineness, quality, and *condition* of the electronic devices").  The explicit inclusion of this misrepresentation in the Superseding Indictment here stands in contrast to the facts in *Jeffers* where the Ninth Circuit found that the indictment failed to include *any* allegation that "betting on the dogs could not be a religious purpose or that it was not a religious purpose in this case."  *See Jeffers v. United States*, 392 F.2d 749, 751 (1968) ("While the government may very well have intended this latter fraudulent representation or scheme to defraud as the basis of the charges made in the indictment, the fact remains that it did not so charge.").

      The proposed instruction would unduly narrow the case in a way that hinders the truth-finding mission of trial and would prejudice the Government.  The wire fraud charges address the Defendants' frequent and obvious misrepresentations that their products were genuine *and new* to their customers.  Requiring the jury to find that the products were counterfeit in order to find a misrepresentation would remove the charged misrepresentation of the condition as "new" from the wire fraud scheme.  Not only is this contrary to the language in the Superseding Indictment, it is contrary to the evidence presented to the jury.

      The evidence has overwhelmingly shown that the Defendants knew their products were used, yet repeatedly represented them as new to their customers.  The jury has heard that customers complained that the items were not new, that Amazon suspended accounts for selling used products as new, and that the Defendants' employees quit because they felt that selling used products as new was unethical.  The evidence has shown that the Defendants deceived their customers regarding the condition of their products as new in

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—5

order to make a larger profit. This is prima facie evidence of intent to defraud and is charged in the Superseding Indictment as a means of committing wire fraud.

Knowing this, the Defendants ask this Court to eliminate a charged theory of guilt for which they have no defense. Eliminating the misrepresentation of the condition of the goods as "new" as a theory of guilt for wire fraud essentially renders the overwhelming evidence of this misrepresentation meaningless. The Court should not instruct the jury in a way that is contrary to the evidence presented.

Finally, the jury instructions provided in the first trial are law of the case—regardless of whether the defendants objected to them in the first trial. *See Jabat, Inc. v. Smith,* 201 F.3d 852 (7th Cir. 2000) ("When parties do not object to jury instructions, these instructions generally become the law of the case."). The government prepared its case-in-chief in reliance upon the Court's instructions in the first trial and has presented proof beyond a reasonable doubt that the defendants misrepresented the condition of their products as new to their customers.

Any concern about appellate review of the jury's determination of the means of committing wire fraud can be addressed by a special verdict form. Thus, the Government requests the Court provide a special verdict form that requires a jury determination regarding the misrepresentation—as to genuineness or condition—for both the wire fraud conspiracy and the substantive wire and mail fraud counts.

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—6

## Conclusion

The Government indicted the Defendants for wire fraud based on misrepresenting "electronic devices" as "new" and has proven this fact beyond a reasonable doubt during trial. The Ninth Circuit pattern instruction and the Court's previous instructions are correct and should be given to the jury.

Respectfully submitted this 14th day of July, 2022.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

 */s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

 */s/ Christian Nafzger*
CHRISTIAN NAFZGER
Assistant United States Attorney

 */s/ Justin Whatcott*
JUSTIN WHATCOTT
Assistant United States Attorney

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |

GOVERNMENT'S RESPONSE TO DEFENDANT'S WIRE FRAUD INSTRUCTION—8

| |
|---|
| MELISSA WINBERG<br>702 W. Idaho Street, Ste. 1000<br>Boise, ID 83702<br>Melissa_Winberg@fd.org<br>*Attorney for Anna Iyerusalimets* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |

/s/ *Katherine Horwitz*
Assistant United States Attorney