John C. DeFranco
Ellsworth, Kallas & DeFranco, PLLC
Idaho State Bar No. 4953
9169 W. State Street #1367
Garden City, ID 83714
(208) 854-8009
jcd@greyhawklaw.com

Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
barrylfp@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　Defendants. | CASE NO. CR-18-00258-BLW<br><br>DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING CONSTRUCTIVE AMENDMENT OF FRAUD COUNTS[1] |

"[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 215–16 (1960);

---

[1] This brief is filed on behalf of Pavel Babichenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

U.S. CONST. amend V. The only exceptions to this rule are the striking of mere surplusage or the correction of obvious clerical errors. *See United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir. 1983). Neither the Fifth Amendment nor the case law interpreting it allows a district court to amend the indictment if it concludes the amendment is not prejudicial. *See id.*; *Adamson*, 291 F.3d at 615. Prejudice is only relevant on appeal, and only if the court concludes there was a variance as opposed to a constructive amendment. *See Adamson*, 291 F.3d at 615.

The allegation that the defendants engaged in a scheme to defraud consumers by selling *counterfeit goods* as new and genuine is not a clerical error nor is it mere surplusage. *See United States v. Yefsky*, 994 F.2d 885, 893 (1st Cir. 1993) ("'Where guilt depends so crucially upon such *a specific identification of fact,* our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute.' We think a mail fraud conspiracy depends so crucially on the underlying fraud that the fraud also must be specified in the applicable count.") (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962) (discussing the sufficiency of the indictment under the Fifth Amendment)); *United States v. Hess*, 124 U.S. 483, 488–89 (1888) ("The essential requirements, indeed all the particulars, constituting the offense of devising a scheme to defraud, are wanting. *Such particulars are matters of substance, and not of form, and their omission is not aided or cured by the verdict.*") (emphasis added). Instead, it is the heart of the alleged scheme to defraud. If the jury instructions do not limit the government to that theory, and instead allow the jury to find guilt based on the uncharged theory that the defendants committed fraud by selling genuine but used or refurbished goods as new, the jury instructions will have created to a constructive amendment. The following cases show as much:

- *United States v. Adamson*, 291 F.3d 606, 615–16 (9th Cir. 2002), which found a fatal variance in a fraud case where "there was clearly a divergence between the misrepresentation specific in the indictment and the misrepresentation shown at trial. Although the indictment charged the defendant with misrepresenting the fact that *the servers had been upgraded*, the court's

instructions allowed the jury to convict the defendant of wire fraud if it found that the defendant had misrepresented *how the servers had been upgraded*." (Emphases added).

- *Jeffers v. United States*, 392 F.2d 749, 751–52 (9th Cir. 1968), which found a fatal variance in a fraud case where the indictment charged that donations from followers of a religious group were used for *non-religious purposes*, but the evidence showed only that the money was used in ways *contrary to the representations made when collecting it*. It explained, "[w]hile the government may very well have intended this latter fraudulent representation or scheme to defraud as the basis of the charges made in the indictment, the fact remains that it did not so charge." *Id.* at 752.

- *United States v. Smolar*, 557 F.2d 13, 17–18 (1st Cir. 1977), which found a fatal variance because the indictment charged Smolar with defrauding shareholders by causing them to purchase "unregistered Logic Corporation warrants, *having little, if any, value* at a price of approximately $29,400," and the court instructed the jury it could convict if "it was a scheme to get cash out of the fund [without] any real regard being given to whether this was for the benefit of the fund or not." (Emphasis added). The court rejected the government's "mere surplusage" argument: "Even assuming that the instruction does describe an offense under the statute, it is a significantly different offense from the one charged in the indictment." *Id.*

- *Stirone v. United States*, 361 U.S. 212, 217–18 (1960), which found a constructive amendment where the grand jury found Stirone had violated the Hobbs Act by interfering with the interstate *importation of sand*, but the court allowed evidence of, and instructed the jury it could convict for, his interference with the interstate *exportation of steel*.

- *United States v. Choy*, 309 F.3d 602, 607 (9th Cir. 2002), which found a fatal variance because: "The grand jury indicted Choy for giving 'a thing of value (to wit, $5,000)' *to a public official*. The "thing of value" given to a public official is an element of the bribery charge. Choy was convicted, however, on the theory that giving the $5,000 *to a private individual* indirectly conferred value—the opportunity to receive bribes in the future—on a public official." (Emphases added, citation omitted).

- *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014), holding that the district court constructively amended the indictment because Ward was indicted for aggravated identity theft as to *two named individuals*, the jury heard testimony that Ward also victimized the other individuals, and the court instructed the jury that it could convict Ward "if he stole the identity of '*a real person*,' without further specificity."

"[W]hen conduct necessary to satisfy an element of the offense is charged in the indictment and the government's proof at trial includes uncharged conduct that would satisfy the same element, we need some way of assuring that the jury convicted the defendant based solely on the conduct actually charged in the indictment." *Ward*, at 1191. The Court must instruct the jury that, to find

Defendants' Supplemental Brief Regarding Constructive Amendment of Fraud Counts        3

the Defendants guilty of any of the fraud charges, it must first conclude that the goods at issue were counterfeit.

Dated 14th day of July 2022.

_____/s/_____
John C. DeFranco

CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2022 I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Joshua D. Hurwit
Justin D. Whatcott
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov
Joshua.hurwit@usdoj.gov
Justin.whatcott@usdoj.gov

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com

Mike French
BARTLETT & FRENCH PLLP
1002 W. Franklin St.
Boise, Idaho 83702
mike@bartlettfrench.com
*Attorneys for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com

Bradley Calbo
124 Main Avenue N., Suite 200
P.O. Box 83303-1233
balbo@magicvalleylegal.com
*Attorneys for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501

Boise, ID 83705
greg@idahoappeals.com

Jay J Kiiha
5700 East Franklin Road, Ste. 200
Nampa, Idaho 83687
jkiiha@whitepeterson.com
*Attorneys for Kristina Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com

Brian Pugh
Assistant Federal Public Defender
Las Vegas, Nevada
Brian_Pugh@fd.org
*Attorneys for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com

Craig Durham
223 N. 6th Street, Suite 325
Boise, ID 83702
chd@fergusondurham.com
*Attorneys for Mikhail Iyerusalimets*

/s/ John DeFranco