JOSHUA D. HURWIT
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
JUSTIN WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEYS
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>DAVID BIBIKOV,<br>MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**GOVERNMENT'S MOTION FOR RESTRAINT OF PROPERTY AS TO DEFENDANTS PAVEL, PIOTR, AND TIM BABICHENKO** |

The Government moves this Court to restrain Pavel, Piotr, and Tim Babichenko from disposing of assets above $1,500 pursuant to the All Writs Act. In light of these Defendants' substantial current assets, their history of disposing of assets—including overseas—and the anticipated forfeiture and restitution awards, the Court must restrain the Defendants' dissipation of assets to ensure payment of these judgments.

## I.     Background

Recently, the Government obtained additional bank records for two Sahara Case bank accounts held by Pavel, Piotr, and Tim Babichenko. In just those two accounts, these Defendants received $10,135,676.17 in deposits between January 2021 and December 2022.[1] *See* Ex. 1 (showing total deposits into Sahara Case JP Morgan Chase account 2050 ("JPMC") and Washington Trust account 1018 ("WTB")). Specifically, the following deposits were made into these two accounts:

| Account | Month of Deposits | Total Monthly Deposits |
| --- | --- | --- |
| JP Morgan Chase 2050 | Jan 2021 | $796,847.59 |
| JP Morgan Chase 2050 | Feb 2021 | $397,793.54 |
| JP Morgan Chase 2050 | Mar 2021 | $373,143.82 |
| JP Morgan Chase 2050 | Apr 2021 | $358,183.79 |
| JP Morgan Chase 2050 | May 2021 | $325,064.12 |
| JP Morgan Chase 2050 | Jun 2021 | $361,652.75 |
| JP Morgan Chase 2050 | Jul 2021 | $302,029.87 |
| JP Morgan Chase 2050 | Aug 2021 | $347,114.09 |
| JP Morgan Chase 2050 | Sep 2021 | $340,368.12 |
| JP Morgan Chase 2050 | Oct 2021 | $286,278.88 |
| JP Morgan Chase 2050 | Nov 2021 | $385,001.95 |
| JP Morgan Chase 2050 | Dec 2021 | $510,887.46 |
| JP Morgan Chase 2050 | Jan 2022 | $1,103,326.85 |
| JP Morgan Chase 2050 | Feb 2022 | $451,002.48 |
| JP Morgan Chase 2050 | Mar 2022 | $438,335.23 |
| JP Morgan Chase 2050 | Apr 2022 | $339,197.89 |
| JP Morgan Chase 2050 | May 2022 | $417,280.67 |
| JP Morgan Chase 2050 | Jun 2022 | $378,571.85 |
| JP Morgan Chase 2050 | Jul 2022 | $315,721.24 |
| JP Morgan Chase 2050 | Aug 2022 | $361,147.04 |
| JP Morgan Chase 2050 | Sep 2022 | $278,014.88 |

---

[1]     The Government also respectfully requests that the Court unseal the financial affidavits submitted on behalf of these Defendants to the Court. *See United States v. Hyde*, 208 F. Supp. 2d 1052, 1054 (N.D. Cal. 2002); *see also United States v. Kodzis*, 255 F. Supp. 2d 1140, 1144 (S.D. Cal. 2003) (recognizing that "the government . . . has an interest and responsibility to bring to the Court's attention any possible misuse or waste of public funds").

| Washington Trust 1018 | Oct 2022 | $184,288.47 |
|---|---|---|
| Washington Trust 1018 | Nov 2022 | $164,376.16 |
| Washington Trust 1018 | Dec 2022 | $481,197.02 |
| **TOTAL DEPOSITS** | | **$10,135,676.17** |

*See id.* Moreover, out of these deposits, $2,181,021.85 went to Pavel, Piotr, and Tim Babichenko. *See* Ex. 2 (showing transfers to "Persons" from JP Morgan Chase 2050 and Washington Trust 1018).

## II. Legal Framework

Currently, the Government moves this Court to restrain the dissipation of assets held by Pavel, Piotr, and Tim Babichenko pursuant to its authority under the All Writs Act. In addition to this mechanism, the Government anticipates moving for the same relief under the Federal Debt Collection Procedures Act.

### A. Pursuant to the All Writs Act, the Court has authority to freeze a convicted defendant's assets to ensure collection of debts owed.

