UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO,<br>PIOTR BABICHENKO, and<br>TIMOFEY BABICHENKO,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

Before the Court is the government's Motion for Restraint of Property as to Defendants Pavel, Piotr, and Timofey Babichenko (Dkt. 1707). For the reasons explained below, the Court will deny the motion.

## DISCUSSION

In August 2022, five of the 10 defendants named in this case were convicted of conspiring to traffic in counterfeit goods and commit wire and mail fraud, and four were convicted of individual counts of the same crimes. A sixth defendant pleaded guilty some time ago; the other four were acquitted.

The Court will sentence the convicted defendants shortly. In advance of those sentencings, the government filed a motion asking the Court to restrain three

ORDER - 1

of the defendants (Pavel, Piotr, and Timofey Babichenko) from disposing of any property over $1,500 without leave of court.

The government brings its motion under the All Writs Act, which states that the Court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).[1] The three defendants provided varying responses: Timofey and Piotr both argued that the government cannot properly restrain substitute assets that will be used to satisfy a future forfeiture order. They also argue that the government's request is overbroad because it would effectively restrain the assets of innocent third parties – their wives. For his part, Pavel Babichenko assured the Court that he has no intent of dissipating his property; he even said that "[a]lthough there is little legal authority to support the restraint of substitute assets prior to the entry of a forfeiture order," he would agree to a restraint order so long as it was set at $5,000, rather than $1,500. *Response,* Dkt. 1725, at 1-2. The government has not responded to any of these arguments; it did not file a reply brief, which leaves the Court with a sparse, incomplete briefing record.

---

[1] The government also says it "anticipates moving for the same relief under the Federal Debt Collection Procedures Act," Dkt. 1707, at 3. If the Government brings that motion, the Court will resolve it. In the meantime, the Court will restrict its focus to the stated authority underpinning this motion, which is the All Writs Act.

ORDER - 2

The Court will deny the motion. Even assuming the All Writs Act applies in this context, the Court is not persuaded that the requested order is necessary.

The government brought this motion after having recently obtained additional bank records for two Sahara Case bank accounts held by Pavel, Piotr, and Timofey Babichenko. The government reports that over $10 million was deposited into the accounts between January 2021 and December, 2022, and that roughly $2.1 million of that amount went to the three brothers. The government says it "is not confident" – based on the defendants' alleged "pattern of obstruction" – that they didn't receive additional funds during that time frame. *Mtn.,* Dkt. 1707, at 5.

As evidence of the alleged "pattern of obstruction," the government points to the trial evidence. Specifically, the governments says that "[d]uring trial, the evidence demonstrated the Pavel, Piotr, and Timofey Babichenko often held many different bank accounts and used these accounts to transfer millions of dollars to themselves, coconspirators and overseas." *Id.* The Court is familiar with that evidence, but the key takeaway was that the defendants opened several bank accounts in order to deceive Amazon so that they could keep selling phones and other electronic devices on that platform. The Court is not persuaded that evidence of this prior deceptive conduct means that the defendants now – post-conviction – are likely to dispose of assets in an effort to frustrate the government's attempts to

collect.

As further support for its motion, the government asserts that Pavel misrepresented his income to his probation officer and that Piotr and Timofey refused to provide financial records to theirs. Pavel denied making any such misrepresentations; he says the monthly salary he reported to probation was verified by his W-2 statements, and, further that he has continued to provide financial information to the probation office. And as for Timofey's and Piotr's alleged failure to provide financial records, the presentence investigation reports have since been finalized, and it appears that they provided the requested financial information. The reports indicate that they have "substantial income and business asserts." *See* Dkt. 1750, at 23; Dkt. 1752, at 22-23.

Under these circumstances, the Court will deny the motion.

## ORDER

**IT IS ORDERED that** the Government's Motion for Restraint of Property as to Defendants Pavel, Piotr, and Timofey Babichenko (Dkt. 1707) is **DENIED.**

DATED: March 19, 2023

B. Lynn Winmill
U.S. District Court Judge

ORDER - 4