UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAVEL BABICHENKO, PITOR BABICHENKO, TIMOFEY BABICHENKO, DAVID BIBIKOV, and MIKHAIL IYERUSALIMETS,<br><br>Defendants. | Case No. 1:18-cr-00258-BLW<br><br>**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND PRELIMINARY ORDER OF FORFEITURE** |

## INTRODUCTION

Before the Court is the Government's motion for preliminary order of forfeiture of substitute assets re Brazil properties (Dkt. 1887). For the reasons that follow the Court will grant the motion in part and deny the motion in part.

## BACKGROUND

This case has a long – and some would say, tortured – history that does not need to be recounted in full here. In short, several individuals were indicted in August 2018 for conspiracy to commit wire fraud, conspiracy to traffic in counterfeit goods, labels, or packaging, conspiracy to launder money, and

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 1**

individual substantive counts of the same crimes. *Indictment*, Dkt. 1. A superseding indictment followed in May 2019, which included additional charges and criminal forfeiture allegations. *Superseding Indictment*, Dkt. 210. In 2021, the case went to trial, but the jury was unable to reach a verdict as to most of the charges. The case was retried in 2022 and five defendants, Paul Babichenko, Peter Babichenko, Tim Babichenko, Mikhail Iyerusalimets, and David Bibikov, were convicted of some of the charges. Dkts. 1794, 1809, 1796, 1804, 1805.

Based on these convictions, the government moved for forfeiture money judgments as well as forfeiture of facilitating substitute property of Paul, Peter, Tim, and Mikhail. The Court granted that motion in part. *See* Dkt. 1766. The Court ordered money judgments against the defendants as well as forfeiture of facilitating property and substitute assets of Paul and Tim Babichenko. *See id.* The Court later amended that preliminary order twice based on the government's objections at sentencing and, later, to clarify the order. *See* Dkts. 1838, 1874. The government now moves for an order of forfeiture of substitute assets of Paul Babichenko, Peter Babichenko, and Tim Babichenko. *Motion*, Dkt. 1887. It seeks forfeiture of real property in Brazil so as to use the funds from the liquidation to satisfy the money judgments against the defendants. *Motion*, Dkt. 1887. The defendants oppose the motion.

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 2**

## LEGAL STANDARD

Criminal forfeiture is a mandatory part of punishment. 28 U.S.C. § 2461(c); *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005). "The Federal Rules of Criminal Procedure and 21 U.S.C. § 853 provide the procedural framework for criminal forfeiture." *United States v. 101 Houseco, LLC*, 22 F.4th 843, 845 (9th Cir. 2022). The government has the burden to show, by a preponderance of the evidence, that the property is subject to forfeiture. *United States v. Garcia-Guizar*, 160 F.3d 511, 517 (9th Cir. 1998). Generally, property may only be forfeited where there is a nexus between the property and the crime. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1149 (9th Cir. 2011).

The government may, however, seek forfeiture of non-tainted property when "the defendant's own acts or omissions caused the [tainted] property to be unavailable or diminished in value." *United States v. Valdez*, 911 F.3d 960, 965–66 (9th Cir. 2018). Section 853(p) governs the requirements for forfeiture of such "substitute assets" and "[o]n the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that. . . is substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B).

Section 853(p) directs the Court to order forfeiture of substitute property if

the directly forfeitable property cannot be located, has been transferred, sold, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty. 21 U.S.C. § 853(p)(1)(A)–(E). Under this provision, the Court may "order the forfeiture of any other property of the defendant—including untainted assets—up to the value of the directly forfeitable property." *United States v. Nejad*, 933 F.3d 1162, 1165 (9th Cir. 2019). The substitute assets need not be traceable to the criminal proceeds of the crime. *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994).

Where, as here, the government has "identifie[d] untainted property that it believes may be used to satisfy a personal money judgment, it must return to the district court and establish that the requirements of section 853(p) have been met." *Nejad*, 933 F.3d at 1166. If the requirements of § 853(p) are met, the court "may then amend the forfeiture order to include the newly identified substitute property." *Id.* (citing Fed. R. Crim. Proc. 32.2(e) and STEFAN D. CASSELLA, ASSET FORFEITURE LAW IN THE UNITED STATES 762–63 (2d ed. 2013). "Only when these procedures are followed may the government satisfy a personal money judgment from the defendant's untainted assets." *Id.* The government seeks forfeiture of the Brazil properties as substitute assets to satisfy the money judgments entered

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 4**

against Paul, Peter, and Tim. It claims the defendants sent fraud proceeds to Brazil, which is beyond the jurisdiction of the Court, and that the properties are subject to forfeiture as substitute assets. The defendants object to the forfeiture because the government has not shown that the properties are "propert[ies] of the defendant[s]." § 853(p)(2).