The All Writs Act outlines that the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Employing this flexible statutory authority, courts have ordered a convicted defendant—who has not yet been sentenced—not to dispose of his assets. *See United States v. Catoggio,* 698 F.3d 64, 67–68 (2d Cir. 2012) (collecting cases and noting "courts in this Circuit and beyond have uniformly" concluded that a sentencing court has authority under the All Writs Act to restrain a convicted defendant's property in anticipation of ordering restitution); *see also United States v. Johnson*, Nos. 20-30051, 21-30138, 21-30157, 2022 WL 1315305, at 2* (9th Cir. May 3, 2022) (affirming district court's order to preserve assets for restitution pursuant to All Writs Act) (citing *Catoggio*, 698 F.3d at 67–68). In so doing, courts have reasoned:

GOVERNMENT'S MOTION TO RESTRAIN PROPERTY—3

If a trial court does not have authority to order a defendant, post-conviction but prior to sentencing, not to dispose of his assets, then the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation. In effect, the court's inability to prevent a convicted defendant from disposing of his assets prior to sentencing would create a situation in which it would only make sense for, and legal counsel would so advise, any defendant with assets to "dispose of" or transfer them for "safekeeping."

*United States v. Gates*, 777 F. Supp. 1294, 1295 n.7 (E.D. Va. 1991).

> **B.     The Federal Debt Collection Procedures Act is another statutory tool to encumber property pending an order for a criminal restitution debt owed to the United States.**

The Federal Debt Collection Procedures Act of 1990 (FDCPA), 28 U.S.C. §§ 3001–3308, establishes the "exclusive civil procedure for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." 28 U.S.C. §§ 3001(a)(1), 3002(3)(B). The FDCPA "'give[s] the Justice Department uniform Federal procedures—pre-judgment remedies and post-judgment remedies—to collect debts owed the United States nationwide.'" *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (quoting H.R. Rep. No. 103-883, at 81 (1995)). Accordingly, the statute—by its own terms—applies to pre- and post-judgment remedies for debts of criminal restitution, as recognized by the Ninth Circuit in *Mays*. *See id.* What is more, a separate civil action is unnecessary in criminal forfeiture proceedings because the MVRA explicitly incorporates the FDCPA's procedures into the criminal statute. *See id.* at 966.

## III.    Argument

During trial, the evidence demonstrated that Paul, Piotr, and Tim Babichenko often held many different bank accounts and used these accounts to transfer millions of dollars to themselves, coconspirators, and overseas. *See* Exs. 1250, 1252–53, 1255–57. Given these Defendants' pattern of obstruction, the Government is not confident that the funds from the latest two accounts represent the total deposits received by these Defendants during the past twenty-two-month period. Nor is it feasible for the Government to trace where all these funds were transferred.

Concerningly, Pavel Babichenko misrepresented his income to the Probation Officer. *Compare* Initial PSR, ECF 1700, ¶ 105 (Pavel Babichenko reporting to the probation office that he earned "$10,000 per month, with bonuses"), *with* Ex. 2 (showing deposits of $537,393.82 to Pavel Babichenko over a 24-month period between January 2021 and December 2022 from two bank accounts). Defendants Piotr and Tim Babichenko refused to provide any financial records to the Probation Officer. *See* Initial PSR, ECF 1703 ¶ 77 (noting possible obstruction-of-justice enhancement should Defendant Tim Babichenko "fail to prove the probation officer with the requested financial records"); Initial PSR, ECF 1702 ¶ 77 (noting possible obstruction-of-justice enhancement should Defendant Piotr Babichenko "fail to prove the probation officer with the requested financial records"). Accordingly, in light of the substantial assets held by Pavel, Piotr, and Tim Babichenko and the anticipated financial judgments at the upcoming sentencings, the Government respectfully requests that the Court order these three Defendants not to dispose of any substantial assets without leave of the Court.

## Conclusion

The Government moves the Court to restrain Defendants Paul, Piotr, and Tim Babichenko from disposing of property over $1,500 without leave of the Court.

Respectfully submitted this 7th day of February, 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

*/s/ Christian Nafzger*
CHRISTIAN NAFZGER
Assistant United States Attorney

*/s/ Justin Whatcott*
JUSTIN WHATCOTT
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 7, 2023, the foregoing GOVERNMENT'S MOTION TO RESTRAIN PROPERTY was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROBYN A. FYFFE<br>P.O. Box 5681<br>Boise, ID 83705<br>robyn@fyffelaw.com<br>*Attorney for David Bibikov* |
| ELLEN NICHOLE SMITH<br>P.O. Box 140857<br>Garden City, ID 83714<br>ellen@smithhorras.com<br>*Attorney for Mikhail Iyerusalimets* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |

/s/ *Katherine Horwitz*
Assistant United States Attorney