## ANALYSIS

The central disagreement between the government and the defendants is what the government much show, pursuant to § 853(p), to obtain a preliminary order of forfeiture. It is undisputed that the government must demonstrate that, consistent with § 853(p)(1), due to an act or omission of the defendant, the forfeitable property is unavailable. The parties disagree, however, on what, if anything, § 853(p)(2) requires the government to show. This provision states when the requirements of § 853(p)(1) are met, "the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1) as applicable." 21 § 853(p)(2). The defendants argue § 853(p)(2) requires the government to establish, by a preponderance of the evidence, that the defendants have an ownership interest in the subject property and that the government has not met this burden. The government, in contrast, argues that no showing is required for the Court to issue a

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 5**

preliminary order of forfeiture because questions of ownership are reserved for the ancillary proceeding. In the alternative, it argues it must show only that it is plausible that the defendants have an ownership interest. Only a few courts have directly addressed the government's burden under § 853(p)(2) and the Ninth Circuit is not one of them.

The defendants' argument relies heavily on a district court opinion from the Eastern District of New York, *United States v. Surgent*. No. 04-CR-364, 2009 WL 2525137 (E.D.N.Y. August 17, 2009) (abrogated on other grounds by *United States v. Awad*, 598 F.3d 76 (2d Cir. 2010)). The district court held that, to obtain a preliminary order of forfeiture, the government must "prove by a preponderance of the evidence that the substitute property it seeks to forfeit is 'property of' the defendant; *i.e.*, that the defendant has a legally cognizable interest under the applicable property law." *Id.* at *1. Looking at the plain language of § 853(p)(2) and Rule 32.2(e)(1), the *Surgent* court reasoned that the language of § 853(p)(2) stating that if any condition in § 853(p)(1) is met, the Court must order the forfeiture of "any other property of the defendant," requires a finding of ownership before issuing a preliminary order of forfeiture. *Id.* at *22.

Some courts do follow the approach exemplified by *Surgent*, requiring the government to make at least *some* showing that the property belongs to the

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 6**

defendant before issuing a preliminary order of forfeiture. *See United States v. Poulin*, 690 F. Supp. 2d 415, 431 (E.D. Vir. 2010) ("Accordingly, the Government must show: (1) that the statutory prerequisites have been met; (2) that the Defendant owns the substitute property sought, and (3) that the value of the substitute property does not exceed the money judgment."); *United States v. Wittig*, 525 F. Supp. 2d 1281, 1288 (D. Kan. 2007) ("Section 853(p) seems to require that the court find that the substitute asset belongs to the defendant before amending the order of forfeiture to include property as a substitute asset.").

That said, acceptance of this position is not universal. *See e.g.*, *United States v. Erpenbeck*, 682 F.3d 472, 480 (6th Cir. 2012) (rejecting the reasoning in *Surgent*: "[T]he opinion is so thinly reasoned it is difficult to know why the court did what it did."); *United States v. Gordon*, 710 F.3d 1124, 1167–68 (10th Cir. 2013) ("The court does not determine that a substitute asset belongs to the defendant when it includes it in the preliminary order of forfeiture; rather, the requirement in § 853(p)(2) that the substitute asset be 'property of the defendant' is satisfied by allowing third parties to contest the forfeiture of the property in the ancillary proceeding…"). As several courts have pointed out, the problem with the *Surgent* court's interpretation of § 853(p) is that it is clearly in tension with the broader scheme of criminal forfeiture. *Erpenbeck*, 682 F.3d at 480 ("At all events,

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 7**

the decision conflicts with the well-established notion that the ancillary proceeding is the sole means for third parties to assert their interest in forfeitable property.").

In general, questions of ownership are deferred to the ancillary proceeding. As explained in the notes to Rule 32.2: "[T]he ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property. This allows the court to conduct a proceeding in which all third-party claimants can participate and which ensures that the property forfeited actually belongs to the defendant." Advisory Notes to Fed. R. Crim. Proc. 32.2. Both the defendants and the *Surgent* court disregard the advisory committee notes because they argue the notes focus only on forfeiture of offense property, not substitute assets. The Court, however, does not find that the general forfeiture scheme can be so easily disregarded.

In support of their argument, the defendants point out that § 853(p)(2) permits only the forfeiture of the defendant's property. This, however, is true of § 853 generally: "21 U.S.C. § 853, acts *in personam*," meaning "it permits the forfeiture of the defendant's interest only, not the property of innocent parties." *Nava*, 404 F.3d at 1124. With this context, it seems the language in § 853(p)(2) is intended not to impose an additional requirement for forfeiture, but to subject *any* of the defendant's property—tainted and untainted—to forfeiture. *See United*

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 8**

*States v. Lazarenko*, No. 21-10225, 21-10250, 2022 WL 4127712, at *1 (9th Cir. Sept. 12, 2022); *United States v. Carroll*, 346 F.3d 744, 748 (7th Cir. 2003) ("[T]he substitute forfeiture provision of 21 U.S.C. § 853 subjects [the defendants'] every last penny to forfeiture."). The statement that only property of the defendant, and not third parties, shall be forfeited does not suggest that this section of the statute is subject to different procedures such that, contrary to all other forfeiture proceedings, ownership should be litigated before issuing a preliminary order of forfeiture.

Indeed, ensuring that only the defendant's property is forfeited is precisely the purpose of the ancillary proceeding. This proceeding exists, and is no different, for forfeiture of substitute assets. Rule Crim. P. 32.2(e)(2)(B) (stating "if a third party files a petition claiming an interest in the property, [the Court must] conduct an ancillary proceeding under Rule 32.2(c)."). The defendants' reading of § 853(p) would create redundancy: ownership is first determined with respect to the defendant before a preliminary order is issued and ownership is *again* determined at the ancillary proceeding, but only as to third parties.

Additionally, reading the statute in this manner would create an unwarranted exception to the forfeiture scheme where a defendant could contest their ownership of the property. Generally, a defendant cannot challenge a forfeiture order by

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 9**

arguing that the property to be forfeited does not belong to them. *United States v. Coffman*, 574 Fed. Appx. 541, 563 (6th Cir. 2014); *United States v. Manlapaz*, 825 Fed. Appx. 109, 117 (4th Cir. 2020) ("Fed. R. Crim. P. 32.2 provides that a defendant may not object to forfeiture on the ground that the property is owned by someone else."). Those arguments amount to "nothing more than an assertion that [the party] has a superior interest in [the property]—exactly the kind of argument that a third-party must make in an ancillary proceeding." *Erpenbeck*, 682 F.3d at 480 (6th Cir. 2012).

These limits create a catch-22 for defendants: They cannot challenge the forfeiture of a substitute asset on the basis that they do not own the property, but if they admit to owning the property, it is forfeitable. This is by design. The defendants here, attempt, to avoid this bind by arguing that the government has not shown the property belongs to them. This argument, however, has the same effect as arguing the defendants do not own the property or that someone else does. Indeed, the defendants recognize this: "[I]f the government does not have to show that the Brazil properties are properties of the defendant *before* the preliminary order of forfeiture is granted, the defendants will have no opportunity to contest that determination later in an ancillary proceeding. This is the defendants' only forum in which to make the argument that the Brazil properties are not theirs."

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 10**

*Response*, at 7. This, however, is an argument they cannot make.

All this to say, forfeiture of substitute assets is subject to the same procedures as forfeiture of offense property—ownership is determined at the ancillary proceeding. The government does not need to establish the defendants own the substitute property before obtaining a preliminary order of forfeiture.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The government moves for a preliminary order of forfeiture of seven properties in Brazil as substitute assets.

2. Federal law provides for forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" an applicable crime. 21 U.S.C. § 853 (a)(1). When the property of the offense are the proceeds of the offense, the Court may enter a money judgment against the defendant.

3. The Court did so here. It entered a judgment of $33,708,700.30 against Paul Babichenko, a judgment of $3,316,882.40 against Peter Babichenko, a judgment of $9,230,196.83 against Tim Babichenko, and a judgment of $953,411.95 against Mikhail Iyerusalimets. *See* Dkt. 1766.

4. When any directly forfeitable property is unavailable "as a result of any act or omission of the defendant. . . the court shall order the forfeiture of any

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 11**

other property of the defendant up to the value of" that property. 21 U.S.C. § 853(p).

5. Property is unavailable due to an act or omission of the defendant if it: (1) cannot be located; (2) has been transferred, sold, or deposited with a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value, or (5) has been commingled with other property which cannot be divided without difficulty. 21 § 853(p)(1)(A)–(E).

6. To obtain forfeiture of any substitute asset, the government must show that one of the § 853(p)(1) criteria is met. This is true even when the substitute assets will be used to satisfy a money judgment: "[O]nce the government identifies untainted property that it believes may be used to satisfy a personal money judgment, it must return to the district court and establish that the requirements of § 853(p) have been met." *United States v. Nejad*, 933 F.3d 1162, 1166 (9th Cir. 2019); *United States v. Channon*, 973 F.3d 1105, 1109–10 (10th Cir. 2020) ("[T]he government may satisfy § 853(p)'s substitute-asset requirements at the time it seeks forfeiture of the substitute assets.").

7. The Court has already determined that the government may seek substitute assets from Paul and Tim Babichenko. *See Order*, Dkt. 1838 at ¶ 54, 77, 116. In this motion, the government further argues that Paul and Tim placed

proceeds of the offense beyond the jurisdiction of this Court, thus satisfying § 853(p)(1), by sending substantial amounts of money to Brazil. *See Motion* at 3–6; Trial 1, Gov. Exs. 1244-3 & 1244-4. Because these funds were sent to Brazil, which is outside the jurisdiction of this Court, the Court agrees that the government may seek substitute assets from Paul and Tim Babichenko.

8. The government, however, does not submit any evidence that any other defendant sent fraud proceeds beyond the jurisdiction of this Court or that any other § 853(p)(1) criteria is met. Even where a defendant has an outstanding money judgment against them, the government must still make this showing under § 853(p)(1). *Nejad*, 933 F.3d at 1166; *United States v. Johnson*, No. 1:22-cr-00016-MR-WCM, 2023 WL 5811532, at *1 (W.D.N.C. September 7, 2023) ("Once a forfeiture money judgment is entered, the Court has the authority to order the forfeiture of substitute assets to satisfy a forfeiture money judgment, provided that the Government satisfies the substitute property provisions.")

9. Section 853(p) is "the sole provision of § 853 that permits the Government to confiscate property untainted by the crime." *Honeycutt v. United States*, 581 U.S. 443, 452 (2017). This provision "authorize[s] the government to confiscate assets only from the defendant who initially acquired the property

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 13**

and who bears responsibility for its dissipation." *Id.* Here, the Government has only shown that Paul and Tim caused the forfeitable assets—here, proceeds—to dissipate. As such, forfeiture of their interests in the subject properties is warranted, but not those of any other defendant.

10. Additionally, as discussed in more depth above, the government does not need to show that either Paul or Tim have an ownership interest in the subject properties because ownership issues are reserved for the ancillary proceeding. *United States v. Gordon*, 710 F.3d 1124, 1167–68 (10th Cir. 2013).

11. Paul's and Tim's interests in the subject properties are forfeitable as substitute assets.

## ORDER

IT IS ORDERED that:

1. The Court amends its preliminary order of forfeiture to include the forfeiture of the following property as substitute property:

    a. Babichenko 171 – Rua Julieta Cordeiro de Medeiros nº 171 – Paratibe – João Pessoa/PB;

    b. Babichenko II – Rua Julieta Cordeiro de Medeiros nº 161 – Paratibe – João Pessoa/PB;

    c. Babichenko III – Rua Julieta Cordeiro de Medeiros nº 141 – Paratibe

      – João Pessoa/PB;

  d.  Babichenko IV – Rua Julieta Cordeiro de Medeiros s/n – Paratibe – João Pessoa/PB;

  e.  Babichenko V – Rua Oscar Lopes Machado 251 – Paratibe – João Pessoa/PB;

  f.  Babichenko VI – Rua João Goncalves Ribeiro nº 105 – Planalto Boa Esperanca João Pessoa/PB; and

  g.  Babichenko VII – Rua João Roberto de Lima nº 104 – Planalto Goa Esperanca – João Pessoa/PB.

2. The Court further orders that the value of the subject properties be credited towards the money judgments for each defendant in proportion to their interest in the subject properties.

3. The United States Attorney General, its designee, or the government of Brazil may immediately seize and/or retain the above-described property and assist the United States in disposing of it according to law once a final order of forfeiture is issued.

4. The Government shall provide the defendants with an accounting of the amount credited toward each money judgment.

5. The United States is further authorized, pursuant to Fed. R. Crim. P.

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 15**

32.2(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate, or dispose of the property ordered forfeited herein and (2) to expedite ancillary proceedings related to any third-party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

DATED: April 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

**THIRD AMENDED FINDINGS OF FACT, CONCLUSIONS OF LAW & ORDER - 16**